UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 8:23-CV-00416 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GENERAL DYNAMICS CORPORATION and DOW CHEMICAL COMPANY, | ) ) ) | **THE DOW CHEMICAL COMPANY'S ANSWER, DEFENSES, AND COUNTERCLAIM** |
| Defendants. | ) ) ) | |
| THE DOW CHEMICAL COMPANY, | ) ) | |
| Counter-Claimant, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Counter-Defendant. | ) ) | |

Defendant, The Dow Chemical Company ("Dow"), by its attorneys, answers the United States' Complaint upon information and belief and as set forth below. To the extent the Complaint makes allegations against "Defendants" without identifying a specific Defendant, Dow answers only as the allegation pertains to it, and denies knowledge or information sufficient to form a belief about the truth of allegations pertaining to any other Defendant. The allegations in the Complaint relate to activities that occurred or are alleged to have occurred decades ago, and as such, Dow's investigation continues. Thus, Dow's Answer is based on the knowledge or information available to it at this time.

# ANSWER

## INTRODUCTION

1. Dow admits only that this is a civil action purportedly brought under Sections 107(a) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 are legal conclusions to which no response is required.

3. The allegations in Paragraph 3 are legal conclusions to which no response is required.

## DEFENDANTS

4. The allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 4.

## BACKGROUND

5. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. Dow admits only that TCE was used at the Site at the direction of the United States. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegation that TCE was disposed of by and/or under the direction of General Dynamics and Dow. Dow denies the remaining allegations in Paragraph 13.

14. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. Dow admits only that TCE was used at the Site at the direction of the United States. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegation that TCE was disposed of by General Dynamics' employees and subcontractors, including Dow. Dow denies the remaining allegations in Paragraph 17.

18. Dow admits only that, at the direction of the United States, Dow Industrial Services performed work and furnished TCE at the Site. Dow states that the remaining allegations in Paragraph 18 are vague and ambiguous and, on that basis, denies them.

19. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

**RESPONSE ACTIONS TAKEN AT THE SITE**

21. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. As the allegations in Paragraph 25 appear to characterize the Record of Decision for OU2, Dow refers to that document, which speaks for itself, and denies any allegations in Paragraph 25 that are inconsistent therewith. Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

26. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. Dow lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

## LAW GOVERNING THE UNITED STATES' CLAIMS UNDER CERCLA

28. The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 29.

## GENERAL ALLEGATIONS

30. The allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 30.

31. The allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 33.

34. The allegations in the second sentence of Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Dow denies those allegations in Paragraph 34. Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34.

## DEFENDANTS' CERCLA LIABILITY

35. Dow restates and realleges its responses to Paragraphs 1-34 as if fully set forth herein.

36. Dow admits only that General Dynamics and Dow Industrial Services, as a subcontractor for General Dynamics, performed work at the Site, and that TCE was used at the Site at the direction of the United States. Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36.

37. Dow admits only that TCE was used at the Site at the direction of the United States. The allegations in the final sentence of Paragraph 37 are legal conclusions to which no response is required. Dow lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37.

38. The allegations in Paragraph 38 are legal conclusions to which no response is required.

**FIRST CLAIM FOR RELIEF**
**Section 107(a) of CERCLA**

39. Dow restates and realleges its responses to Paragraphs 1-38 as if fully set forth herein.

40. Dow denies the allegations in Paragraph 40.

41. Dow denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 are legal conclusions to which no response is required. To the extent a response is required, Dow denies the allegations in Paragraph 42.

**SECOND CLAIM FOR RELIEF**
**Declaratory Judgment Under Section 113(g) of CERCLA**

43. Dow restates and realleges its responses to Paragraphs 1-42 as if fully set forth herein.

44. Dow denies the allegations in Paragraph 44.

**REQUEST FOR RELIEF**

The allegations in the United States' prayer for relief and all of its subparts are denied.

## GENERAL DENIAL

Each and every allegation not specifically admitted herein is denied.

## **DEFENSES**

Without prejudice to the denials set forth herein, and without assuming any burden of proof that Dow would not otherwise bear, Dow asserts the following defenses:

1. The United States has failed to state a claim upon which relief can be granted.

2. The United States' claims are barred in whole or in part by Section 107(b) of CERCLA because the acts or omissions of third parties over whom Dow had no control and with whom Dow had no contractual relationship were the sole cause of the alleged contamination at issue, and Dow exercised due care in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of third parties.

3. The United States' claims are barred in whole or in part because any alleged contamination at the Site attributable to Dow is divisible from other contamination at the Site, there is a reasonable basis for apportioning the harm, and Dow is not liable for costs relating to that other contamination.

4. The United States' claims are barred because having managed, directed and controlled the conduct in question, the United States has unclean hands and in equity should bear the full cost of any required cleanup.

5. The United States' claims are barred, in whole or part, by the applicable statute of limitations, Section 113(g)(2) of CERCLA.

6. The United States is barred from recovering response costs to the extent such costs were incurred in a manner that is inconsistent with the National Contingency Plan.

7. The United States' claims are barred in whole or in part by virtue of the United States' status as a liable party under CERCLA because the United States is or was the owner, operator, and/or arranger of the Site, as those terms are defined by CERCLA, or also is otherwise liable under CERCLA for causing or contributing to releases of hazardous substances, and as such is itself liable for a portion or all response costs to the extent any such response costs are incurred to remediate the Site.

8. The United States' claims are barred in whole or in part pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution since Dow was not provided with contemporaneous notice of the United States' alleged activities at the Site or an opportunity to participate in the development of the administrative record.

