IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff and Counter-Defendant, )<br>)<br>v. )<br>)<br>GENERAL DYNAMICS CORPORATION )<br>)<br>and )<br>)<br>DOW CHEMICAL COMPANY, )<br>)<br>Defendants and Counterclaimants. )<br>_____ ) | CIVIL ACTION NO. 8:23-cv-00416 |

**PROTECTIVE ORDER**

The Parties to this matter have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1. **Definitions.**

    (a) "Discovery Material" means documents, ESI, information, or other material produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

    (b) "ESI" means electronically stored information in any form, including, but not limited to, conventional electronic documents (e.g., PDFs, spreadsheets, word processing documents), electronic mail, and the contents of databases.

    (c) "Paragraph" means a portion of this Protective Order identified by an Arabic numeral. "Subparagraph" means a portion of this Protective Order identified by a lower-case letter or a romanette (i.e., lower-case Roman numeral).

1

(d) "Party" or "Parties" means the parties to this litigation, including their counsel.

(e) "Producing Party" means: (i) a Party to this litigation, including their counsel who is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a person or their counsel who is producing documents, ESI, or other materials in response to a subpoena or production request served in connection with this action.

(f) "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, or are otherwise subject to restrictions on release under federal law, and that have been designated as subject to this Protective Order by the Producing Party.

(g) "Non-Party Protected Information" means Discovery Materials that contain information that a Party received from a non-party and that has been designated as Protected Information by the receiving Party because (i) the producing non-party has asserted that the Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure; (ii) the producing non-party has claimed that the Discovery Materials are protected from public disclosure when it submitted the materials to the Party (e.g., information in the possession, custody, or control of the United States Army Corps of Engineers or the United States Environmental Protection Agency that was designated as "Personally Identifiable Information," "Confidential Business Information," "Proprietary," "Trade Secret," "Business Confidential," or the substantial equivalent thereof and submitted pursuant to 40 C.F.R. Part 2, Subpart B, prior to the commencement of this action); or (iii) a Party has informed the producing non-party that the Discovery Materials would be protected from public disclosure by applicable federal law.

2. **Scope.** This Protective Order applies to Discovery Materials that will be exchanged by the Parties in connection with this litigation. Discovery Materials are subject to this Protective Order upon being designated as Protected Information by the Producing Party in accordance with Paragraph 3 or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 9(b). However, this Protective Order applies only to the specific copies of Discovery Materials so designated and to copies made therefrom and information derived therefrom.

3. **Designation.**

(a) If a Producing Party has a good-faith belief that certain Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party may designate such Discovery Materials as subject to this Protective Order by marking them in accordance with Paragraph 4. The grounds for designating Discovery Materials as subject to this Protective Order include, without limitation:

(i) Information prohibited from disclosure by statute, regulation, rule, or other law (e.g., national security classified information, procurement sensitive information);

(ii) Information that is subject to the requirements of the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.*;

(iii) Information that reveals trade secrets or confidential business information;

(iv) Research, technical, commercial, or financial information that has been maintained as confidential;

(v) Medical information concerning any individual;

(vi) Personally identifiable information, including, without limitation, Social Security numbers and financial information associated with individuals;

3

    (vii) Income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms;

    (viii) Personnel or employment records of an individual; or

    (ix) Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

   (b) **Use of Search Terms or Other Technology.**  The Parties of this action will require each other to review and to disclose large quantities of information and documents, including ESI, through the discovery process.  As a result, a full page-by-page preproduction review of Discovery Materials may impose an undue burden on the Parties' resources that is disproportionate to the needs of the case.  Therefore, a Producing Party may designate Discovery Materials as subject to this Protective Order based on search terms, filtering, or other method or computer technology employed to identify information that might be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure.

   (c) If the Producing Party is not a Party to this litigation, it shall provide contact information to the Parties of record by filling out Attachment B, "Contact Information for Non-Party Producing Documents Subject to Protective Order," and providing it to the Party who requested the Discovery Materials.  Within thirty (30) days of receiving a form submitted under this subparagraph, the Party who requested the Discovery Materials must serve a copy on all counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure.

   (d) Information or documents that are available to the public may not be designated as Protected Information.

(e) The Producing Party may revoke its designation of Discovery Materials as subject to this Protective Order by providing a copy that is not marked in accordance with Paragraph 4, or by having counsel of record orally withdraw the designation on the record during a deposition. The Producing Party must revoke its designation of Discovery Materials as subject to this Protective Order if it intends to use the materials in litigation and it determines that the materials do not contain Protected Information.

