IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Counter Defendant,<br><br>v.<br><br>GENERAL DYNAMICS CORPORATION AND DOW CHEMICAL COMPANY,<br><br>    Defendants/Counter Claimants. | Civil Action No. 8:23-cv-00416 |

**JOINT STATUS REPORT**

Plaintiff, the United States of America, and Defendants, General Dynamics Corporation (GD) and Dow Chemical Company, provide this joint status report regarding the production of classified documents in the above-captioned Action, as required by the Court's July 25, 2025 minute entry (ECF No. 355).

Since the parties' last joint status report on this issue filed July 23, 2025 (ECF No. 353), the parties met and conferred on August 20, 2025. The parties set forth below their respective Statements on the relevant issues.

**Plaintiff's Statement:**

The United States' team continues to work diligently to manage the declassification process and to provide Defendants with status information as it becomes available. While Defendants have asserted a lack of urgency in the United States' declassification efforts, the United States notes that staff members at DOJ, the Air Force, the Office of the Secretary of Defense (OSD), and the Department of Energy (DOE) have all been devoting significant time to this complex effort during a time of changing resources and realignment. The actual declassification efforts require personnel with appropriate clearance and necessary training, so it is not a simple

1

matter to "add more resources" to the declassification efforts. For example, the United States' litigation team was recently informed by the Air Force Declassification Office (AFDO) that by October 10, 2025, AFDO will be working with 60% staffing. Further, AFDO is unable to hire replacements for certain vacancies given the ongoing Department of Defense hiring freeze. And, even if they were able to hire, there is a steep learning curve involved in the declassification of classified documents. AFDO is not able to devote its entire staff to this case as it has separate statutory requirements that it must fulfill.

> Defendants note that they
>
> asked the Government via email whether it would be able to staff additional employees at the Government agencies, the Air Force, and/or [the National Archives and Records Administration] to help speed up review. The Government has thus far been unwilling to respond to that inquiry. This is yet another choice of the Government; it should be held accountable for its choices.

Defendants sent the referenced email on August 21 and the United States responded the same day to note that it could not meet the timeline set by Defendants (August 25) to answer the questions. The United States is working to collect the information the Defendants requested.

For consistency, the United States will again address the same three sets (or, "buckets") of classified documents referenced in the parties' prior status reports (Dkt. 353).

<u>Classified Documents Held by the Air Force (Bucket 1 Documents)</u>

The United States previously informed the Court of the unexpected passing of the lead AFDO staff member for the Air Force documents at issue in this case. Dkt. 353. The AFDO staff member who was appointed to step in and lead that office's declassification effort going forward began parental leave of approximately 90 days on or about August 20, 2025. The AFDO Director has assigned an AFDO staff member who is currently embedded at the National Archives and Records Administration (NARA) to temporarily assume the primary role for AFDO until that other

2

staff member returns from parental leave. As such, AFDO remains in a period of realignment and transition during a time of resource constraints.

The assignment of the AFDO staff member currently embedded at NARA to assume the primary role with respect to the declassification efforts for the documents in Bucket 1, along with the unexpected death, parental leave, and resulting realignment in light of resource constraints, may have impacts on the timely completion of Bucket 1 declassification efforts. The United States intends to meet and confer with Defendants and then move the Court to further extend the October 10, 2025, declassification deadline, but the United States is still trying to determine the minimum extension needed to minimize disruption to the case schedule while still allowing enough time for this sensitive, time-consuming process to continue.

Before his parental leave started, the recently assigned AFDO staff member continued to work to update the status of the agencies' declassification efforts, while also transitioning this role temporarily to the AFDO staffer currently embedded at NARA. In addition, the OSD staff continues to make progress on its declassification efforts in this case; however, it has updated its estimated completion date to mid-September 2025.

On May 14, 2025, staff at DOE confirmed they completed their declassification reviews and returned all such documents to the AFDO. However, before beginning parental leave, the assigned AFDO staff member has since identified additional documents which were inadvertently not sent to DOE. Those documents have been provided to DOE for its declassification review. DOE has confirmed receipt of these documents and has placed them in the high priority queue for review. DOE staff have an estimated target completion date for these documents of September 15,2025. Finally, the Army has 1 document of 354 pages pending its review; our understanding

is that AFDO, OSD, and the Army are communicating to confirm which agency or agencies need to review this document for declassification.

