IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff/Counter Defendant,<br><br>v.<br><br>GENERAL DYNAMICS CORPORATION AND DOW CHEMICAL COMPANY,<br><br>       Defendants/Counter Claimants. | Civil Action No. 8:23-cv-00416 |

### UNITED STATES' STATUS REPORT

Plaintiff, the United States of America, provides this status report regarding the production of classified documents and case progression in the above-captioned Action, as required by the Court's September 24, 2025 and November 20, 2025 minute entries (Dkts. 405 and 427).

The parties last provided the Court with a Joint Status Report on August 25, 2025 (Dkt. 380). The parties met and conferred on the production of classified documents and case progression on September 17, 2025. On October 3, 2025, the Court granted the United States' Motion to stay the case given the lapse in federal government appropriations. (Dkt. 412). On November 12, 2025, appropriations were restored to the federal government after a 43-day lapse. On November 20, 2025, the Court held a status conference with the parties. (Dkt. 427). The Court directed the parties to meet and confer and provide the Court with a proposed schedule for reinstatement of case progression deadlines no later than December 5, 2025. (Dkt. 427). The parties met and conferred on December 3 and 4, 2025.

The United States understands the Court has set a September 21, 2026 trial date and directed the Parties to confer on interim deadlines that would lead to such a trial date. However, the United States cannot continue and complete the burdensome declassification review process

and produce declassified documents in a manner that would allow meaningful consideration of those documents before the September 21, 2026, trial date, as discussed further below. The United States notified Defendants of this incompatibility and proposed that the Parties attempt to reach agreement on the other interim dates leading to September 21, 2026, with all Parties reserving their rights to argue about the proper path forward with respect to classified documents. Defendants took the position that the classified documents were a threshold issue that precluded reaching agreement on the other interim dates. As a result, the Parties have competing case progression proposals, which were provided to chambers in a December 5, 2025, email from the Defendants' counsel.

The United States views this status report as fulfilling an outstanding obligation, pursuant to Docket Entry 405, to provide a status update on the production of classified documents and case progression. The United States disagrees with Defendants' characterization below, that this status report is a motion for a protective order.

The declassifying offices have provided updated estimates for their completion of the declassification review. Currently, the Air Force Declassification Office ("AFDO") requires the most additional time in part because completion of its review work is dependent on the work of multiple other agencies' declassification staff due to the sensitive national security nature of the contents of documents. This can only be determined as each document is reviewed for possible declassification. AFDO estimates its declassification review process will not be completed until June 30, 2026. The Department of Justice ("DOJ") estimates it will need approximately two weeks to complete any final productions after the declassification review process is complete; thus, based on AFDO's estimate, DOJ estimates the final declassified document productions will not be completed until July 15, 2026. Accordingly, the United States reserves the right to propose an

alternative schedule that would include a later trial date if the burdensome declassification process must continue.

During the federal government's lapse in appropriations, employees involved in the ongoing declassification effort at the AFDO, Office of Secretary of Defense ("OSD"), and the National Archives and Research Agency ("NARA"), were furloughed. Once appropriations were restored, these agencies resumed work on this declassification effort, as able and as their missions allowed. As previously described, the United States' team has worked diligently to manage the declassification process. However, it is a complex effort taking place during a time of changing resources and realignment. The process has numerous constraints (discussed in prior status reports) and is important to maintain national security. *See, e.g.,* Dkt. 380 at 1-2 and Dkt. 353 at 1-2. Thus, given these constraints and other unexpected and uncontrollable matters (e.g., the unexpected passing of an AFDO employee who managed the declassification efforts for certain documents in this matter, reduced staffing levels at AFDO, and the recent 43-day lapse in appropriations), the United States cannot finish the declassification review process and simultaneously allow sufficient time for the Parties and their experts to review and consider any declassified documents in a meaningful way, amend or supplement any expert reports or prior discovery responses, address document authentication, and complete other follow-on matters in the lead up to trial on a timeline consistent with a trial starting September 21, 2026.

Given that the documents will not be available to be used in a meaningful way at a September 21, 2026, trial, the burden of continuing declassification review efforts and associated productions is no longer proportional to the needs of the case (though the United States is currently continuing those efforts). In the alternative, if the Court (and/or Defendants) are inclined to revisit the September 21, 2026 trial date, the United States would provide an alternative proposed

schedule with a revised deadline to complete the declassification review process and any associated productions (estimated to be July 15, 2026) with appropriate follow-on dates that would make a trial feasible no earlier than the end of the first quarter of calendar year 2027.

