IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff and Counter-Defendant, )<br>)<br>v. )<br>)<br>GENERAL DYNAMICS CORPORATION )<br>)<br>and )<br>)<br>DOW CHEMICAL COMPANY, )<br>)<br>Defendants and Counterclaimants. )<br>) | CIVIL ACTION NO.: 8:23-CV-00416 |

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE "SUPPLEMENTAL" OPINION OF DR. JAY BRIGHAM

After already having prepared and served three expert reports in this litigation, and more than *four months* after the deadline for completion of expert reports and *three months* after completing the deposition of Defendants' responsive expert historian, the Government served Defendants with a fourth expert report from its own expert historian Dr. Jay Brigham (the "Supplement") on the evening of December 23, 2025. There is no basis for this untimely submission. Dr. Brigham's untimely Supplement is a clear violation of Federal Rule of Civil Procedure 37 and should be stricken. The Supplement does not purport to correct any of the opinions already expressed by Dr. Brigham in his three prior reports. Instead, by Dr. Brigham's own admission, the Supplement offers only "additional support to [his] previously stated opinions." Yet, the "additional support" that allegedly prompted the Supplement has been available to Dr. Brigham since at least May 6, 2025, when the Parties exchanged initial expert reports, and was similarly available to Dr. Brigham prior to the September 5, 2025 deadline for surrebuttal expert reports. Moreover, the documents Dr. Brigham relies on in his Supplement are

1

either (1) historic documents that Dr. Brigham identified (or could have identified) before the close of expert discovery; or (2) emails initiated by Dr. Brigham after the close of expert discovery. There is no basis, nor does the Government attempt to offer a basis, for the improper production of the Supplement. Accordingly, Defendants request that the Court strike the Supplement.

## FACTUAL BACKGROUND

This case involves historical operations at the Nebraska Ordnance Plant ("NOP") relating to events as distant as 85 years ago. There are no living witnesses with knowledge of historic ordnance operations. Consequently, the parties have retained expert historians. The Government's historian, Dr. Brigham, opined about the history of the NOP from 1940–1959. Defendants' expert historian, Mr. A.J Gravel, also opined on the history of the NOP during this time period.

In accordance with the Parties' Scheduling Order (Dkt. #350), Dr. Brigham and Mr. Gravel each submitted three reports as follows:

- May 6, 2025: opening reports.
- July 25, 2025: rebuttal reports.
- September 5, 2025: sur-rebuttal reports.

The Government deposed Mr. Gravel for two days on September 22–23, 2025.

On the evening of December 23, 2025, approximately four months after the deadline for expert surrebuttal reports and three months after Mr. Gravel's deposition, the Government served Dr. Brigham's Supplement. Dylewski Decl., Ex. A. The Government's cover letter stated that Dr. Brigham's Supplement was being served pursuant to Fed. R. Civ. P. 26(a)(2), which is the Rule that governs standard, timely expert disclosures. *Id.* Notably, the cover letter did not cite Fed. R. Civ. P. 26(e), the Rule that governs supplemental disclosures. *Id*.

2

Neither the Government nor Dr. Brigham offer any explanation for the delayed Supplement. Instead, Dr. Brigham simply states:

> This supplemental report does not change in any way the opinions I have offered in any of my previous reports for this case. I stand by my original opinions and *offer this supplemental report as additional support to my previously stated opinions.* I made the decision to write this supplemental report during the process of preparing for my deposition.
>
> I offer the following supplemental opinions *after further review of the documents that I cited in my three previous reports for this case* and additional documents listed in the footnotes to this report.

Dylewski Decl., Ex. B at 1 (emphasis added). The Supplement retreads topics discussed extensively in Dr. Brigham and Mr. Gravel's initial, rebuttal, and surrebuttal reports and Mr. Gravel's deposition. Specifically, Dr. Brigham addresses (1) whether "bomb and shell casings were coated with Cosmoline, or other rust-preventive compounds, before shipment to bomb loading and assembly plants" (the "Cosmoline Topic"); and (2) whether "historical NOP documents were destroyed in a possible fire at the Rock Island Arsenal" (the "Rock Island Arsenal Fire Topic"). Ex. B at 1.

Dr. Brigham cites 26 sources in his Supplement, only 10 of which he had not previously considered. The majority of the "new" sources are publicly available and could have been discovered and used by Dr. Brigham at any time prior to expert report deadlines. *Id*.

