IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| Plaintiff and Counter-Defendant, ) | |
| v. ) | Case No. 8:23-cv-00416 |
| GENERAL DYNAMICS CORPORATION ) and ) DOW CHEMICAL COMPANY, ) | Judge Brian C. Buescher |
| Defendants and Counterclaimants. ) | |

**UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO SUBMIT EVIDENCE IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE NELSON'S ORDERS**

The United States moves in tandem with its Objections to Magistrate Judge Nelson's Orders (ECF Nos. 451 and 470) (the "Orders") to ensure that it is fully heard on the merits of its request for a protective order to halt the process of reviewing and producing declassified documents. We seek leave under Nebraska Civil Rule 72.2(b)(1) for a court order allowing the United States to submit evidence to ensure the Court can consider both the legal *and factual* arguments underlying its Objections to Magistrate Judge Nelson's Orders (the "Objections").

In this litigation arising under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C.A. § 9601 *et seq.,* the United States is seeking to recover response costs incurred by the U.S. Environmental Protection Agency ("EPA") and the U.S. Army Corps of Engineers for past and future cleanup of a hazardous substance at the Nebraska Ordnance Plant Superfund Site in Mead, Nebraska (the "Site"). The United States alleges that Defendants are liable parties under Section 107(a) of

1

CERCLA, 42 U.S.C. § 9607(a), and operated at the Site when trichloroethylene, a hazardous substance, was released incident to the cleaning and testing of the Atlas intercontinental ballistic missile system at the Site during the Cold War period (*See* ECF No. 1). Defendants deny these allegations and have counterclaimed in contribution pursuant to 42 U.S.C. § 9613(f)(1), alleging the United States is a responsible party under various of CERCLA's liability categories (*See* ECF Nos. 13 & 14).

Defendants have sought discovery related to the Atlas intercontinental ballistic missile program and activities at the Site associated with that program, which includes classified documents. The United States has been earnestly working to undertake a declassification review process and produce any declassified documents with considerable time and resource outlays. The United States' Objections ask this Court to relieve it from continuing the declassification review process and productions imposed by Magistrate Judge Nelson.

Here, the United States seeks leave to submit evidence—three declarations from declassifying offices detailing the rigors and burdens of the declassification review process, burdens which cannot be alleviated given their importance to ensuring national security—in support of its Objections to the Order. These declarations are from Don C. McIlwain of the National Declassification Center at the National Archives and Records Administration ("McIlwain Decl."); Sara K. MacLeod of the Air Force Declassification Office ("MacLeod Decl."); and Jonathan P. Bennett of the Office of the Secretary of Defense ("Bennett Decl.") (together the "Declarations"), respectively labeled Exhibits A, B, and C.[1] Continued declassification reviews and productions are extremely burdensome and no longer proportional to

---

[1] All exhibits referenced in this brief are attached to the Declaration of Johanna M. Franzen (ECF No. 484).

the needs of this case in light of the September 2026 trial date. Still, the United States has never had the opportunity to submit legal argument and factual evidence on burden and proportionality.

While the United States raised proportionality as a concern in the context of case progression matters in the United States' December 5, 2025 status report and the December 11, 2025 status conference, the United States has never had an opportunity to move for a protective order or provide supporting evidence detailing current, specific information about the burdens of the declassification review process—an extremely important process to national security. Magistrate Judge Nelson ruled that the United States must continue the declassification review process, make document productions, and provide status reports every 45 days in the context of a discussion on case progression without the benefit of legal argument or supporting evidence and subsequently declined to grant the United States leave to file a motion for a protective order. ECF Nos. 451 and 470. The United States appreciates Magistrate Judge Nelson's efforts to resolve disputes efficiently via pre-motion conferences under the Magistrate Judge Civil Case Management Practices.  However, the United States should nonetheless be permitted to create a record and submit factual evidence in support of its Objections. Three of the key offices conducting important and sensitive declassification reviews have prepared declarations detailing specific, current information on the relevant processes and burdens. Exs. A-C (Declarations). Accordingly, the United States respectfully seeks leave to submit evidence in support of its Objections under Local Rule 72.2(b).

