IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 8:23-cv-416 |
| ) | |
| v. ) | Judge Michael D. Nelson |
| ) | |
| GENERAL DYNAMICS CORPORATION ) | |
| and ) | |
| DOW CHEMICAL COMPANY, ) | |
| ) | |
| Defendants. ) | |

### UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO STAY PORTIONS OF ORDER ECF NO. 451

The United States moves under Nebraska Civil Rule 72.2(c) to stay portions of ECF No. 451 directing the United States to continue the burdensome declassification review process and associated productions and to make periodic status reports to the Court (the "ECF No. 451 Continued Declassification Requirements") pending resolution of its Statement of Objections to Magistrate Judge Nelson's Orders filed concurrently herewith (ECF No. 486) (the "Objections"). Specifically, the United States seeks a narrow stay allowing it to pause burdensome, time-consuming efforts to transmit declassified documents from classified systems to non-classified systems, complete rolling productions, and submit status reports during the pendency of the Objections, but does not seek to stay the declassification review process itself as part of this Motion.

To be clear, the Objections detail the burdens and lack of proportionality of continuing the declassification review process required by the December 11, 2025 Order (ECF No. 451),

1

especially in light of the September 2026 trial date. Here, the United States moves for a narrow stay of the ECF No. 451 Continued Declassification Requirements under NECivR. 72.2(c) until the Court rules on the Objections, seeking to balance the need for relief from the burdens of the process with the possibility that the Court may overrule the Objections. Portions of this brief are identical to or cross-reference the Objections because certain of the same considerations of proportionality and burden under Rule 26 of the Federal Rules of Civil Procedure apply both to the long-term requirements for the United States of ECF No. 451 and the near-term requirements pending resolution of the Objections. In support of both this Motion to Stay Portions of Order ECF No. 451 and the Objections, the United States refers to declarations from three individuals at three reviewing agencies: Don C. McIlwain of the National Declassification Center at the National Archives and Records Administration ("McIlwain Decl."); Sara K. MacLeod of the Air Force Declassification Office ("MacLeod Decl."); and Jonathan P. Bennett of the Office of the Secretary of Defense ("Bennett Decl.") (together the "Declarations"), respectively Exhibits A, B, and C to the Franzen Declaration. ECF No. 484.

## BACKGROUND

Defendants have taken extensive discovery of the United States. The United States has responded to 265 document requests, producing more than 300,000 unclassified documents, and responded to 88 interrogatories. On January 12, Defendant General Dynamics served its eleventh set of requests for admission, bringing the combined total from both Defendants to 583 requests. This is in addition to 37 fact depositions Defendants noticed (including a 30(b)(6) deposition of the United States for which multiple 30(b)(6) designees gave testimony).

This litigation is now at a critical juncture with trial approaching in September. Magistrate Judge Nelson's Trial Setting Order (ECF No. 453) directs that expert discovery close

this month (January 30), *Daubert* motions be submitted next month (February 27), dispositive motions be fully submitted by May 29, and trial begin on September 21.[1]

## PRODUCTION OF DECLASSIFIED DOCUMENTS

Early in this litigation the United States agreed to attempt to review, declassify, and produce a universe of then-classified documents, determined by United States Air Force agency counsel with requisite clearance (detailed to the United States Department of Justice ("DOJ") at that time) to be responsive to discovery requests in this litigation.[2] The remainder of the DOJ case team cannot review the documents or receive overviews of them or the responsiveness determinations because none of the attorneys possess the requisite security clearance. Even if they did, the DOJ case team would not have legal authority to declassify these documents, a process which is statutorily prescribed. Nevertheless, since these materials were deemed responsive to this litigation's subject matter, they may implicate highly sensitive national security materials from the Cold War period and before, and declassification is not to be taken lightly. Still, the United States elected to make what it believed at the time would be reasonable efforts to review, declassify, and produce responsive, then-classified documents and not to assert any blanket privilege over these documents or to seek a protective order.

