IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff and Counter-Defendant,<br><br>   v.<br><br>GENERAL DYNAMICS CORPORATION and DOW CHEMICAL COMPANY,<br><br>   Defendants and Counterclaimants. | Civil Action No. 8:23-cv-00416 |

### UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL OPINION OF DR. JAY BRIGHAM

### INTRODUCTION

The Court should deny Defendants' motion to strike the supplemental report of the United States' expert historian, Dr. Jay Brigham, because Defendants suffered no undue prejudice by the disclosure. The United States served the supplemental report well over a month before Dr. Brigham's deposition. After Defendants filed their motion, the United States offered to reschedule Dr. Brigham's deposition and to consent to a rebuttal disclosure by Defendants' expert historian. Defendants declined the offer. The United States remains willing to consent to the proposed measures, which would eliminate Defendants' claimed prejudice.

And even if Defendants suffered harm, the disclosure was substantially justified. Under the Federal Rules, the United States' duty to supplement includes incomplete information in an expert witness report. About 100 days passed between Dr. Brigham's sur-rebuttal report and the supplemental disclosure at issue. The lapse in government appropriations accounts for nearly half of that time, including when all deadlines in this case were stayed. Dr. Brigham independently decided to write his supplemental report while preparing for his deposition, which ultimately was

rescheduled after appropriations were restored and the judicial stay was lifted. The supplemental report offers more support for Dr. Brigham's previously disclosed opinions, which he stands by.

## BACKGROUND

The United States has timely complied with this Court's Scheduling Order by identifying several experts, including historian Dr. Brigham, and by serving his primary report on May 6, 2025, his rebuttal report on July 9, 2025, and his sur-rebuttal report on September 5, 2025. On October 1, 2025, and continuing until November 12, 2025, the appropriations act that had been funding the U.S. Department of Justice expired and those appropriations to the Department lapsed. On October 3, the court stayed all deadlines considering the lapse in appropriations. ECF No. 412. On November 18, the court lifted the stay. ECF No. 422.

Dr. Brigham's deposition was originally scheduled for October 16 to 17, 2025. ECF No. 384. On December 2, Defendants served an amended notice scheduling Dr. Brigham's deposition for January 26 to 27, 2026.[1] ECF No. 433. In preparing for his deposition—specifically, after further review of the documents cited in his three previous reports and more documents listed in the footnotes of his supplemental report—Dr. Brigham decided to write a supplemental report. Dr. Brigham stands by his original opinions and offered the supplemental report as additional support to his previously disclosed opinions. ECF No. 476-2, at 4 (Brigham Supplemental Report). Dr. Brigham summarized his supplemental opinions as follows:

> 1. Historical documents show that bomb casings and shell casings were degreased and primed at manufacturing plants before shipment to loading and assembling plants, like the Nebraska Ordnance Plant (NOP), during World War II and during the Korean War / 1950s production period. I have not found historical documentation that supports the assertion that bomb and shell casings were coated

---

[1] On joint motion of the parties, Dr. Brigham's deposition was rescheduled for February 2 to 3, 2026, due to severe winter storms that prevented travel to the deposition location. *See* ECF Nos. 492, 494.

2

> with Cosmoline, or other rust-preventive compounds, before shipment to bomb loading and assembly plants including the NOP.
>
> 2. Mr. A.J. Gravel suggests that historical NOP documents were destroyed in a possible fire at the Rock Island Arsenal (RIA). After inquiring about such a possibility with archivists at several National Archives and Records Administration facilities and an archivist at the RIA, I received no confirmation that a RIA fire destroyed NOP records. Given that none of the archivists responded to my inquiries with information indicating that such a fire occurred, I find it unlikely that a fire at the RIA destroyed NOP records.

*Id.*

On January 15, 2026, Defendants filed their motion to strike Dr. Brigham's supplemental report. ECF No. 473. Defendants did not confer with counsel for the United States about mechanisms to cure their purported prejudice before filing their motion. That said, on January 21, counsel for the United States emailed counsel for Defendants offering to resolve the dispute by agreeing (1) not to object to any supplemental report by Defendants' expert historian, A.J. Gravel, that responds to the limited topics within Dr. Brigham's supplement (subject to the opportunity to reopen Mr. Gravel's deposition for a short time, potentially via videoconference) and (2) to postpone Dr. Brigham's deposition by a limited, reasonable time to allow Defendants additional time to prepare, if needed. Defendants declined. Mitchell Decl. Ex. A, ECF No. 499.

