## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL DYNAMICS CORPORATION | ) | CIVIL ACTION NO.: 8:23-CV-00416 |
| | ) | |
| and | ) | |
| | ) | |
| DOW CHEMICAL COMPANY, | ) | |
| | ) | |
| Defendants and Counterclaimants. | ) | |
| | ) | |

## REPLY IN SUPPORT OF MOTION TO STRIKE
## SUPPLEMENTAL OPINION OF DR. JAY BRIGHAM

The Supplemental Opinion of the Government's expert, historian Dr. Jay Brigham (the "Supplement"), served over four months after the deadline for completion of expert reports, violates the Court's Progression Order and the Federal Rules of Civil Procedure. As Defendants made clear in their Motion to Strike Dr. Brigham's Supplement ("Motion") (Dkt. 474), the Government's untimely disclosure of Dr. Brigham's report will cause significant prejudice by further complicating the pretrial case schedule and forcing defendants to allocate resources to, and to incur the time and expense of, discovery necessitated by supplemental opinions that could have been raised last May. In its Opposition to Defendants' Motion to Strike ("Opposition") (Dkt. 501), the Government fails to show that its untimely disclosure is harmless, or provide adequate grounds that the untimely Supplement was substantially justified. The Court should strike the untimely Supplement in its entirety.

## ARGUMENT

The appropriate remedy for an untimely disclosure, including exclusion, is in the trial court's discretion. *Gossett v. Weyerhaeuser Co.*, 856 F.2d 1154, 1156-57 (8th Cir.1988). "[A]

district court may exclude from evidence at trial any matter which was not properly disclosed" in compliance with the Court's scheduling orders. *Life Plus Int'l v. Brown,* 317 F.3d 799, 803 (8th Cir. 2003) (quoting *Dabney v. Montgomery Ward & Co.*, 692 F.2d 49, 51 (8th Cir. 1982)). The Eighth Circuit has held that "failure to disclose in a timely manner is equivalent to failure to disclose[,]" *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998), and that exclusion is the appropriate remedy unless the delayed disclosure is "substantially justified or harmless." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed.R.Civ.P. 37(c)(1)). Dr. Brigham's untimely Supplement is neither.

## I.    The Untimely Supplement is Not Harmless

As Defendants' Motion made clear, the Supplement's untimely disclosure will cause significant prejudice to Defendants in the form of i) disruption to the parties' and the Court's efficient and orderly preparation of this case for trial; and ii) the additional time, resources and costs necessary to vet and respond to the Supplement.[1]

Courts in the Eighth Circuit and beyond routinely strike untimely expert disclosures as prejudicial for precisely these reasons. *See*, *e.g.*, *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (finding that an untimely expert disclosure was not harmless because allowing the belated report would require an expert to be re-deposed and potentially delay the case schedule); *GenoSource LLC v. Secura Insurance,* 637 F. Supp. 3d 633, 639 (N.D. Iowa 2022) ("Supplemental reports cannot be used whenever a party wants to bolster or submit additional expert opinions, ... wreak[ing] havoc on docket control and amount[ing] to unlimited expert opinion preparation.").

---

[1] The Government contends that Defendants should have met and conferred regarding the *Government's decision* to disclose the untimely Supplement before filing its Motion. Opposition at 3. The burden to meet and confer lay solely with the Government, when it decided to serve an untimely expert disclosure without seeking an extension. Dkt. 350.

In its Opposition, the Government contends that Defendants were not prejudiced by the Supplement because it was disclosed sufficiently far enough in advance of Dr. Brigham's deposition.[2] Opposition at 4. The fact that an expert's supplemental opinion is disclosed before that expert's deposition does not obviate the prejudice associated with a tardy disclosure. *See, e.g.*, *Ruiz v. Walmart Inc.*, No. CV 20-01129-RAO, 2021 WL 4796960 (C.D. Cal. Apr. 27, 2021) (finding prejudice although supplemental report was disclosed before expert's deposition, because Defendant incurred additional costs to prepare for the deposition to address the new opinions and to prepare its own expert based on these new opinions). The Government's Opposition ignores the prejudice identified in Defendants' Motion.

