**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff and Counter-Defendant, | ) |
| v. | ) |
| GENERAL DYNAMICS CORPORATION | ) CIVIL ACTION NO.: 8:23-CV-00416 |
| and | ) |
| DOW CHEMICAL COMPANY, | ) |
| Defendants and Counterclaimants. | ) |

**THE DOW CHEMICAL COMPANY'S CONSOLIDATED RESPONSE TO THE GOVERNMENT'S (1) STATEMENT OF OBJECTIONS TO MAGISTRATE JUDGE NELSON'S ORDERS; (2) MOTION FOR LEAVE TO SUBMIT EVIDENCE IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE NELSON'S ORDERS; AND (3) MOTION TO STAY PORTIONS OF ORDER ECF NO. 451**

Defendant, The Dow Chemical Company ("Dow"), files this Response to clarify its position with respect to the Government's Statement of Objections to Magistrate Judge Nelson's Orders (ECF No. 487) (the "Objections"); Motion for Leave to Submit Evidence in Support of its Objections (ECF No. 482); and Motion to Stay Portions of Order ECF No. 451 (ECF No. 489) (collectively, the "Government's Classified Documents Filings").

As previously discussed with the Court and the Parties, and consistent with the Court's January 14, 2026 Order granting "leave to file motions related to Plaintiff's production of classified documents at Defendants' discretion" (ECF No. 470), on February 5, 2026, Dow filed a Motion to Dismiss for the Government's Failure to Meet Its Discovery Obligations ("Dow's Motion to Dismiss") pursuant to Federal Rules of Civil Procedure 41 and 37, as well as this Court's inherent power to dismiss complaints and enter such orders as are necessary to control its docket. Dow's

1

Motion to Dismiss and accompanying papers, the entirety of which Dow incorporates by reference into this Response, address the subject matter of the Government's Classified Documents Filings.

As Dow explains in the Brief in Support of its Motion to Dismiss (ECF No. 506), the discovery difficulties that led to the Government's Classified Documents Filings are not new. They have plagued this case from the outset, impeded the Court's ability to administer its docket, incurably prejudiced Defendants' due process right to timely discover available and relevant—potentially case-dispositive—evidence, and caused the Government's repeated failure to comply with multiple Court orders. At bottom, the Government has refused, and continues to refuse, to do what every other litigant must do: collect, review, and produce relevant documents in its exclusive possession, custody, and control.

That the Government voluntarily assumed that obligation when it filed this lawsuit is troubling enough. It has since availed itself of this Court's authority to compel Defendants to endure an extraordinarily long and resource-intensive partial discovery process in pursuit of its claims. Worse still, the fact that the Government's lawyers assigned to prosecute this case are not even permitted to see what other Government employees, including other unidentified DOJ lawyers, can readily access—but apparently have better things to do—means that no one involved in this litigation has access to concededly available and potentially case-dispositive evidence; not the Court, not Defendants, and not the cadres of agency lawyers the Government dispatched to pursue this case, because "none of the attorneys possess the requisite security clearance." (ECF No. 487 at 4.) As the Government itself admits, its own "case team is unaware of [the documents'] contents and forbidden from discussing classified information." (ECF No. 487 at 11.)

National security is tremendously important. Also important are due process, separation of powers, the credibility of public institutions, the fair and efficient administration of justice, and

common sense. There are times when these things conflict. This is not one of them. This is a case that should not have been filed and cannot be maintained. The Government should recognize the absurdity and unfairness it has created and dismiss the case itself.

Instead, the Government asks to be excused from its discovery obligations altogether—because of its own refusal to meet them. It "respectfully asks the Court to sustain the Objections and halt any further declassification review and production, holding the United States' discovery obligations fulfilled." (ECF No. 487 at 2.) In the alternative, it asks that "its discovery obligations be deemed fulfilled on July 15, 2026, regardless of whether every document identified by agency counsel as responsive has been declassified and produced." (ECF No. 487 at 2.) That request would effectively allow the Government to usurp this Court's authority and trample Dow's rights by forcing it to trial on an incomplete record—in a proceeding in which everyone involved would know that the case was being decided without the benefit of potentially case-dispositive evidence because the Government employees authorized to review it have more important things to do than comply with this Court's orders. In addition to being severely prejudicial, forcing Dow to trial on a deficient record of the Government's own making would also constitute reversible error. *See*, *e.g.*, *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 144 (8th Cir. 1968) (plaintiff's failure to produce relevant documents "did not comport with the broad purpose of our discovery rules in encouraging and demanding that the parties disclose and supply relevant evidence upon proper request" and such failure "prejudiced the defendant and warrant[ed] a new trial").

