IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff and Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> GENERAL DYNAMICS CORPORATION ) <br> and ) <br> DOW CHEMICAL COMPANY, ) <br> ) <br> Defendants and Counterclaimants. ) <br> ) | Case No. 8:23-cv-00416 |

**UNITED STATES' COMBINED REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO SUBMIT EVIDENCE IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE NELSON'S ORDERS (ECF NO. 482) AND MOTION TO STAY PORTIONS OF ECF NO. 451 (ECF NO. 488)**

The Court should consider three declarations provided by declassifying offices containing current, specific evidence. This evidence is relevant to the Court's evaluation of the proportionality of Judge Nelson's Orders requiring the United States continue the process of reviewing and declassifying documents that are currently classified (ECF Nos. 451 and 470) (the "Orders"). And while Judge Buescher evaluates the United States' Objections to Magistrate Judge Nelson's Orders (the "Objections"), the United States requests limited, but meaningful, relief from the burdensome declassification process during the interim period, a possibility that Magistrate Judge Nelson contemplated. ECF No. 480 (Jan. 14, 2026 Status Conf. Tr.) at 38:1-3. Defendants' Oppositions (ECF Nos. 513 & 515) to these limited requests provide no reason for the Court to deny them.

1

1. **<u>The Defendants' Oppositions contain a paucity of arguments against the specific, narrow requests in the United States' Motion for Leave to Submit Evidence and Motion to Stay.</u>**

Defendants General Dynamics Corporation ("General Dynamics") and the Dow Chemical Company ("Dow") each filed combined briefs in opposition to (1) the United States' Motion for Leave to Submit Evidence in Support of Its Objections to Magistrate Judge Nelson's Orders ("Motion for Leave to Submit Evidence"), (2) the United States' Objections, and (3) the United States' Motion to Stay Portions of ECF No. 451 ("Motion to Stay"). Dow also filed a Motion to Dismiss for the Government's Failure to Meet its Discovery Obligations. ECF No. 505 (Mot. to Dismiss). Dow's Consolidated Response incorporates the entirety of its Motion to Dismiss and accompanying papers. ECF No. 515 (Dow's Consolidated Resp.) at 2. The Court has granted leave for the United States to file a reply brief in support of its Objections concurrently with its Response in Opposition to Dow's Motion to Dismiss. However, with respect to the narrow requests sought in the United States' Motion for Leave to Submit Evidence and Motion to Stay, the Defendants make scant arguments. The United States replies to them here and respectfully requests that the Court grant the Motions.

First, Dow's Consolidated Response completely fails to address the United States' arguments in the Motion for Leave to Submit Evidence and Motion to Stay. ECF No. 515. Dow simply suggests that the Court resolve the Motion to Dismiss first and that doing so will, in turn, moot the United States' Objections, Motion for Leave to Submit Evidence, and Motion to Stay.[1] *Id.* at 3. Given the overlapping substance in the United States' Objections and Dow's Motion to

---

[1] Dow also reiterates arguments contained in its Motion to Dismiss and raises new requests—not responsive to the United States' Motion for Leave to Submit Evidence and Motion to Stay—that the current trial date be vacated and that the United States bear certain of Dow's costs and attorneys' fees. ECF No. 515 at 3-4.

Dismiss, the United States suggests that it would be efficient for the Court to consider the arguments therein concurrently. Notably, if the Court sustains the United States' Objections, doing so will moot Dow's Motion to Dismiss and obviate the need for the Court to address it. But the disputes addressed in the United States' Motion for Leave to Submit Evidence and Motion to Stay are ripe now. The United States requests that the Court resolve those disputes without waiting for the Motion to Dismiss and Objections to be fully briefed so that the Court can consider the Objections (including the supporting evidence) concurrently with the Motion to Dismiss). General Dynamics' Opposition (ECF No. 513) makes some efforts to respond to the United States' arguments, but fails to address to key points, as discussed below.

2. **The United States' efforts to comply with the Court's informal dispute resolution process should not prevent it from providing the Court with supporting evidence.**

The United States' good-faith efforts to follow the Court's informal dispute resolution process should not prevent it from providing the Court with the specific, current information—detailed in three declarations from key declassifying offices—relevant to the proportionality of the declassification review process. As discussed above, Dow makes no arguments to the contrary. *See* ECF No. 515 (no arguments that the additional evidence is improper, unhelpful, or that it otherwise should not be considered). And General Dynamics' arguments are unpersuasive.

General Dynamics' Opposition to the Motion for Leave incorrectly asserts that the declarations are merely duplicative of the United States' arguments, ignores the United States' years of good faith work to carry on the declassification review process, and glosses over the context in which the United States previously raised the burdens and proportionality of continuing the declassification review process—informal dispute resolution.