9. Dow incorporates by reference all applicable defenses set forth in the answer of any other Defendant.

10. Dow reserves the right to assert additional affirmative defenses after it conducts discovery in this matter.

## THE DOW CHEMICAL COMPANY'S COUNTERCLAIM

The Dow Chemical Company ("Dow" or "Counter-Plaintiff"), by and through its undersigned counsel, asserts the following counterclaim against the United States of America (the "United States" or "Counter-Defendant"):

### THE PARTIES

1. Counter-Plaintiff is a corporation organized in the State of Delaware whose principal place of business is Midland, Michigan. Dow Industrial Services, Inc. was a subsidiary of Dow and supported the critical work commissioned by the United States at the former Nebraska Ordnance Plant (the "NOP" or the "Site").

8

2. Counter-Defendant is the United States of America, as well as the United States Air Force, the United States Army, and the United States Army Corps of Engineers, as federal agencies of the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Dow's CERCLA counterclaim under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 9613(b) because the alleged release and claimed damages at issue occurred within this District, the United States brought suit in this district, and the United States may be found in this district.

5. The United States has waived its sovereign immunity from CERCLA suits. 42 U.S.C. § 9620(a)(1).

## GENERAL ALLEGATIONS

**A. The United States used TCE at the NOP well before Dow had any involvement at the Site.**

6. The United States commissioned the NOP in 1941, and from 1941 to 1945, the United States produced nearly three million bombs to aid the World War II effort. In 1945, the United States decommissioned ordnance production and placed the Site on standby status. As part of this process, the United States used TCE to dismantle, clean, preserve, and place into a "deep freeze" not only ordnance equipment from the Site but also additional components from other government facilities.

7. In 1951, the United States reactivated the Site to support the Korean Conflict. Operations continued at the Site until 1956, at which time the United States placed the NOP on standby status and had the machinery cleaned and preserved. Upon information and belief,

9

the United States directed that TCE be used in conjunction with placing the NOP on standby status after the Korean Conflict.

### B. After the Cold War began, the United States directed General Dynamics' and Dow's activities at the Site.

8.  In 1959, the United States selected the NOP as the site to begin construction of the Atlas Missile Area. As part of this process, the United States utilized a number of government contractors and subcontractors, including General Dynamics and Dow Industrial Services, Inc.

9.  The United States, via the Air Force, designed the Atlas Missile infrastructure, and the United States Army Corps of Engineers constructed and installed the infrastructure. TCE was used in this process. This included the constructions of three launch and service buildings, as well as engine exhaust channels and drainage ditches that served as direct conduits to flush TCE and other chemicals that were discharged as part of the launch operations.

10. The United States was further responsible for the initial testing of the Atlas Missile's propellant loading system ("PLS"). Additionally, upon information and belief, the United States used TCE during that initial PLS testing.

11. At all times relevant to this matter, the United States required and directed that TCE be used at the Site to clean, among other things, missile components, and that spent TCE be disposed of in a manner that has caused the supposed environmental contamination on which the United States bases its claims.

### COUNTERCLAIM COUNT I: CERCLA CONTRIBUTION

12. Dow incorporates by reference, as if fully written herein, Paragraphs 1 through 11 of this Counterclaim.

13. Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)]" during or following any civil action under Section 107(a).

14. The United States is a "person" within the meaning of Section 101(H)(21) of CERCLA.

15. PRPs are defined by Section 107(a) of CERCLA as (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time when disposal of hazardous substances occurred; (3) persons who arranged for the disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. 42 U.S.C. § 9607(a)(1)-(4).

16. Based on the allegations above, the United States is an owner within the meaning of Section 107(a).

17. Based on the allegations above, the United States is an operator within the meaning of Section 107(a).

18. Based on the allegations above, the United States is an arranger within the meaning of Section 107(a).

19. The United States has filed a civil action against Dow, alleging claims under Section 107(a) for recovery of response costs, and Section 113(f) for a declaratory judgment.

20. Although Dow denies that the United States is entitled to judgment in its favor, if Dow is found liable to the United States for response costs under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), then the United States is liable to Dow for contribution as owner, operator, and arranger pursuant to Section 113(f)(1) of CERCLA.

21. Section 113(f)(1) further provides that in resolving contribution claims, a court "may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."

22. If Dow is found to have any liability, the Court should allocate responsibility for the response costs between PRPs using such equitable factors as the Court deems appropriate pursuant to Section 113(f)(1).

## REQUEST FOR RELIEF

WHEREFORE, Counter-Plaintiff Dow prays that the Court:

1. Allocate to the United States all of the response costs incurred and to be incurred at the NOP site;

2. Award court costs to Dow; and

3. Grant such other relief as the Court deems just and proper.

Dated: November 21, 2023

THE DOW CHEMICAL COMPANY, Defendant

By: ___/s/Michael L. Moran_____
    William F. Hargens (#16578)
    Michael L. Moran (#24042)
Attorneys for Defendant-Counter-Claimant
McGRATH NORTH MULLIN &
KRATZ, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone No. (402) 341-3070
whargens@mcgrathnorth.com
mmoran@mcgrathnorth.com

and

Joel A. Blanchet (*pro hac vice* forthcoming)
Jeremy M. Amar-Dolan (*pro hac vice* forthcoming)
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
jblanchet@phillipslytle.com
jamar-dolan@phillipslytle.com

and

Myles K. Bartley (*pro hac vice* forthcoming)
PHILLIPS LYTLE LLP
620 Eighth Avenue, 38th Floor
New York, New York 10018-1442
Telephone No. (212) 508-0423
mbartley@phillipslytle.com

and

Jaran R. Moten (*pro hac vice* forthcoming)
PHILLIPS LYTLE LLP
161 North Clark, Suite 1700
Chicago, Illinois 60601
Telephone No. (312) 794-7300
jmoten@phillipslytle.com

Doc #11492066

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of November 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all Participants.

/s/ Michael L. Moran