4. **Marking of Discovery Materials as Subject to this Protective Order.** To designate ESI, paper documents, image files, or tangible things, the Producing Party shall mark each page, image, or thing with the words "SUBJECT TO PROTECTIVE ORDER." For image files, including placeholders, these words must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

5. **Redactions.**

(a) A Producing Party may redact Protected Information in lieu of producing it subject to this Protective Order, provided that the Protected Information is not relevant to any Party's claims or defenses or that redaction of such information would be required pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.

(b) In the event that a redacted copy of a document must be filed on the public docket in support of, or in addition to, a copy filed under restricted access, the Producing Party shall prepare the redacted copy, or may approve the filing Party's redacted version, at the filing Party's request. The Producing Party must prepare the redacted copy, or approve the proposed redactions, within a reasonable period of time.

6. **Production Protocols.**

(a) In the case of Discovery Materials being produced electronically, the Producing Party shall enclose with such production a load file that includes a field that indicates which records correspond to Protected Information.

(b) Discovery Materials that are designated in accordance with Paragraph 4 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this Paragraph 6.

7. **Disclosure of Protected Information.** Except as stated in the subparagraphs below, or as otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other person.

(a) **Disclosures Pursuant to Signed Attachment.** The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below, provided that each such person signs Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." Counsel shall retain all signed acknowledgments for a period of three years after the termination of the litigation, including all appeals and need not produce such acknowledgements unless the requesting person establishes prima facie evidence of a violation of this Protective Order.

(i) Consultants, investigators, or experts used by a Party to assist in the preparation and trial of this action;

(ii) Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

    (iii) Witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Information during a deposition and for the purpose of reviewing their transcript, but may not retain a copy.

  (b) **Disclosures without Signed Attachment.** The Parties may disclose or permit the disclosure of Protected Information to persons within categories listed below without the requirement to sign Attachment A:

    (i) Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary: (A) to the conduct of the litigation in which the information is disclosed, or (B) to a federal law enforcement investigation;

    (ii) Counsel for the Parties and employees of counsel who have responsibility for this litigation (including, but not limited to, paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

    (iii) The Court and its personnel;

    (iv) Court reporters and recorders engaged for depositions;

    (v) The author or recipient of the document (not including a person who received the document in the course of litigation); and

    (vi) Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

8. **Use of Protected Information.** Except as stated below, neither the Parties nor any third party contemplated by Paragraph 7 of this Protective Order shall use Protected Information for any purpose other than this litigation or settlement discussions regarding this litigation.

(a) The Parties may use Protected Information as authorized by an order of this Court.

(b) The United States may use Protected Information for law enforcement purposes as required by law or by federal regulation and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies as required by law or by federal regulation.

9. **Procedures Regarding Protected Information.**

(a) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

(b) **Depositions.**

(i) All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until thirty (30) days after the transcript is delivered in final form to each Party that has ordered a copy, unless the Parties in attendance at the deposition agree, on the record or in writing, to a different time period. For purposes of this subparagraph, "final form" of a deposition transcript shall mean the form after the deponent has had an opportunity to review and provide any corrections, and no further changes are reasonably anticipated.

(ii) Prior to the expiration of the time period provided in Paragraph 9(b)(i), any Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information. After the time period provided in Paragraph 9(b)(i) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court. Notwithstanding the foregoing, deposition testimony related to Non-Party Protected

8

Information as provided in Paragraph 1(g) may be designated as Protected Information regardless of the time period provided in Paragraph 9(b)(i).

(iii) Notwithstanding anything to the contrary in this Paragraph 9(b), a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 7(a)(iii).

(c) **Docket Filings**. All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Discovery Material designated as "SUBJECT TO PROTECTIVE ORDER" shall be provisionally filed under restricted access with the filing Party's motion for leave to file restricted access documents. *See* NECivR 5.3(c). A Party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

(d) **Use of Protected Information at Trial or Hearing.** A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information.

10. **Inadvertent Failure to Designate.** Except as provided in Paragraph 9(b) for deposition testimony, an inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Protective Order, and the Producing

Party shall provide replacement documents marked in accordance with Paragraph 4. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information. If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure. Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information. If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

11. **Inadvertent Disclosure of Protected Information.** If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, that Party must make reasonable efforts to (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iii) retrieve all unauthorized copies of the Protected Information. A Party that complies with the terms of this Paragraph 11 promptly after learning of an inadvertent disclosure of Protected Information will be deemed in compliance with the requirements of this Protective Order, the Privacy Act, the Procurement Integrity Act, the Trade Secrets Act, and any other applicable federal law that restricts the release of information subject to this Paragraph 11.