AFDO has received the one Top Secret document described in prior status report (Dkt. 353) and the United States notified GD and Dow of the same. Given the burdens associated with declassifying Top Secret documents and the likelihood that any responsive information in this document will be duplicative of general information already in the record, the United States reviewed this document to determine whether it is responsive and not substantively duplicative of information already disclosed in this matter, i.e., the same standard the Court approved with respect to Top Secret documents in Category 3. The United States reviewed the document on August 19, 2025, and determined it was duplicative to other already determined responsive information in other documents. Thus, the United States will not pursue declassification efforts for this document.

As previously reported (Dkt. 353), the United States has produced 60 formerly classified documents, comprising 9,947 pages of declassified material to Defendants.

<u>Classified Air Force Documents Held at NARA (Bucket 2 Documents)</u>

The second record collection at issue is at NARA and consists of Secret-level classified records originating with the Office of the Secretary of the Air Force.

As previously reported (Dkt. 353), the United States completed its responsiveness review and identified 18-20 inches of responsive materials.

The AFDO staff member embedded at NARA has completed the Air Force's declassification review of the responsive materials and has declassified 24 documents in full. On August 21, 2025, those 24 documents, totaling 433 pages, were produced to Defendants. That August 21 production inadvertently included numerous blank pages so the United States will re-

produce the 24 documents, which comprise 331 declassified pages without the blank pages. The remaining documents are with OSD and DOE for their declassification review process. As described above, that same embedded AFDO staff member will temporarily be managing the declassification process for documents in Bucket 1. At this time, we do not expect there to be downstream effects on Bucket 2 from this staffing arrangement given that the embedded AFDO staff member has already completed the Air Force declassification review and NARA has routed the remaining documents to other agencies, but we cannot rule it out completely.

<u>Classified Secretary of Defense Documents Held at NARA (Bucket 3 Documents)</u>

As the United States previously informed the Court (Dkt. 353), the United States has completed this review, and did not identify any responsive and not duplicative documents.

**Defendants' Statement:**

The Government continues to demonstrate a lack of urgency in complying with the Court's deadlines. In this Joint Status Report, for the first time, the Government has indicated that it intends to "move the Court to further extend the October 10, 2025, declassification deadline"—which, if it does so, will be the fourth time the Government has sought such an extension. Of note, the Government has not yet made any proposal for an extension to the Defendants or the Court. When and if the Government seeks another extension, however, Defendants assert that given the facts as known, there is no good cause for yet another extension.

As described in detail in the parties' April 17, 2025 Joint Status Report (ECF No. 311 at 10-12), GD first brought the issue of currently classified documents to the Government's attention via a letter dated January 31, 2024, and the Government agreed in March 2024 to a document production deadline in December 2024. Since that time, the Government has sought and obtained numerous extensions for production of classified documents from the Court, ultimately extending

5

the deadline for production by more than 9 months to date.  However, in total, the Government has produced only 121 documents[1] declassified for this matter, 24 of which were produced since the parties' most recent July 23, 2025 Joint Status Report (ECF No. 353), as shown in the table below.

| Production Date | Number of Documents Produced |
|---|---|
| February 19, 2025 | 9 |
| February 26, 2025 | 27 |
| April 8, 2025 | 22 |
| April 10, 2025 | 35 |
| June 6, 2025 | 3 |
| July 15, 2025 | 1[2] |
| August 21, 2025 | 24 |

These 24 documents, which will be comprised of 433 pages, are apparently the Government's first production of "Category 2" (classified documents held at the National Archives and Records Administration ("NARA")) documents.  The Government has explained that there are only 18-20 inches total of responsive material in Category 2—little more than one banker's box.  This initial production, though, is a fraction of the total responsive documents identified.

For this reason, and based on other discussions with Plaintiff, Defendants' understanding is that a significant quantity of classified documents is still under declassification review with multiple agencies.  Accordingly, Defendants are concerned that the Government has not allocated

---

[1] The Government disclosed in the July 23, 2025 Joint Status Report that it produced some individual documents in multiple parts.  (ECF No. 353.)  This number represents the number of individual files received by Defendants, and may inflate the number of "documents" as the Government defines them.