The United States also provides an update below on the progress made since the last Joint Status Report. For consistency, the United States will again address the same three sets (or "buckets") of classified documents referenced in the parties' prior status reports (*e.g.,* Dkt. 353 & 380).

<u>Classified Documents Held by the Air Force (Bucket 1 Documents)</u>

Prior to the lapse in appropriations and since the last Joint Status Report filed on August 25, 2025, the United States produced five declassified documents on September 15, 2025, totaling approximately 1,088 pages. On September 17, 2025, another two declassified documents were produced, consisting of approximately 174 pages. Then, on September 19, 2025, another three newly declassified documents were produced, totaling approximately 833 pages. Finally, on September 23, 2025, two additional declassified documents, totaling approximately 190 pages, were produced. In sum, since the last Joint Status Report and before the lapse in appropriations, the United States has produced 12 newly declassified documents totaling approximately 2,285 pages in Bucket 1.

OSD staff continues to make progress on its declassification review efforts in this case. However, OSD has updated its estimated completion date for Bucket 1 to the end of January 2026, due to additional multi-page documents being referred for their declassification review. Additional agencies with still pending declassification reviews of Bucket 1 documents include the Department

of Energy, the Army, the National Reconnaissance Office, the Defense Threat Reduction Agency, and the National Aeronautics and Space Administration.[1]

Based on estimated timelines for completion of these other agencies' reviews and AFDO's staffing and other constraints, AFDO has updated its estimated completion date to June 30, 2026.

Plaintiff has produced 72 formerly classified Bucket 1 documents, comprising approximately 12,232 pages of declassified material to Defendants to date.

Classified Air Force Documents Held at NARA (Bucket 2 Documents)

As previously reported (Dkt. 353 & 380), the United States completed its responsiveness review for Bucket 2 and produced 24 documents, totaling approximately 331 pages.

DOE has completed its declassification review for Bucket 2 and returned its documents to NARA.

The only remaining reviewing agency for Bucket 2 documents identified at this time is OSD, which is diligently working through its declassification review process. The OSD

---

[1] As the declassification review process progresses, each agency may identify additional agencies with a potential equity or review interest in a particular document, so the number of reviewing agencies and documents under review at those agencies has expanded over time in this non-linear process. It is not possible to definitively and conclusively identify in advance other agencies with jurisdiction over particular document contents until each document is reviewed for declassification initially, because a new reviewing interest by another agency may be later identified. All implicated agencies must be given an opportunity to review for declassification.

declassification team working on this effort has estimated completion of their review by January 31, 2026.

The NARA team has represented that they will need two to three weeks to process and provide the documents to the United States once the Bucket 2 documents are returned from OSD.

<u>Classified Secretary of Defense Documents Held at NARA (Bucket 3 Documents)</u>

As the United States previously informed the Court (Dkt. 353 & 380), the United States has completed this review and did not identify any responsive and not duplicative documents.

Defendants have requested that the United States include the following statement in this submission:

> The Court has ordered the parties to "provide the Court with a proposed schedule for reinstatement of case progression deadlines." *See* ECF No. 427. It has not ordered or permitted any "joint status report" on the Government's classified document production today, let alone a report that effectively incorporates an unsupported motion for a protective order attempting to relieve the Government of its fundamental discovery obligations. Defendants object to this submission, and seek the opportunity to brief the relief the Government seeks.

Dated this December 5th, 2025.

                                              Respectfully submitted,

                                              **Counsel for Plaintiff United States:**

                                              JOHANNA M. FRANZEN
                                              MN Bar # 0392191
                                              VANESSA MOORE
                                              DAVID L. GORDON
                                              U.S. Department of Justice
                                              Environmental Enforcement Section
                                              P.O. Box 7611
                                              Washington, D.C. 20044

(202) 598-3319 (Franzen)
Johanna.Franzen@usdoj.gov
Vanessa.Moore@usdoj.gov
David.L.Gordon@usdoj.gov

*/s/ Daniel R. Dertke*
DANIEL R. DERTKE
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3155
Daniel.Dertke@usdoj.gov

MARK C. ELMER
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street, North Terrace, Suite 600
Denver, CO 80210
(303) 519-4954(PHONE)
(303) 844-1350 (FAX)
Mark.Elmer@usdoj.gov (EMAIL)