First, each document cited by Dr. Brigham regarding the Cosmoline Topic was either previously cited or publicly available and could have been discovered and used by Dr. Brigham at any time prior to expert report deadlines.[1]

---

[1] The new documents (not previously cited in Dr. Brigham's reports) relied upon by Dr. Brigham regarding the Cosmoline Topic are as follows: J. Frazer, "Millions of 155-Millimeter Shells," Ordnance Production Methods, (Frazer, "Million of 155-Millimeter Shells") MA0025460; Civilian Production Administration (CPA), *Alphabetic Listing, Volume 4, Rey-Z,* MA0025734; H. Fornwall, "Shell Painting," *Modern Shell Production: Revised and Enlarged to Include the*

Second, the parties have been aware of the Rock Island Arsenal Fire Topic since at least March 5, 2025, when a Government witness testified about the fire. Mr. Gravel also addressed this issue in his May 6, 2025 opening report, and Dr. Brigham even responded to the topic in his Surrebuttal. *See* Dylewski Decl., Ex. C at 5–6. But Dr. Brigham notes in the Supplement that he and his and his team emailed NARA facilities, including regional facilities, in an attempt to verify the fire with NARA recordkeepers between August 31, 2025, and September 3, 2025, just days before expert surrebuttals were due on September 5, 2025. And yet, he still did not attempt to include the information until four months later, after the deadline.

## **ARGUMENT**

A district court has broad discretion in maintaining compliance with discovery and pretrial orders. *Cantrell v. Coloplast Corp.*, 76 F.4th 1113, 1115 (8th Cir. 2023). The purpose of a supplemental expert report is to inform the opposing party of any changes or alterations to opinions, not to provide an extension of the expert discovery deadline. *GenoSource LLC v. Secura Insurance*, 637 F. Supp. 3d 633, 639 (N.D. Iowa 2022) ("Supplemental reports cannot be used whenever a party wants to bolster or submit additional expert opinions, ... wreak[ing] havoc on docket control and amount[ing] to unlimited expert opinion preparation.") (internal quotations

---

*Manufacture of Cartridge Cases, Small Arms Ammunition, Bombs and Fuzes,* (Cleveland: Penton Publishing Co., 1941), Reprinted from *Steel,* 1942, MA0025299; CPA, *Alphabetic Listing, Volume 3, K-Rex,* MA0024745; *The Industry-Ordnance Team* (New York: Whittlesey House, McGraw-Hill Book Company, Inc., 1946), (Campbell, *The Industry-Ordnance Team),* MA0024722; ASTM D478-02(2019) Standard Specification for Zinc Yellow (Zinc Chromate) Pigments, last updated 6/11/2019, available at https://store.astm.org/d0478-02r19.html.; Benchmark Fabricated Steel, "Do you need to prime metal before painting?" available at https://benchmarksteel.com/2023/06/do-you-need-to-prime-metal-before-painting/; *Solventol Chemical Products v. Langfi*eld, 134 F.2d 899 (6th Cir. 1943); https://law.justia.com/cases/federal/appellatecourts/F2/134/899/1479503/; and "The Marion Engineer Depot," available at https://www.hmdb.org/m.asp?m=29126.

4

omitted); *see also In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010) ("Failure to review relevant records prior to the deadline for disclosure does not justify an untimely "supplement."). Unless substantially justified or harmless, untimely expert reports are stricken under Rule 37. *Wegener v. Johnson*, 527 F.3d 687, 694 (8th Cir. 2008) (affirming the district court's decision to strike an untimely supplemental expert report under Federal Rule of Civil Procedure 37); *GenoSource LLC*, 637 F. Supp. 3d at 639 (striking an untimely expert report when the delay was not justified and late disclosure was not harmless).

In *In re Baycol Prods. Litig.*, 596 F.3d at 888, the Eighth Circuit affirmed the district court's decision to strike an untimely supplemental expert report under Federal Rule of Civil Procedure 37. There, the plaintiff filed a supplemental expert report months after the court-imposed deadline, justifying the delay only by stating that the expert "had reviewed the records of [the plaintiff] in greater detail." *Id*. The Eighth Circuit held that this was no justification because there was no reason the expert could not have reviewed the records in more detail prior to the deadline, and that the delay was not harmless. *Id*.

Here, the untimely supplement should similarly be stricken because the Government's failure to comply with the expert disclosure deadline was neither substantially justified nor harmless.

*First,* there is no dispute that the Supplement is untimely. The Supplement was produced on December 23, 2025, nearly four months after the September 5, 2025 expert disclosure deadline. Dylewski Decl. Ex. A; Dkt. 350.

*Second,* the Supplement is not substantially justified because the Government has not and cannot offer support for its delayed disclosure. Indeed, the Government's production letter offered no explanation whatsoever for the untimely Supplement. Moreover, the Supplement is not based

5

on any new or previously undisclosed material. Dr. Brigham relies on ten purportedly "new" sources, but those sources were publicly available and could have been reviewed by Dr. Brigham and his team at any point prior the September 5, 2025 expert disclosure deadline. The only arguably "new" evidence that Dr. Brigham relies upon is the correspondence Dr. Brigham initiated days before the surrebuttal report deadline with historians regarding the Rock Island Arsenal Fire Topic. Dylewski Decl. Ex. B at 26. But there is no reason that Dr. Brigham and his team had to wait until September 2025 to pursue this research, especially because Mr. Gravel raised the issue of the Rock Island Fire in his May 6, 2025 opening report. And there is no reason he could not have included the information he had at the time in his September sur-rebuttal. Defendants should not be prejudiced by the failure of the Government to fully investigate and report on its own case prior to close of expert report deadlines.