### Relevant Facts and Procedural History

Given the complex and sensitive nature of the declassification review process, the United States' litigation counsel has little ability to control the pace of declassification reviews and production of any newly declassified documents. The United States raised this matter with

Magistrate Judge Nelson several times and Magistrate Judge Nelson ultimately extended the United States' deadline to produce any newly declassified documents to October 10, 2025. ECF No. 312. In July 2025, the United States informed Defendants and the Court that it was likely to move to extend the October 10, 2025 deadline and was obtaining information to determine the length of extension needed. ECF No. 353. Unfortunately, the 43-day lapse in appropriations commenced on October 1, 2025. Magistrate Judge Nelson then granted the United States' request to stay case deadlines. ECF No. 412. After the 43-day lapse in appropriations ended, the following key matters occurred:

- Department of Justice counsel asked the declassifying offices about the status of the declassification reviews. Ultimately, the Air Force Declassification Office (AFDO) informed the United States that it did not expect to complete its declassification review process (including sanitization and transmittal to counsel) until June 30, 2026. Ex. B (MacLeod Decl.) at ¶ 18.

- After the United States notified the Court of the resumption of appropriations and moved to lift the stay, Magistrate Judge Nelson ordered the parties to meet and confer about case progression matters and report to the Court on November 24, 2025. ECF No. 422. The Parties met and conferred about certain case progression matters, including rescheduling expert depositions, and informed Magistrate Judge Nelson that it would be helpful to know the Court's availability for trial to inform any additional meet and confer on case progression. Ex. D (Email from S. Davidson to Magistrate Judge Nelson's Chambers dated November 18, 2025). Magistrate Judge Nelson held a phone conference on November 20, 2025, informed the Parties of the Court's likely availability for trial in 2026, ordered the Parties to submit a proposed schedule for reinstatement of case progression deadlines on

or before December 5, 2025, and set a status conference for December 11, 2025. ECF No. 427.

- On November 20, 2025, the Court reached out to the Parties to inquire about a potential trial date commencing sometime between August and October 2026. Counsel for the United States responded:

    o "As previously raised to the Court and the parties, the Department of Justice is still obtaining updated information from the relevant declassifying offices following the lapse in appropriations to finalize its requested extension of the deadline to complete its declassification review process and associated productions. However, at this time, the United States does not believe that the time needed to complete those efforts and to allow for sufficient time for follow-on expert reviews, motions practice, and trial preparation will be workable with a September or October 2026 trial date. That said, given Defendants' preference for a 2026 trial date and the burden associated with the declassification review process, the United States has proposed a plan whereby the parties would agree that the United States could cease its efforts in the declassification review process at a specified date in the near future. In such event, the United States would likely be able to agree to October 2026 trial dates. The United States intends to continue meeting and conferring with Defendants about this proposal." Ex. E (Email from S. Davidson to Magistrate Judge Nelson's Chambers dated November 24, 2025 (containing statement provided by counsel for the United States)).

- On November 25, 2025, the Court informed the Parties that trial will start September 21, 2026. Franzen Decl. ¶ 7.

- The Parties met and conferred on December 3 and 4, 2025 about case progression. Franzen Decl. ¶ 8. Given the Court's setting of a September 21, 2026 trial date and the United States' understanding of Defendants' preference for a September 2026 trial date, the United States proposed a schedule consistent with the September 2026 trial date, but which, in the United States' view, would require relief from continuing the declassification review process. Franzen Decl. ¶ 8. The United States noted that it could instead provide a proposed schedule that would allow the declassification review process to continue if Defendants were willing to revisit the September 21, 2026 trial date. Franzen Decl. ¶ 8. The Parties

were unable to reach agreement on a proposed case progression schedule. Franzen Decl. ¶ 8.

- On December 5, 2025, the Parties submitted alternative proposed case progression schedules (ECF No. 437) and the United States submitted a status report detailing the status of declassification reviews and productions. ECF No. 436. (The Court had ordered the United States to provide a status report on October 10, 2025 (ECF No. 405), but that did not occur because of the lapse in appropriations.) In the status report, the United States again noted, in the context of a discussion on schedule and an update on status, the burden of continuing the declassification process and the lack of proportionality, especially in light of the September 2026 trial date. ECF No. 436 at 2-4. However, the United States did not move for a protective order at that time (consistent with the Magistrate Judge Civil Case Management Practices) and, as such, anticipated the opportunity to submit briefing and evidence in support of its assertions regarding burden if the dispute was not resolved informally under the Magistrate Judge Civil Case Management Practices. *Id. See also* Magistrate Judge Civil Case Management Practices at p. 8 ("If the discovery issues are not resolved during the pre-motion conference, deadlines for filing a written motion and an accelerated briefing schedule may be set at the conclusion of the conference.").