Throughout discovery the United States provided Defendants and the Court with regular updates through joint status reports that detail the extensive efforts it has undertaken to review, declassify, and produce what it can to Defendants from the identified universe of classified documents. (*See* ECF. Nos. 241, 280, 311, 353, 380, and 436). This was necessary, in part,

---

[1] The deposition deadline and any related *Daubert* motion practice have been extended for one United States' expert, Wiley Wright, due to medical reasons.

[2] A paralegal in DOJ's Environmental Defense Section also possessed the requisite clearance and assisted with the responsiveness review, though she is not otherwise a member of the DOJ case team.

3

because the United States was unable to meet production deadlines for the declassified documents, including those on March 10, 2025, April 10, 2025, and October 10, 2025.

A full recitation of the classified document background is beyond the scope of these Objections, but broadly speaking the United States divided the classified documents it is reviewing for declassification and production into different buckets: "Bucket 1" is comprised of classified documents that were held by the Air Force Historical Research Agency which must undergo review through the Air Force Declassification Office ("AFDO"), and "Bucket 2" is comprised of Department of Air Force ("DAF") documents housed at the National Archives and Records Administration ("NARA").[3] As discussed in more detail below, additional agencies with "equities" in the documents must also conduct a separate declassification review. Exs. A–C (Bennet Decl. ¶ 9; MacLeod Decl. ¶¶ 4–6; McIlwain Decl. ¶¶ 4–6). Here, that has required the Office of the Secretary of Defense ("OSD") and the Department of Energy ("DOE") to conduct additional reviews before certain documents could be declassified and produced. As a result of this extensive, good faith effort, the United States has produced more than 17,000 declassified document pages to Defendants.

But that declassification process has now reached the point of diminishing returns. The Orders mean that the United States is obligated to continue producing documents with periodic status reports until at least July 15, 2026, approximately two months prior to trial. As set forth in the Objections, and in the Declarations, the United States objects to that order because

---

[3] A third bucket or "Bucket 3" of the classified documents evaluated consisted of documents at NARA that originated from OSD that were classified as Top Secret Critical Nuclear Weapon Design Information (TS/Q or TS CNWDI). The United States determined it was highly unlikely these documents could be declassified. After conducting a limited review of a subset of Bucket 3 documents per Magistrate Judge Nelson's direction, the United States determined that a subset of these materials did not include responsive non-duplicative information. The United States accordingly halted any further review of the Bucket 3 documents.

4

continuing declassification imposes an undue burden and is not proportional to the needs of the case. And as set forth below, the United States moves to stay certain of the ECF No. 451 Continued Declassification Requirements pending resolution of its Objections, because of the undue burden and lack of proportionality of those requirements in the near-term.

## APPLICABLE LEGAL STANDARDS

Nebraska Civil Rule 72.2 provides the process to object to a magistrate judge's order. Under Nebraska Civil Rule 72.2(c), a magistrate judge's orders remain effective while objections are pending unless stayed by the magistrate judge. A party seeking a stay of discovery must demonstrate good cause for the stay. *Buc-ee's Ltd. v. Bucks, Inc.*, 8:17CV287, 2018 WL 443320, *4 (D. Neb. Jan. 16, 2018) (citing *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, Civil No. 13-1356, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013)). Courts have discretion to make a practical determination of whether a stay of discovery is appropriate. *TE Connectivity Networks, Inc.*, 2013 WL 4487505, at *2. *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (discussing power to stay as part of a court's inherent power to control its docket and balance competing interests).

The scope of discovery is broad but not unlimited. Fed R. Civ. P. 26(b)(1) provides that the Parties:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26 thus dictates that relevancy is not the only limiting factor. *Liguria Foods, Inc. v. Griffith Labs., Inc.,* 309 F.R.D. 476, 479 (N.D. Iowa 2015) ("A party resisting discovery on the basis of relevance bears the burden of establishing the lack of relevance. In addition, discovery