## LEGAL STANDARD

Rule 26(a)(2)(A)–(B) requires parties to disclose the identity of expert witnesses and to produce expert reports that satisfy specified criteria. "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). A party must supplement disclosures that are incomplete, including information in an expert witness report. Fed. R. Civ. P. 26(e)(1)(A), (2). "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Failure to make or supplement these required disclosures bars a party's use of the information or witness, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## ARGUMENT

The Court should deny the motion because Dr. Brigham's supplemental report is harmless. And even if Defendants suffered some prejudice, the supplement was substantially justified.

I.     **DEFENDANTS SUFFERED NO PREJUDICE BY DR. BRIGHAM'S SUPPLEMENTAL REPORT.**

The supplemental disclosure of two additional opinions providing further support for Dr. Brigham's previously-stated opinions well over a month before his deposition is harmless and works no prejudice to Defendants. Courts consider, for example, the surprise and prejudice to the opposing party, disruptions to the order and efficiency of trial, and the importance of the information or testimony. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "Most commonly, the harm associated with untimely expert witness disclosures is the non-disclosing party's inability to adequately prepare its case by deposing the witness during the discovery period." *Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007); *see In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010) (finding prejudice where expert report was disclosed about a year after deadline and opposing party had already moved for summary judgment on expert's initial report and deposition). Here, by contrast, the supplemental report was disclosed before the close of expert discovery, and Defendants have had over a month to prepare to depose Dr. Brigham on the supplemental report. Defendants admit that the topics of Dr. Brigham's supplemental report are not new. *See* Defs.' Br. 3, ECF No. 474 ("The Supplement retreads topics discussed extensively in Dr. Brigham and Mr. Gravel's initial, rebuttal, and surrebuttal

4

reports and Mr. Gravel's deposition."). And they make no claim in their motion that they are unable to prepare for the deposition.

Defendants' only claim of prejudice is just the opposite—that Dr. Brigham's supplemental report was served after *Defendants'* expert historian, Mr. Gravel, was deposed and thus Mr. Gravel lacks an opportunity to respond to the supplemental report. *Id*. at 6. This argument, too, lacks merit. Mr. Gravel has opined on the general topics in the supplemental report, as Defendants concede. *Id.* at 3. And that Mr. Gravel was deposed before Dr. Brigham's supplemental report is disadvantageous to the United States, not Defendants. After all, it is the United States that would be deprived of an opportunity to learn Mr. Gravel's response, if any, to the supplemental report before trial by taking his deposition. And, in any event, the United States consents to a concomitant disclosure by Mr. Gravel responding to the supplemental report and a short deposition, at the United States' cost, on new opinions, if necessary.

Defendants' contention that the supplemental report might lead to more document discovery or delay is vague and hypothetical. *Id.* at 6. Defendants fail to explain how the supplemental report would lead to more document discovery. Indeed, the United States identified or produced (if not previously produced) the supporting documentation for Dr. Brigham's report. ECF No. 476-1. And even if Mr. Gravel responds to the supplemental report, which has now been available for over a month, the parties can work to schedule a short deposition on any new opinions without upsetting the trial schedule, as they have done for other witnesses already. *See* ECF Nos. 466, 494.

**II.  DR. BRIGHAM'S SUPPLEMENTAL REPORT IS SUBSTANTIALLY JUSTIFIED.**

The Court should deny the motion for the additional and independent reason that Dr. Brigham's supplemental report is substantially justified. The Federal Rules require supplementation where a disclosure, including expert witness reports, is incomplete. Fed. R. Civ.

P. 26(e)(1)(A), (2). To determine whether a post-deadline report is a supplementation of a previously disclosed opinion, the Court looks to whether the report "merely clarif[ies]" rather than "materially alters[]" the expert's original report. *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013); *see also Genosource, LLC v. Secura Ins.*, 637 F. Supp. 3d 633, 639 (N.D. Iowa 2022) (stricken supplemental report was five times longer than original report and used new data analysis and methodology to calculate damages). Here, that the supplemental report—in Defendants' words—"retreads" topics in Dr. Brigham's earlier reports confirms that it is a supplementation. In accordance with its duty to supplement, the United States served the supplemental report before pretrial disclosures became due under Rule 26(a)(3). *See* Fed. R. Civ. P. 26(e)(2).