The Government fails to acknowledge the prejudice Dr. Brigham's untimely Supplement would cause by delaying the overall case schedule. Pretrial deadlines exist for this very reason. Dr. Brigham testified in his deposition that he wrote the Supplement because while preparing for his deposition, he and his staff identified some additional historical documents in the Department of Justice's electronic document database. Brigham Dep. 78:5-21 Feb. 2, 2026, Ex. A. Dr. Brigham acknowledged that all of those documents were available to him at the time he issued his three prior reports. *Id.* at 81:25; 82:1-4, Ex. A. Dr. Brigham also testified at deposition that he knew that there was no supplemental report deadline from the Court and that he was aware he was not granted leave to file his Supplement. *Id.* at 77:5-22, Ex A. If litigation experts were able to flout case progression orders and continue to supplement their opinions and reports indefinitely, expert discovery would never end. *See, e.g.*, *Hologram USA Inc. v. Pulse Evolution Corp.*, 2016 WL 3965190, at *4 (D. Nev. July 21, 2016) (rejecting argument that granting defendants leave to

---

[2] The Government also highlights its belated January 21, 2026 email offering to "cure" Defendants' prejudice by agreeing to an additional report and deposition for Mr. Gravel and postponing the Brigham deposition. Opposition at 3. The Government's offer, which Defendants rejected, highlights the prejudice to Defendants caused by Dr. Brigham's untimely Supplement.

respond to plaintiffs' untimely supplement would cure any prejudice because each new supplement would require issuance of a subsequent competing supplemental report).

As Dr. Brigham acknowledged at his deposition, he drafted his Supplement with the benefit of having listened to Mr. Gravel's deposition testimony on September 22-23, 2025. Brigham Dep. 26:1-4, Feb. 2, 2026, Ex. A. The untimely nature of Dr. Brigham's Supplement thus effectively denied Mr. Gravel the opportunity to respond, either in a written report or at deposition. Mr. Gravel is not the only expert in this case who has responded to Dr. Brigham's opinions, and Dr. Brigham is not the only expert who has responded to Mr. Gravel. Allowing Dr. Brigham's Supplement to stand creates a cascading sequence of impacts, with each new supplemental report mandating additional responsive reports. Here, as the Government concedes in its Opposition, if Dr. Brigham's Supplement stands, the parties will need to engage in additional discovery efforts. Opposition at 5. Mr. Gravel would be required to prepare an additional report and sit for a second deposition, which Defendants seek to avoid.

There is no basis to disrupt a pretrial schedule that the parties and the Court agreed to and have been operating under during expert discovery to accommodate supplemental opinions that could have been made eight months ago. The current deadline for expert-related motions is fast approaching on February 27, 2026, only a few weeks before summary judgment briefing begins on April 3, 2026. Dkt. 453. The schedule leaves little to no space for the expert discovery deadline to be pushed back without impacting the rest of the calendar.

In addition to potential schedule delays, the Government does not acknowledge the substantial costs of additional expert discovery. In addition to requiring more time from Mr. Gravel, Defendants would also have to commit additional resources and time to an expert discovery phase that should be over, rather than engaging in dispositive motion practice and preparing for trial. Time and resources spent on additional expert discovery takes the parties' time

away from trial preparation and dispositive motions. These costs and delays diminish litigation efficiency. As one court put it, "[d]isruption to the schedule of the court and other parties…is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005)

In short, allowing the Supplement to remain on the record would threaten the case schedule, impose substantial discovery costs and "wreak havoc on docket control." *GenoSource LLC*, 637 F. Supp. 3d at 639. The Supplement's belated disclosure is thus far from harmless.

## II.    The Untimely Supplement  is Not Substantially Justified

The Government continues to provide no grounds for the Court to find that the untimely Supplement was substantially justified. Such a finding can be made where the delay in service of an untimely expert report is not primarily caused by the disclosing party, but not here, where fault for the delay lies exclusively with the Government. *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17CV2335-GPC(MDD), 2019 WL 2579793, at *3 (S.D. Cal. June 24, 2019).[3]

As a new, alternative argument, the Government suggests that the Supplement is a mere "supplementation" rather than a new opinion, but this argument also fails. Opposition at 6. Rule 26(e) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Wells v. Lamplight Farms, Inc.*, 303 F.R.D. 530, 536 (N.D. Iowa 2014) (quoting *Minebea Co. v. Papst,* 231 F.R.D. 3,

---

[3] It is also important to note that the Government's untimely disclosure is part of a pattern of missed deadlines in this case, including with respect to the production of declassified documents. "The public interest requires not only that Court orders be obeyed but further that Governmental agencies which are charged with enforcement of the laws should set the example of compliance with Court orders." *American Civil Liberties Union v. DOD*, 339 F. Supp. 2d 501 (S.D.N.Y 2004).) Rewarding the Government's repeated disregard for the Court's scheduling orders would be contrary to "the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1).