Given these circumstances, and for the reasons set forth in Dow's Motion to Dismiss and supporting papers, that Motion should be granted. Doing so will moot the Government's Classified Documents Filings and obviate the need for the Court to address them. In the interest of efficiency,

Dow respectfully suggests the Court take up its Motion to Dismiss in advance of the Government's Classified Documents Filings.

If the case is not promptly dismissed, then the admissions in the Government's own papers establish, at a minimum, that (1) the current trial date and associated pre-trial deadlines must be vacated, and the Government must complete its production by a firm deadline, with sufficient time thereafter for Dow to incorporate the produced documents into its defense, including supplemental expert work and motion practice prior to trial; and (2) the Government must bear Dow's reasonable costs and attorneys' fees incurred as a result of the Government's discovery failures, including the costs of duplicative work necessitated by its delayed production. To the extent the Government's Classified Documents Filings seek any relief inconsistent with Dow's pending Motion to Dismiss, Dow opposes such relief, and respectfully requests that the Court deny it.[1]

The Government chose to file this lawsuit, and it must bear the consequences of its own decisions.

---

[1] To be clear, the Government chose not to pursue a protective order in the face of Dow's repeated warnings that (1) the Government had never been relieved of its discovery obligations and (2) Dow required the Government's satisfaction of those obligations for the case to proceed. *See* Moten Declaration, Exhibit 1.

Dated: February 6, 2026        */s/ Jaran R. Moten*
JOHN WORTH (pro hac vice)
JARAN R. MOTEN (pro hac vice)
FRANK G. DYLEWSKI (pro hac vice)
Phillips Lytle LLP
35 W. Wacker Drive, 34th Floor
Chicago, Illinois 60601
Telephone No. (312) 794-7300
jworth@phillipslytle.com
jmoten@phillipslytle.com
fdylewski@phillipslytle.com

JOEL A. BLANCHET (pro hac vice)
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
jblanchet@phillipslytle.com

MICHAEL L. MORAN (#24042)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Telephone No. (402) 341-3070
mmoran@mcgrathnorth.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2026, I caused a copy of the foregoing to be sent via email to the following counsel of record:

**For the United States of America:**

Johanna Franzen (Johanna.Franzen@usdoj.gov)
Mae Bowen (Mae.Bowen@usdoj.gov)
Gabriela Campbell (Gabriela.Campbell@usdoj.gov)
Mark Elmer (Mark.Elmer@usdoj.gov)
David Gordon (David.Gordon@usdoj.gov)
Vanessa Moore (Vanessa.Moore@usdoj.gov)

**For General Dynamics:**

Steve Siros (ssiros@jenner.com)
Wade Thomson (wthomson@jenner.com)
Steven Davidson (sdavidson@bairdholm.com)
Lindsay Lundholm (llundholm@bairdholm.com)

Dated: February 6, 2026                    PHILLIPS LYTLE LLP

*/s/ Jaran R. Moten*
Jaran R. Moten (pro hac vice)
35 W. Wacker, 34th Floor
Chicago, IL 60601
(312) 794-7300
jmoten@phillipslytle.com

**CERTIFICATE OF COMPLIANCE**

       The undersigned, pursuant to NE Civ. R. 7.1(d)(1)(D), hereby certifies that the foregoing brief complies with all requirements of subsection (d)(1). This certification relies on the word-count function of my word processing software, Microsoft Word 365. The word-count function, which included all text, including the caption, headings, footnotes, and quotations, calculated that this brief contains 1,104 words.

Dated: February 6, 2026　　　　　　　　　　PHILLIPS LYTLE LLP

　　　　　　　　　　　　　　　　　　　　　*/s/ Jaran R. Moten*
　　　　　　　　　　　　　　　　　　　　　Jaran R. Moten (pro hac vice)
　　　　　　　　　　　　　　　　　　　　　35 W. Wacker, 34th Floor
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　　(312) 794-7300
　　　　　　　　　　　　　　　　　　　　　jmoten@phillipslytle.com