The declarations are not duplicative of arguments previously made. They contain specific, current evidence from three key declassifying offices. General Dynamics' contention

that the declarations are duplicative cites the United States' counsel's general discussion of the declassification review process and associated burdens in two status conferences and a July 2025 status report. ECF No. 513 at 20. To be sure, the information in the declarations the United States seeks to have the Court consider is *consistent* with information previously provided to the Court by counsel in status conferences and reports. But review of the actual declarations submitted by the declassifying offices reveals that they contain current, specific evidence of the highly regulated overall process, efforts made to date, the remaining work to be done, and its estimated completion time. The Court should consider this information when evaluating the United States' Objections. Indeed, General Dynamics' argument runs directly counter to the Eighth Circuit's admonition that, in evaluating undue burden under Rule 26(b)(1), attorney assertions are generally not an adequate substitute for "affidavits and other forms of evidence." *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018); *Peetz v. Genentech, Inc.*, 8:10-CV-297, 2013 WL 4774784, *1 n.1 (D. Neb. Sep. 5, 2013) (granting leave to submit additional materials in connection with objections to a nondispositive order). For example, the declarations detail:

- The context of the declassifying offices' competing priorities and effects of declassification reviews for this case on the offices' overall workload. ECF No. 484-2 (MacLeod Decl.) at ¶ 10 (providing context for the pace of declassification by detailing the 845-day average wait time for declassification in the Mandatory Declassification Review process), ¶ 11 (describing the Air Force Declassification Office's competing priorities); ECF No. 484-3 (Bennett Decl.) at ¶ 6 (describing Office of the Secretary of Defense ("OSD") Declassification Branch efforts to prioritize reviews for this matter), ¶¶ 11-12 (describing the diversion of resources

4

- from other work and progress of review to date), ¶ 15 (explaining the effects of reviews for this matter on the office's overall workload); ECF No. 484-1 (McIlwain Decl.) at ¶ 10 (describing backlog of other work).

- The current staffing and capacity of the offices. ECF No. 484-1 (McIlwain Decl.) at ¶ 9-10 (describing staffing constraints and backlog of other work); ECF No. 484-2 (MacLeod Decl.) at ¶¶ 14-16 (describing current staffing and capacity); ECF No. 484-3 (Bennett Decl.) at ¶ 5-6 (describing current staffing and prioritization efforts).

- The work done so far and current estimated completion time for remaining work to be done. ECF No. 484-2 (MacLeod Decl.) at ¶ 18; ECF No. 484-3 (Bennett Decl.) at ¶¶ 13-14; ECF No. 484-1 (McIlwain Decl.) at ¶¶ 12-13.

After incorrectly arguing the declarations are duplicative, General Dynamics contends that the United States' submission of evidence of burden is too late, because discovery is nearly complete and trial date has been set. ECF No. 513 at 20. But this ignores the United States' years of good-faith work to carry on the declassification review process and disregards that the United States previously raised the burdens and proportionality of continuing the declassification review process in the context of the Court's informal dispute resolution process.

The United States did not wait to submit evidence of burden for improper reasons; rather, the United States worked in good faith for as long as possible to (1) continue the declassification review process (despite the burdens), (2) keep the Court and the Parties apprised of its progress through status reports and conferences, and (3) attempt to avoid a formal discovery dispute. *See, e.g.,* ECF Nos. 241, 280, 311, 353, 380, and 436 (status reports detailing efforts and progress). The United States' efforts have produced more than 17,000 declassified document pages to Defendants, despite the burdens detailed in the declarations.

5

That said, after the trial date was set and the burdens upon the declassifying offices became clear, the proportionality calculus changed. The United States warned of this change in its correspondence and status report. ECF No. 484-5 (Email from S. Davidson to Magistrate Judge Nelson's Chambers dated November 24, 2025 (containing statement provided by counsel for the United States)); ECF No. 436 at 2-4. This necessitated the United States' efforts to seek relief—first through the Court's informal dispute resolution under the Magistrate Judge Civil Case Management Practices. *See* ECF No. 480 (January 14, 2026 Status Conf. Tr.) at 6:1-10, 7:5-8 (requesting leave to file a motion for a protective order). The United States was never granted leave to file a formal motion for a protective order and thus never submitted evidence in support of its arguments on proportionality. On these facts, the Court should use its discretion to consider additional evidence in its review of the Objections.

Defendants agree that the proportionality of the declassification review process and the potential production of declassified documents is an important issue—Dow has moved to dismiss the case in relation to this issue (ECF No. 505) and General Dynamics has argued that it would be prejudiced if further declassified documents are not produced. ECF No. 513 at 16-17. The Court should consider the three declarations of key declassifying offices in connection with its analysis of an issue all parties recognize as crucial, especially when the United States was precluded from submitting the evidence earlier due to its good-faith attempts to follow the Court's informal dispute resolution processes.