12. **Non-Waiver of Attorney-Client Privilege and Work Product Protection.** The terms regarding Non-Waiver of Attorney-Client Privilege and Work Product Protection are set forth

in the Parties' Discovery Order and are hereby incorporated here by reference with the same force and effect as though fully set forth herein.

13. **Challenges to Designations.** The designation of any Discovery Materials as Protected Information, including the redaction or proposed redaction of purported Protected Information in Discovery Materials, is subject to challenge by any Party, as follows.

(a) **Meet and Confer.** A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within fourteen (14) business days, except as provided in Paragraph 13(b).

(b) **Challenges to Designations of Non-Party Protected Information.** If a Party challenges the designation of Non-Party Protected Information, the designating Party must respond to the challenge within forty-five (45) business days. During this time period the designating Party may notify or make reasonable efforts to notify the non-party that submitted the information to the designating Party. The non-party shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in Paragraph 13(a).

(c) **Judicial Resolution.** If, after satisfying the requirements of Paragraph 13(a) of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 13(a) of this Protective Order.

The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided, however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Protected Information under the terms of this Protective Order.

14. **Effect of this Protective Order.**

(a) The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 ("HIPAA") implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b) Except on privilege grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

(c) Nothing in this Protective Order prohibits a Party from using or disclosing, for purposes other than this litigation, documents or information that the Party obtained outside of this litigation.

(d) Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

(e) Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of

the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Documents Requested or Demanded by Non-Parties.**

(a) If any Party is served with a discovery request issued in other litigation that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request, must, within ten days of determining that the request seeks Protected Information:

(i) Notify the Producing Party and provide a copy of the request; and

(ii) Inform the person responsible for the discovery request of this Protective Order, and provide them with copy of this Protective Order.

(b) The Parties shall not produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court.

(c) If the United States withholds Protected Information from its response to a FOIA request and the Party making the FOIA request subsequently files an action or motion in court challenging that withholding, the United States shall, as soon as practicable, provide notice to the Producing Party of service of the action or motion.

(d) Nothing in this Protective Order prohibits a Party from filing a motion with this Court seeking modification of this Order to allow the disclosure of Protected Information. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

16. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Protective Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 *et seq.*, and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy Protected Information, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information; and (2) one complete set of all documents filed with the Court, including those filed under restricted access. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this Protective Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(d) **Retention of Law Enforcement Documents.** Notwithstanding the above requirements to return or destroy Protected Information, law enforcement agencies may retain Protected Information in use for law enforcement purposes pursuant to Paragraph 8(b), only to the extent required by applicable laws and regulations.

17. **Order Subject to Modification.** This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

18. **Effect of Local and Federal Rules.** This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

19. **Sensitive or Classified Information.** This Protective Order does not encompass the procedures under which access to United States sensitive, export-controlled, or government classified information will be permitted. Access to any United States sensitive, export-controlled, or government classified information shall be determined in accordance with existing law.

SO ORDERED this 23rd day of February, 2024,

_____
Michael D. Nelson
United States Magistrate Judge

15

*United States of America v. General Dynamics Corporation and Dow Chemical Company*

U.S. District Court for the District of Nebraska
Civil Action No. 8:23-cv-00416

**ATTACHMENT A:**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action (ECF No. \_\_\_\_) and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nebraska in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Phone: _____

Email: _____

Date: _____

Signature: _____

*United States of America v. General Dynamics Corporation and Dow Chemical Company*

U.S. District Court for the District of Nebraska
Civil Action No. 8:23-cv-00416

**ATTACHMENT B:**

**CONTACT INFORMATION FOR NON-PARTY PRODUCING DOCUMENTS SUBJECT TO PROTECTIVE ORDER**

On _____ , the Court entered the Protective Order in the above-captioned action (ECF No. \_\_\_\_). The person identified below is not a Party to this action but is a "Producing Party" within the meaning of the Protective Order. In accordance with the terms of the Protective Order, the contact information for this "Producing Non-Party" is as follows:

Party Requesting Documents: _____
Producing Non-Party: _____
Contact Person: _____
Mailing Address: _____
_____
Phone: _____
Email: _____

This contact information is being provided to the Party requesting documents from the Producing Non-Party. This Party must, under the terms of the Protective Order, serve a copy of this form on all counsel of record pursuant to Rule 5 of the Federal Rules of Civil Procedure. The contact information for the Producing Non-Party may be changed at any time by submitting new information using this form to the Party who requested documents from the Producing Non-Party.