[2] In this production, the Government also re-produced a classified document that it had produced in incomplete form on June 6, 2025.

sufficient resources to meet the Court's October 10, 2025 deadline for production of classified documents. (*See* ECF No. 312.) It is the Government's burden alone to review and produce the classified documents GD first requested over a year and a half ago, in January 2024.[3] And the Government has had more than sufficient time to do so. The Government's attorneys have argued, including in this Joint Status Report, that they have little control over the pace of declassification review by various Government agencies, and further, that constraints on Government resources have made declassification review difficult. But it is a false premise to suggest that Plaintiff does not exert control over the reviewing agencies—the Plaintiff here is the United States, including its agencies. Plaintiff is in complete control of the declassification process, is subject to the Court's orders, and, similar to any other litigant, could add more resources to the review if it believed it was necessary to do so to comply with the Court's order. Defendants understand that there may be constraints on adding additional Government resources to the review under the current administration, but even if that is the case for every reviewing agency now (and the Government

---

[3] As Defendants set out in the prior status reports, the law is clear that it is the United States' obligation alone to search for, review, and produce the responsive documents at issue, notwithstanding the fact that they may be stored in Government archives that can be accessed by other parties, such as NARA. *See, e.g.*, *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 776 fn.4 (9th Cir. 1994) (noting that when the government is a party to litigation, "it is placed in the same position as a private litigant, and the rules of discovery in the Federal Rules of Civil Procedure apply."); *Armstrong v. Executive Office of President*, 1994 WL 318083 at *1 (D.D.C. 1994) (ordering defendants to search records in the custody of NARA for documents responsive to plaintiffs' document requests). Moreover, it is clear here that the documents are not equally accessible. *See, e.g.*, *City of Colton v. Am. Promotional Events, Inc.*, No. CV0906630PSGSSX, 2011 WL 13223968 at *3-4 (C.D. Cal. Nov. 28, 2011) (requiring Department of Defense to search and produce documents stored at NARA and explaining how the Department of Defense has "superior access" to the documents stored at NARA, and that "the principle underlying the control inquiry is not whether documents are technically 'publicly available' but whether the documents are equally available to the parties . . . a federal agency responding to discovery requests must produce even 'publicly available' documents if they are not equally available to all parties."); *see also* U.S. Department of Justice Archive, "Declassification," updated December 7, 2023, available at https://www.justice.gov/archives/open/declassification (describing the declassification review process, which must be conducted by the Government and not by private parties).

does not contend that it is), those constraints presumably did not exist during the pendency of the discovery period in this case—which began in early 2024. Given that the Government initiated this litigation, and Defendants have been requesting production of the same classified documents since January 2024 (and giving warnings about the need to prepare for production of classified documents), the Government could have, and should have, added additional resources earlier to prioritize review. It chose not to, agreeing to schedules it could not keep, prejudicing the Defendants who have adequately advanced resources to meet deadlines in this matter.

Moreover, the Government's attorneys had complete control over their own initial responsiveness review, which necessarily needed to be completed *before* the documents were sent for declassification review. But as to the documents in the Government's "Category 1" (classified documents held by the Air Force) and "Category 2" (classified documents held at the National Archives and Records Administration ("NARA")), the Government did not report that it had completed that responsiveness review until April 2025—more than a year after GD asked the Government to review those documents. (*See* ECF No. 311.) As explained in prior status reports, review of those documents was not unduly time consuming—the Government was able to review half of the "Category 2" documents, for example, in a period of less than 1.5 months. (*See id.* at 8.)

Given its serial review delays, to the extent the Government is unable to meet the Court's October 10, 2025 deadline, the fault rests solely with the Government. Defendants urge the Government to make every effort to meet the deadline in the next two months—and the Court to hold Plaintiff to the same—and reserve the right to move for appropriate sanctions, including an adverse inference, should the Government fail to meet that deadline.

8

Recent Discussions Regarding Classified Documents

As noted above, since the last status report, the parties met and conferred on August 20, 2025, and exchanged email communications. Prior to the meet and confer, GD asked the Government to identify the number of documents and pages not yet reviewed for declassification, as it has prior to every meet and confer regarding classified documents in the last several months. The Government did not provide that information—so Defendants are left to guess at the Government's precise progress in declassification review.

Nevertheless, at the meet and confer (and in this Joint Status Report), the Government indicated that it did not expect the Department of Energy ("DOE") or the Office of the Secretary of Defense ("OSD") to complete their review of the "Category 1" documents until mid-September. That projection is uncomfortably close to the October 10, 2025 deadline for production of classified documents, especially considering that the Air Force will need to process those documents and transmit them to the Department of Justice for production after agency review is complete.