*Third,* the Supplement is not harmless and is in fact prejudicial to Defendants. The Government produced the Supplement on the eve of Christmas Eve, four months after the expert disclosure deadline, and without any advanced warning to Defendants. The Supplement is prejudicial to Defendants because Dr. Brigham's Supplement is responsive to an expert *who has already been deposed*. The Government has effectively denied Defendants' expert, Mr. Gravel, the opportunity to respond to Dr. Brigham's Supplement either in writing or at his deposition, which has therefore prejudiced Defendants. Moreover, the Government's untimely report opens the threat of additional discovery, including requests for production for related documents, additional written response by Mr. Gravel, the reopening of depositions, and impacts to the case schedule (*e.g.*, close of expert discovery). Defendants should not be made to bear further expenses for having to deal with such a belated and clearly inappropriate "supplemental report." The Supplement should be stricken.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Dr. Brigham's Supplement.

Dated this 15th day of January, 2026.

    Respectfully submitted,

**Counsel for Defendant General Dynamics:**
*/s/* Wade A. Thomson
Wade A. Thomson
Steve M. Siros
Sarah L. Futernick
*Pro hac vice*
Attorneys for Defendant General Dynamics Corporation
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Telephone: (312) 840-8613
Fax: (312) 527-0484
Email: wthomson@jenner.com
Email: ssiros@jenner.com
Email: sfuternick@jenner.com

Matthew S. Hellman
*Pro hac vice*
Attorney for Defendant General Dynamics Corporation
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001
Telephone: (202) 639-6861
Fax: (202) 639-6066
Email: mhellman@jenner.com

Steven D. Davidson
Bar Number: 18684
Lindsay K. Lundholm
Bar Number: 22224
Brian Barmettler
Bar Number: 27017
Attorneys for Defendant General Dynamics Corporation

BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, Nebraska 68102
Telephone: (402) 344-0500
Fax: (402) 344-0588
Email: sdavidson@bairdholm.com
Email: llundholm@bairdholm.com
Email: bbarmettler@bairdholm.com

**Counsel for Defendant Dow:**

*/s/ John R. Worth*_____
JOHN R. WORTH (pro hac vice)
FRANK G. DYLEWSKI (pro hac vice)
JARAN R. MOTEN (pro hac vice)
35 W. Wacker, 34th Floor
Chicago, IL 60601
Telephone No. (312) 794-7300
jworth@phillipslytle.com
FDylewski@phillipslytle.com
jmoten@phillipslytle.com

JOEL A. BLANCHET (pro hac vice)
JEREMY M. AMAR-DOLAN (pro hac vice)
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
jblanchet@phillipslytle.com
jamar-dolan@phillipslytle.com


MICHAEL L. MORAN (#24042)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone No. (402) 341-3070
mmoran@mcgrathnorth.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby affirms, pursuant to NECivR 7.1(d), that this document does not exceed 13,000 words. Utilizing the word-count function of Microsoft Word 365, this document contains 2,040 words, inclusive of all text, including the caption, headings, footnotes and quotations.

                                                    */s/ John R. Worth*
                                                    John R. Worth

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2026, I caused a copy of the foregoing to be sent via email to the following counsel of record:

**For the United States of America:**

Johanna Franzen, johanna.franzen@usdoj.gov
Vanessa Moore, vanessa.moore@usdoj.gov
Daniel R. Dertke, daniel.dertke@usdoj.gov
Ann L. Wright, Ann.L.Wright@usace.army.mil
Jared D. Bustamante, Jared.D.Bustamante@usace.army.mil
Jared Pessetto, Pessetto.Jared@epa.gov
Erin Davis, Erin.Davis@usdoj.gov
Gabriela Campbell, Gabriela.Campbell@usdoj.gov
Catherine Chiccine, Chiccine.Catherine@epa.gov

**For General Dynamics:**

Wade Thomson, wthomson@jenner.com
Steve Siros, ssiros@jenner.com
Sarah L. Futernick, sfuternick@jenner.com
Steve Davidson, sdavidson@bairdholm.com
Lindsey Lundholm, llundholm@bairdholm.com


Dated: January 15, 2026                    PHILLIPS LYTLE LLP

                                                        */s/ John R. Worth*
                                                        John R. Worth