- On December 11, 2025, Magistrate Judge Nelson convened a status conference on case progression. ECF No. 451. Department of Justice counsel again raised the burden and lack of proportionality to the needs of the case posed by the declassification review process requirement, and suggested that either the trial date should be moved or the government should be relieved of that requirement. ECF No. 457 (Dec. 11, 2025 Status Conference Tr.) at 17:1-23:18. Counsel further informed the Court of the United States' interest in

submitting briefing related to either alternative—obtaining relief from continuing the declassification review process or extending the trial date—and requested the opportunity to meet and confer with Defendants regarding motions practice on issues related to classified documents. ECF No. 457 (Dec. 11, 2025 Status Conference Tr.) at 23:11-15 and 38:1-4.

- Following the December 11, 2025 hearing, Magistrate Judge Nelson ordered the United States to continue the declassification review process and associated productions and to file status reports with the Court every 45 days. ECF No. 451.

- The United States met and conferred with Defendants on December 29, 2025 and January 7, 2026, about its request to seek leave from the Court to move for a protective order related to the declassification review process and the timing thereof, but were unable to reach agreement. Franzen Decl. ¶ 9.

- In a status conference on January 14, 2026, the United States formally requested leave to file a motion for a protective order. ECF No. 480 (January 14, 2026 Status Conference Tr.) at 6:1-10, 7:5-8 (also describing the Parties' positions, which were sent to the Court prior to the conference). Magistrate Judge Nelson declined to grant such leave and noted that any objections to the December 11th Order (ECF No. 451) were due on the extended deadline—January 23, 2026. ECF No. 470; ECF No. 480 (January 14, 2026 Status Conference Tr.) at 9:7-10. Magistrate Judge Nelson also noted that the United States could move under 72.2(b)(1) for this Court to consider additional evidence. ECF No. 480 (January 14, 2026 Status Conference Tr.) at 37:13-20. This is what prompted the Objections and this Motion.

**Legal Standards**

Nebraska Civil Rule 72.2 sets out the process to object to a Magistrate Judge's order. Nebraska Civil Rule 72.2(b)(1) provides that in objecting to a nondispositive order "[a] party may not offer additional evidentiary materials without a court order." However, the Court has discretion to authorize submission of such additional evidentiary materials. *See Peetz v. Genentech, Inc.,* 8:10-CV-297, 2013 WL 4774784, *1 n.1 (D. Neb. Sep. 5, 2013) (granting leave to submit additional evidentiary materials for context—though not finding them legally dispositive); *John Ernest Lucken Revocable Tr. v. Heritage Bancshares Group, Inc.*, C16-4005-MWB, 2017 WL 8640924, at *3 (N.D. Iowa Mar. 13, 2017) (noting the court's discretion to consider additional materials not previously presented to the magistrate judge, while declining to do so).

The Court's discretion to consider additional evidence under NECivR. 72.2(b)(1) is especially significant given the posture of the Objections. Generally, a magistrate judge's discovery orders are treated as nondispositive motions and afforded significant deference. *Shukh v. Seagate Tech., LLC,* 295 F.R.D. 228, 235 (D. Minn. 2013) ("The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential."). "A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir.2007); Fed. R. Civ. P. 72(a). Here, however, there is no opinion or factual record (aside from the hearings/status reports) for the Court to evaluate. Indeed, the United States' inability to create a record through a motion for a protective order is precisely what prompts this Motion for Leave and the concurrently filed Objections. Accordingly, this Court may review the Orders *de novo. See E.E.O.C. v. Peters'*

*Bakery,* 301 F.R.D. 482, 485-6 (N.D. Cal. 2014)*; Hirsch v. Zavaras,* 920 F. Supp. 148, 150 (D. Colo. 1996*); But see Gen. Steel Domestic Sales, LLC v. Chumley,* 129 F. Supp. 3d 1158, 1166 (D. Colo. 2015). Importantly, as part of this review, the Court has discretion to consider the additional evidence under Nebraska Civil Rule 72.2(b)(1).

The Federal Rules of Civil Procedure direct that "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P.1.

## ARGUMENT

### 1. The United States has not had the opportunity to submit evidence in support of its arguments on burden and proportionality.