must be proportional to the needs of the case.") (citation omitted); *Wells v. Lamplight Farms Inc.,* 298 F.R.D. 428, 433 (N.D. Iowa 2014) ("discovery must not only be relevant, it must also be proportional to the needs of the case."). The 2015 amendments to Rule 26, which moved the proportionality factors from Rule 26(b)(2)(C)(iii) to 26(b)(1), did not alter the rule's substance, but were intended to emphasize the application of proportionality to the scope of permissible discovery. Fed. R. Civ. P. 26 advisory committee note to the 2015 amendments ("Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality . . . . The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."). Indeed, on motion or of its own accord, the court *must* limit the frequency and extent of discovery to the extent that it is outside the scope of Rule 26(b)(1). Fed. R. Civ. P 26(b)(2)(C)(iii). Responsibility for proportionality is a shared obligation. *Hartman v. City of Lincoln, Nebraska,* No. 4:19-CV-3100, 2021 WL 3856129, at *2 (D. Neb. Aug. 27, 2021) ("In the end, it is the collective responsibility of the parties and the court to consider the proportionality of all discovery requests.").

Separately, discovery may be curtailed by Rule 26(c) which allows a party to seek a protective order when the court finds "good cause" to protect a party from annoyance, embarrassment, oppression, undue burden or expense. Fed. R. Civ. P. 26(c)(1). "Because of liberal discovery and the potential for abuse, the federal rules confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required." *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984) (internal quotations omitted). Good cause exists when the moving party will suffer "specific prejudice or harm" if no

protective order issues, *Heller v. HRB Tax Grp., Inc.*, 287 F.R.D. 483, 485 (E.D. Mo. 2012), and must be "based on more than stereotypical and conclusory statements." *Misc. Docket Matter No. 1*, 197 F.3d at 926. The burden to show good cause rests on the moving party. *Gen. Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973). The district court has broad discretion to grant a protective order and determine the appropriate discovery limitation. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

While the respective inquiries—proportionality and undue burden—inform one another, they nevertheless provide the Court with distinct bases to limit discovery. *See Unknown Party v. Ariz. Bd. of Regents,* No. CV-18-01623, 2021 WL 2291380, at *1 (D. Ariz. June 4, 2021) ("With respect to undue burden and expense, Rule 26(c) operates parallel to, and in tandem with, the proportionality limits now set forth in Rule 26(b)(1).") (quoting 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 26, at 865 (2021)); *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, No. 2:11–cv–1588, 2013 WL 6628624, at *2 (W.D. Pa. Dec. 17, 2013) ("the exercise of [Rule 26(c)] discretion is often guided by the proportionality test under Rule 26(b).").

## ARGUMENT

1. **The Court should stay certain of the ECF No. 451 Continued Declassification Requirements as described herein pending resolution of the United States' Objections because of the burdens and lack of proportionality of those requirements in the near-term.**

The Court should stay the ECF No. 451 Continued Declassification Requirements pending resolution of the United States' Objections, because of the burdens and lack of proportionality of those requirements in the near-term. Under Nebraska Civil Rule 72.2(c), the Court may stay an order while objections to that order are pending. The Court has broad discretion to issue a stay, which it should exercise here to provide narrow relief from the burdens associated with the ECF No. 451 Continued Declassification Requirements pending resolution of

the United States' Objections. *See Landis*, 299 U.S. at 254–55. To be sure, this Court ruled on burden and proportionality associated with the long-term implications of the declassification review process in its Order at ECF No. 451, but it did so without the benefit of the factual evidence provided here and in the Objections. Exs. A–C. Further, in this Motion, the United States seeks a narrower form of relief than it seeks in its Objections, applicable to only some of the declassification requirements and only during the near-term period pending resolution of its Objections.