And even if the supplement could be viewed as untimely new opinion rather than supplementation, the delayed disclosure was substantially justified. Shortly after the disclosure of sur-rebuttal reports, the Court stayed all deadlines during the lapse in appropriations. During the roughly one hundred days between the sur-rebuttal report deadline and the disclosure of Dr. Brigham's supplemental report, Dr. Brigham revisited his reports and the relevant historical documentation to prepare for his deposition, realized they were incomplete, and wrote the supplemental report. After the Court lifted the stay and Dr. Brigham's deposition was rescheduled to begin January 26, 2026, Dr. Brigham's supplemental report was promptly provided to Defendants more than a month before his deposition.

To be sure, the ten new sources that Dr. Brigham cites in his supplemental report were "publicly available" to him before the rebuttal report deadline. Defs.' Br. 5–6, ECF No. 474. Much of the evidence here is historical. And Dr. Brigham will be offered as an expert historian. It

is no surprise that the documents were available before his rebuttal report. But when he realized the information in his prior reports was incomplete, he promptly prepared a supplement.

Specifically, Dr. Brigham had already "questioned if every bomb casing and shell casing arrived at the plant coated in Cosmoline" and even if so he "doubted that TCE, because of its scarcity and cost, would have been used to remove the Cosmoline." ECF No. 476-2, at 7 (Brigham Supplemental Report); *see also* ECF No. 476-3, at 16 (Brigham Sur-Rebuttal Report). But in his further investigation, he found substantiating information showing that the shell and bomb casings were painted with a primer at a separate manufacturing facility, obviating the need for a Cosmoline coating. ECF No. 476-2, at 7. While the individual documents supporting this opinion were theoretically available before Dr. Brigham finalized his sur-rebuttal report, he had to rely on three unique document types collectively to develop fully his additional opinion on Cosmoline usage. *Id*. at 8. Defendants are free to question Dr. Brigham at his upcoming deposition about any reasons he had not previously formed those opinions, and use any such information on cross-examination as they deem fit.

Defendants also complain that Dr. Brigham could have inquired earlier about a fire that might have destroyed records relevant here. Defs.' Br. 6. The supplemental report lists the names of individuals he contacted in August and September 2025 (before the sur-rebuttal disclosure deadline). Some of those individuals did not respond until after the deadline, and at least one pointed Dr. Brigham to an additional source shortly before the deadline.[2] Again, including this information in a supplemental report was substantially justified.

---

[2] *See* Mitchell Decl. Ex. B, at MA0025740 (Rock Island Arsenal archivist suggesting follow-up with National Archives at St. Louis on September 3, 2025), MA0025742–43 (initial email with the National Archives at St. Louis), MA0025745 (additional response from National Archives at Kansas City on September 16, 2025), MA0025747 (additional response from National Archives at St. Louis on November 18, 2025).

7

## CONCLUSION

For all these reasons, the Court should deny Defendants' Motion to Strike Supplemental Opinion of Dr. Jay Brigham.

Dated: January 29, 2026                    Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

/s/ Christopher H. Mitchell
CHRISTOPHER H. MITCHELL
(DC Bar # 416826)
BRANDON N. ADKINS
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-9275 (Mitchell)
(202) 598-9562 (Adkins)
Christopher.Mitchell@usdoj.gov
Brandon.Adkins@usdoj.gov

JOHANNA M. FRANZEN (MN Bar # 0392191)
VANESSA MOORE
DAVID L. GORDON
ZACHARY N. MOOR (MA Bar No. 681469)
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3319 (Franzen)
Johanna.Franzen@usdoj.gov
Vanessa.Moore@usdoj.gov
David.L.Gordon@usdoj.gov
Zachary.Moor@usdoj.gov

MARK C. ELMER
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street, North Terrace, Suite 600
Denver, CO 80210
(303) 519-4954
Mark.Elmer@usdoj.gov

*Counsel for Plaintiff the United States*

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(1)(D), I certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Word 365, this document contains 2,378 words. The word-count function was applied to all text, including the caption, heading, footnotes, and quotations.

<u>/s/ Christopher H. Mitchell</u><br>
Christopher H. Mitchell<br>
Trial Attorney<br>
U.S. Department of Justice

## CERTIFICATE OF SERVICE

      I hereby certify that on January 29, 2026, I electronically filed the foregoing United States' Brief in Opposition to Defendants' Motion to Strike Supplemental Opinion of Dr. Jay Brigham with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                */s/ Christopher H. Mitchell*
                                                                Christopher H. Mitchell
                                                                Trial Attorney
                                                                U.S. Department of Justice