6 (D.D.C.2005)). The Government acknowledges that the "the ten new sources that Dr. Brigham cites in his supplemental report were 'publicly available' to him before the rebuttal report deadline" and does not argue that the Supplement corrects inaccuracies. Opposition at 6. In fact, Dr. Brigham testified in his deposition that "ever since June" he had been "trying to figure out" one of the topics he addresses in his Supplement. Brigham Dep. at 78:5-21, Feb. 2, 2026, Ex. A. Dr. Brigham's Supplement does not offer new expert opinions, but rather "builds upon" his three previous reports. Id. at 75:1-4, Ex. A. This further demonstrates that the Supplement does not correct inaccuracies or add information that was unavailable at the time of the initial reports – rather, it is the product of additional research Dr. Brigham could have conducted at any time before the disclosure deadline.

No good cause exists for the Government's unilateral, post-deadline modification of expert deadlines served four months after the deadline. The Government has not endeavored to show "its diligence in attempting to meet the progression order," a threshold showing required for any good cause finding. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (internal citations omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Dr. Brigham's Supplement.

Dated this 5th day of February, 2026.

Respectfully submitted,

**Counsel for Defendant Dow:**

*/s/John Worth*
JOHN R. WORTH (pro hac vice)
FRANK G. DYLEWSKI (pro hac vice)
JARAN R. MOTEN (pro hac vice)
161 N. Clark, Suite 1700
Chicago, IL 60601
Telephone No. (312) 794-7307
FDylewski@phillipslytle.com
jmoten@phillipslytle.com

JOEL A. BLANCHET (pro hac vice)
JEREMY M. AMAR-DOLAN (pro hac vice)
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
jblanchet@phillipslytle.com
jamar-dolan@phillipslytle.com

WILLIAM F. HARGENS (#16578)
MICHAEL L. MORAN (#24042)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone No. (402) 341-3070
whargens@mcgrathnorth.com
mmoran@mcgrathnorth.com

**Counsel for Defendant General Dynamics:**
*/s/ Wade A. Thomson*
Wade A. Thomson
Steve M. Siros
Sarah L. Futernick *Pro hac vice*
Attorneys for Defendant General Dynamics
Corporation
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654
Telephone: (312) 840-8613
Fax: (312) 527-0484

7

Email:  wthomson@jenner.com
Email:  ssiros@jenner.com
Email: sfuternick@jenner.com

Matthew S. Hellman *Pro hac vice*
Attorney for Defendant General Dynamics
Corporation
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001
Telephone: (202) 639-6861
Fax: (202) 639-6066
Email:  mhellman@jenner.com

Steven D. Davidson
Bar Number: 18684
Lindsay K. Lundholm
Bar Number: 22224
Brian Barmettler
Bar Number: 27017
Attorneys for Defendant General Dynamics
Corporation
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, Nebraska 68102
Telephone: (402) 344-0500
Fax: (402) 344-0588
Email:  sdavidson@bairdholm.com
Email:  llundholm@bairdholm.com
Email:  bbarmettler@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2026, I caused a copy of the foregoing

to be sent via email to the following counsel of record:

**For the United States of America:**

Johanna Franzen (Johanna.Franzen@usdoj.gov)
Mae Bowen (Mae.Bowen@usdoj.gov)
Gabriela Campbell (Gabriela.Campbell@usdoj.gov)
Daniel Dertke (Daniel.Dertke@usdoj.gov)
Mark Elmer (Mark.Elmer@usdoj.gov)
David Gordon (David.Gordon@usdoj.gov)
Vanessa Moore (Vanessa.Moore@usdoj.gov)

**For General Dynamics:**

Steve Siros (ssiros@jenner.com)
Wade Thomson (wthomson@jenner.com)
Steven Davidson (sdavidson@bairdholm.com)
Lindsay Lundholm (llundholm@bairdholm.com)

Dated: February 5, 2026

PHILLIPS LYTLE LLP

*/s/John R. Worth*
John Worth (pro hac vice)
35 W. Wacker, 34th Floor
Chicago, IL 60601
(312) 794-7300
jworth@phillipslytle.com