3. **A partial stay pending resolution of the Objections will provide meaningful relief to the United States and Defendants will suffer no undue prejudice.**

The Court should grant a partial stay (allowing the United States to pause transmittal of declassified documents from classified systems to non-classified systems, rolling productions, and submission of status reports) pending resolution of the United States' Objections to provide

meaningful relief from certain burdens of the declassification review process during this interim period. Defendants will not suffer undue prejudice during this limited, interim period. Again, Dow makes no specific arguments in opposition to the United States' Motion to Stay. *See* ECF No. 515. General Dynamics opposes the limited stay and in doing so incorrectly asserts that the relief would only accrue to the United States' attorneys and fails to detail with specificity how this interim relief would prejudice General Dynamics. *See* ECF No. 513 at 17-19.

     A partial stay would provide meaningful, albeit incomplete, relief from certain burdens of the declassification review process on the declassifying offices. General Dynamics ignores the United States' description of the relief that the partial stay would provide to the declassifying offices and focuses only on the relief it would provide to the attorneys. *Compare* ECF No. 489 at 9 (detailing the burdens on the *declassifying offices* of the final steps of the declassification process, including transmittal from classified systems to non-classified systems and status report preparation) and ECF No. 513 (General Dynamics Opp.) at 18 (construing the relief as only accruing to the attorneys).

     General Dynamics also fails to describe how it would be prejudiced by this limited relief, solely during the interim period while the Court considers the United States' Objections. Even if the Court denies the United States' Objections, production of declassified documents after a limited interim period would not be meaningfully different for Defendants from continued rolling productions during the interim period given that expert reports and depositions are already complete.[2] The United States expects that the interim period will be for a short time that

---

[2] The one exception is the United States' cost expert, Wiley Wright, whose deposition was rescheduled for medical reasons. Mr. Wright's expert opinions do not relate to historical declassified documents.

will end substantially before the current trial date. Thus, even assuming that the Court overrules the Objections, there will be no undue prejudice from a short delay in General Dynamics' receipt of declassified documents and status reports.

Indeed, Dow indirectly concedes that there can be no meaningful prejudice during this interim period. Dow argues foremost that the Court should dismiss the case because of prejudice that has already occurred to Dow, but in the alternative, argues that the incomplete production of documents to date already necessitates that the Court vacate the trial date so that the United States can complete its productions and Dow can use the documents.[3] ECF No. 515 at 4. In other words, Dow's claims that sufficient harm has already occurred to warrant dismissal or an alternative trial date preclude it from arguing that a stay during this interim period would impose substantial prejudice.

The narrow partial stay during this interim period will still provide meaningful relief to the United States from the burdensome declassification review process and will not upset the "even balance" of competing interests in this matter. *Prism Techs., LLC v. United States Cellular Corp.*, No. 8:12-CV-125, 2015 WL 13215454, at *1 (D. Neb. Sept. 29, 2015) (internal citations omitted).

The United States respectfully requests that the Court grant the United States' Motion for Leave to Submit Evidence and Motion to Stay.

---

[3] The United States agrees that one alternative to sustaining its Objections would be for the Court to vacate the trial date and reset a trial date in 2027. *See* ECF No. 457 (Dec. 11, 2025 Status Conf. Tr.) at 19:9-20 (United States' counsel acknowledging that a trial date no earlier than the end of the first quarter of calendar year 2027 could make continuation of the declassification review process feasible). The United States disagrees with Dow's contention that if the trial is rescheduled the United States should bear Dow's reasonable costs and attorney's fees. The United States will address this argument in its Response to Dow's Motion to Dismiss.

DATED:  February 13, 2026    Respectfully submitted,

                  FOR THE UNITED STATES OF AMERICA

                  ADAM R.F. GUSTAFSON
                  Principal Deputy Assistant Attorney General
                  Environment & Natural Resources Division
                  United States Department of Justice

                  s/ *Johanna M. Franzen*
                  Johanna M. Franzen
                  MN Bar # 0392191
                  Attorney for the United States
                  Trial Attorney
                  Environmental Enforcement Section
                  Environment and Natural Resources Division
                  United States Department of Justice
                  P.O. Box 7611
                  Washington, D.C. 20044
                  Telephone: (202) 598-3319
                  Email: Johanna.Franzen@usdoj.gov

## **CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d)(1)(D), I certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Word 365, this document contains 2,620 words. The word-count function was applied to all text, including the caption, heading, footnotes, and quotations.

s/ *Johanna M. Franzen*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                  */s/ Johanna M. Franzen*
                                  Trial Attorney
                                  U.S. Department of Justice