The Government also disclosed in this Joint Status Report that the Air Force employee assigned to handle processing after agency review started a three-month parental leave starting the week of August 18, but that the Air Force has assigned a new employee to handle the workstream. The Government asserts in this Joint Status Report that the parental leave "may have impacts on the timely completion of Bucket 1 declassification efforts," but Defendants do not understand why that would be the case. The Air Force employee assigned to work on "Category 1" documents is not completing any substantive review at this time, but rather is waiting for the agencies to complete their reviews so the employee can then process any declassified documents for production. Given the slow pace of agency review thus far, Defendants expect that the new

9

employee will have ample time to get up to speed (which Plaintiff reports the employee has already begun doing) prior to receiving documents from the agencies to process.[4]

Nevertheless, in light of the Government's representations regarding the projected timelines for outstanding agency review at the August 20 meet and confer, GD asked the Government via email whether it would be able to staff additional employees at the Government agencies, the Air Force, and/or NARA to help speed up review. The Government has thus far been unwilling to respond to that inquiry. This is yet another choice of the Government; it should be held accountable for its choices.

* * *

The Plaintiff, the United States, chose to bring this suit and agreed to a discovery schedule it has repeatedly failed to meet. It has also decided where to put federal resources for adhering (or not) to those deadlines. The Government should adhere to the Court's current deadline of October 10, 2025, and should not be permitted to seek any further extensions, which would impede Defendants' ability to continue with the case schedule as planned, resulting in the case taking longer and Defendants incurring unnecessary associated expenses. To the extent the October 10, 2025 deadline is not met, Defendants reserve the right to seek appropriate sanctions, including an adverse inference.

Dated this August 25, 2025.

                                                                                                Respectfully submitted,

---

[4] Defendants also understand that the new Air Force employee who will take over for the employee who went out on parental leave was previously assigned to work on the "Category 2" documents. However, the Government confirmed at the August 20, 2025 meet and confer that the employee will unlikely have additional work related to "Category 2" documents, as Category 2 documents have all been through Air Force substantive review and been sent to other Government agencies as required, and, unlike for "Category 1," the Air Force does not handle processing after agency review for "Category 2" documents.

**Counsel for Plaintiff United States:**

<u>*/s/* Daniel R. Dertke</u>
JOHANNA M. FRANZEN
MN Bar # 0392191
VANESSA MOORE
DAVID L. GORDON
MAE C. BOWEN
U.S. Department of Justice
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3319 (Franzen)
Johanna.Franzen@usdoj.gov
Vanessa.Moore@usdoj.gov
David.L.Gordon@usdoj.gov
Mae.Bowen@usdoj.gov

DANIEL DERTKE
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3155
Daniel.Dertke@usdoj.gov

MARK C. ELMER
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street, North Terrace, Suite 600
Denver, CO 80210
(303) 519-4954 (PHONE)
(303) 844-1350 (FAX)
Mark.Elmer@usdoj.gov (EMAIL)

**Counsel for Defendant General Dynamics:**

<u>*/s/* Wade A. Thomson</u>
Wade A. Thomson
Steve M. Siros
Sarah L. Futernick
*Pro hac vice*
Attorneys for Defendant General Dynamics Corporation
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Telephone: (312) 840-8613
Fax: (312) 527-0484
Email: wthomson@jenner.com
Email: ssiros@jenner.com
Email: sfuternick@jenner.com

Matthew S. Hellman
*Pro hac vice*
Attorney for Defendant General Dynamics Corporation
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001
Telephone: (202) 639-6861
Fax: (202) 639-6066
Email: mhellman@jenner.com

Steven D. Davidson
Bar Number: 18684
Lindsay K. Lundholm
Bar Number: 22224
Brian Barmettler
Bar Number: 27017
Attorneys for Defendant General Dynamics Corporation
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, Nebraska 68102
Telephone: (402) 344-0500
Fax: (402) 344-0588
Email: sdavidson@bairdholm.com
Email: llundholm@bairdholm.com
Email: bbarmettler@bairdholm.com

**Counsel for Defendant Dow:**

*/s/* Frank G. Dylewski
FRANK G. DYLEWSKI (pro hac vice)
JARAN R. MOTEN (pro hac vice)
161 N. Clark, Suite 1700
Chicago, IL 60601
Telephone No. (312) 794-7307
FDylewski@phillipslytle.com
jmoten@phillipslytle.com

JOEL A. BLANCHET (pro hac vice)
JEREMY M. AMAR-DOLAN (pro hac vice)
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
jblanchet@phillipslytle.com
jamar-dolan@phillipslytle.com

WILLIAM F. HARGENS (#16578)
MICHAEL L. MORAN (#24042)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone No. (402) 341-3070
whargens@mcgrathnorth.com
mmoran@mcgrathnorth.com