The United States has not had opportunity to submit evidence in support of its arguments that the declassification review and productions are no longer proportional to the needs of the case and impose an undue burden on the United States. The December 11, 2025 status conference was scheduled to address case progression; thus, the United States had not moved for a protective order and had not submitted evidence in support of its assertions about burden and lack of proportionality. The United States could not have moved for a protective order at that time under the Magistrate Judge Civil Case Management Practices, which require an informal dispute resolution process and note that "if the discovery issues are not resolved during the pre-motion conference, deadlines for filing a written motion and an accelerated briefing schedule may be set at the conclusion of the conference." *See* pp. 7-8 (discussing discovery disputes and informal dispute resolution process). While counsel for the United States discussed burden and proportionality in the conference, it was still in a pre-motion posture and counsel requested the opportunity to meet and confer with opposing counsel on the timing of filing any motions related

to the declassification review process. ECF No. 457 (Dec. 11, 2025 Status Conference Tr.) at 38:1-4.

When the United States returned to Magistrate Judge Nelson to seek leave to file a protective order, Magistrate Judge Nelson denied leave—citing judicial economy. ECF No. 470. ECF No. 480 (Jan. 14, 2026 Status Conference Tr.) at 10:16-11:10. Magistrate Judge Nelson did not make a determination about the potential helpfulness of any additional evidence and noted the United States would have the opportunity to move to submit evidence under NECivR. 72.2(b)(1) and to attach evidence to any motion to stay pending resolution of the Objections. ECF No. 480 (Jan. 14, 2026 Status Conference Tr.) at 10:16-11:10 and 37:13-20. A just result here requires the United States be allowed to submit evidence. *See* Fed. R. Civ. P. 1 (the rules must be applied to secure "the *just*, speedy, and inexpensive determination" of proceedings) (emphasis added). The United States appreciates the Court's efforts to promote efficiency and resolve disputes informally. However, the goal of efficiency should not deprive the United States of its opportunity to be heard. Indeed, if the United States is not permitted by either Magistrate Judge Nelson or this Court to submit evidence in support of its Objections, the result is not efficiency but injustice.

Courts recognize that factual evidence should form the basis for consideration of proportionality and burden, but the United States has never had the opportunity to submit that information on this matter. Arguments of counsel are generally not sufficient to create a record on burden. *See Vallejo v. Amgen, Inc.,* 903 F.3d 733, 743 (8th Cir. 2018) (noting that attorney assertions are generally not an adequate substitute for "affidavits and other forms of evidence."); *Doe v. Nebraska*, 788 F. Supp. 2d 975, 981 (D. Neb. 2011) (citations omitted). Rule 26 requires "a particular and specific demonstration of fact, as distinguished from stereotyped and

conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citation omitted). And in assessing whether to sustain the Objection, the Court should be apprised of the evidence that the United States could have submitted, if given the opportunity. The attached declarations from the declassifying offices are the type of information that the Court should consider when reviewing the Orders. A fair adjudication of this matter requires consideration of the full record including this evidence. Indeed, Nebraska Civil Rule 72.2(b)(1) provides the District Court tools to rectify through issuance of an order.

The future of the declassification review process in this case is an important matter, which merits consideration of factual evidence. First, the future of the declassification review process is important because it relates to the allocation of certain of the United States' finite national security resources. Second, counsel for the Dow Chemical Company have noted their intent to move to dismiss this case in connection with their assertions that the United States has not met its discovery obligations with respect to currently classified documents. ECF No. 457 (Dec. 11, 2025 Status Conference Tr.) at 13:4-5; ECF No. 480 (Jan. 14, 2026 Status Conference Tr.) at 28:12-19. *See also* ECF No. 470 (giving leave to Defendants to file motions related to Plaintiff's production of classified documents). Thus, while Magistrate Judge Nelson's December 11, 2025 Order (ECF No. 451) is not on a dispositive matter, it relates to critically important matters in this case. The United States should be granted the opportunity to submit evidence under Local Rule 72.2(b)(1) on this important issue, and thereby create a complete record for the Court's adjudication of this matter.

DATED: January 23, 2026    Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

s/ *Johanna M. Franzen*
Johanna M. Franzen
MN Bar # 0392191
Attorney for the United States
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-3319
Email: Johanna.Franzen@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(1)(D), I certify this brief complies with the requirements of NECivR 7.1(d)(1).  Relying on the word-count function of Microsoft Word 365, this document contains 3,455 words.  The word-count function was applied to all text, including the caption, heading, footnotes, and quotations.

s/ *Johanna M. Franzen*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Johanna M. Franzen*
Trial Attorney
U.S. Department of Justice