Specifically, the United States seeks a stay here allowing it only to pause time-consuming efforts to transmit declassified documents from classified systems to non-classified systems, complete rolling productions, and submit status reports during the pendency of the Objections. However, the United States is not asking to stay, and would not have the declassifying offices stop, the internal declassification review process if this Motion is granted. This process is, as argued in the Objections and set forth in the Declarations (Exs. A-C), extremely burdensome. However, in this Motion the United States seeks to balance its need for interim relief from the burdens imposed by the Orders against the possibility that the Court may overrule the Objections by crafting a narrow request for relief. The practical reality is that temporarily pausing the internal declassification review process only to later restart it could actually exacerbate burdens given its complexities. *See* Ex. A (McIlwain Decl.) at ¶¶ 6–7; Ex. B (MacLeod Decl.) at ¶¶ 5–7 (discussing returns of referrals reviewed by other agencies and compilation of consolidated, sanitized document); Ex. C (Bennett Decl.) at ¶¶ 9–10 (discussing challenges of line-by-line review). It makes more sense to continue with the internal declassification review process (though extremely burdensome in the long term as detailed in the Objections) for the limited period while the Court considers the Objections, particularly given that one of the declassifying

offices expects to conclude its work soon. Ex. C (Bennett Decl.) ¶¶ 13–14 (Declassification Branch of the Office of the Secretary of Defense estimates it will return its documents in January).[4] That said, even the narrow stay sought here would provide meaningful relief from burdens in the near-term.

Significantly, even the final steps of producing declassified documents are burdensome and not proportional to the needs of the case pending resolution of the Objections. Document transmittal from classified systems to non-classified systems and return to counsel on a rolling basis by the declassifying offices is burdensome in its own right. Ex. A (McIlwain Decl.) at ¶ 7 (discussing return of record copies to the requester and refiling process); Ex. B (MacLeod Decl.) at ¶ 8 (declassified documents must be printed using a copier attached to the classified system and then removed from classified storage, scanned using a regular copier, and released). Each status report requires coordination with multiple declassifying offices. *See* Ex. A (McIlwain Decl.) at ¶¶ 4–6; Ex. B. (MacLeod Decl.) at ¶¶ 4–6; Ex. C (Bennett Decl.) at ¶ 7 (all discussing the process for reviews involving multiple agencies). Even this limited portion of the declassification review process diverts finite agency resources from their core functions, including review of records requested by the public. *See* Ex. A (McIlwain Decl.) at ¶ 10; Ex. B (MacLeod Decl.) at ¶ 11. Further, the coming weeks are a time when the Parties are concluding expert depositions and preparing for any *Daubert* motions. ECF No. 453. Thus, the United States seeks a narrow stay of the ECF No. 451 Continued Declassification Requirements while its Objections are pending. *See also* ECF No. 487 (United States' Brief in Support of its Statement

---

[4] Note, however, that the Air Force Declassification Office currently expects work on the remaining documents by all referral agencies to be complete no later than March 30, 2026, and that significant work to sanitize and produce documents remains to be done thereafter. Ex. B (MacLeod Decl.) at ¶¶ 6–8, 18.

of Objections) at pp. 9–16 (discussing burdens and lack of proportionality in the long-term).[5] This narrow stay will provide meaningful relief in the near-term.

The United States respectfully requests that the Court stay the ECF No. 451 Continued Declassification Requirements allowing it to pause efforts to transmit declassified documents from classified systems to non-classified systems, complete rolling productions, and submit status reports pending resolution of the Objections. The Court should grant this narrow stay pursuant to NECivR. 72.2(c), its inherent authority to control its docket, and Fed. R. Civ. P. 26 given the burdens and lack of proportionality to the needs of the case pending resolution of the Objections.

DATED:       January 23, 2026            Respectfully submitted,

FOR THE UNITED STATES OF AMERICA
ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

s/ *Johanna M. Franzen*
Johanna M. Franzen
MN Bar # 0392191
Attorney for the United States
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-3319
Email: Johanna.Franzen@usdoj.gov

---

[5] The United States refers to this argument here not to litigate the same issues in different forums, but because this Motion to Stay is based on certain of the same general burdens and lack of proportionality—just during this intermediate time period.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d)(1)(D), I certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Word for Office 365, this document contains 3,203 words. The word-count function was applied to all text, including the caption, heading, footnotes, and quotations.

s/ <i>Johanna M. Franzen</i>

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Johanna M. Franzen*
Trial Attorney
U.S. Department of Justice