IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff/Counter Defendant,<br><br>vs.<br><br>GENERAL DYNAMICS CORPORATION, and THE DOW CHEMICAL COMPANY,<br><br>Defendants/Counter Claimants. | 8:23CV416<br><br>ORDER |

  This matter is before the Court on the United States' Motion to Stay Portions of Order at Filing No. 451 (Filing No. 488). The United States moves the Court to stay the undersigned magistrate judge's order requiring the United States to "continue production of all classified documents" and to "file a status report every forty-five (45) days . . . regarding the status of such production" pending the resolution of its Statement of Objections (Filing No. 486) to the undersigned magistrate judge's orders. General Dynamics Corporation opposes the United States' request for a stay. (Filing No. 513). The Dow Chemical Company does not directly address the United States' request for a stay, but instead urges the Court to grant its motion to dismiss the case due to the United States' failure to fulfill its discovery obligations, which would moot the issue. (Filing No. 515).

  Pursuant to this district's local rule, "The filing of a statement of objections to a nondispositive order does not stay the magistrate judge's order pending resolution of the statement of objections. The magistrate judge whose order is objected to decides a motion for stay pending the resolution of the statement of objections." NECivR 72.2(c). The local rule does set forth the standard for granting a stay pending resolution of objections to a nondispositive magistrate judge order, but generally, "[t]he party requesting a stay of discovery must demonstrate good cause for the stay." *Buc-ee's Ltd. v. Bucks, Inc.*, No. 8:17CV287, 2018 WL 443320, at *4 (D. Neb. Jan. 16, 2018). Additionally, a district court has "broad discretion in maintaining compliance with discovery and pretrial orders." *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013); see also *Haviland v. Catholic Health Initiative-Iowa, Corp*, 692 F.Supp.2d 1040, 1044 (S.D. Iowa 2010) ("Because no single rule or deadline can encompass the myriad of variations in discovery, . . . judges are given broad discretion to manage the overall

process in the interests of dispatch and fairness."). "[D]istrict courts also have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Gueltzau v. Warehime*, No. 8:24CV430, 2026 WL 280600, at *5 (D. Neb. Feb. 3, 2026) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)). In determining whether a stay is appropriate, courts consider the following factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." *Klein v. TD Ameritrade Holding Corp.*, No. 8:14CV396, 2016 WL 9225262, at *2 (D. Neb. July 1, 2016) (citing *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008)).

  On September 22, 2023, the United States commenced this litigation against General Dynamics and Dow Chemical pursuant to Sections 107(a) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(g)(2), to recover response costs by the United States incurred as a result of releases of hazardous substances at the Nebraska Ordnance Plant Superfund Site in Mead, Nebraska ("the Site"). (Filing No. 1). Both General Dynamics and Dow Chemical have filed counterclaims against the United States, asserting the Government long ago made promises to hold them harmless, or that they otherwise acted at the direction of the United States. See Filing No. 31. The Site was acquired by the United States Department of Defense in 1942, and began operating the Nebraska Ordnance Plant there in 1943 during World War II until 1945. (Filing No. 1). The Plant was reactivated in the 1950s and was used throughout the 1960s. In April 1962, the United States quit-claimed to the University of Nebraska parcels comprising more than 9,500 acres of the Plant. The University established an Agricultural Research and Development Center on the former Plant parcels, which continues to operate on the Site today.

  The current dispute arises out of the protracted and ongoing process regarding the United States's production of certain classified documents that are relevant to this case. As recognized by the United States, early in this litigation "the United States agreed to attempt to review, declassify, and produce a universe of then-classified documents, determined by United States Air Force agency counsel with requisite clearance (detailed to the United States Department of Justice ("DOJ") at that time) to be responsive to discovery requests in this litigation." (Filing No. 489 at p. 3). At the time, "the United States elected to make what it believed at the time would be reasonable efforts to review, declassify, and produce responsive, then-classified documents"

without asserting blanket privilege or seeking a protective order. *Id.* Following that agreement, the United States has produced more than 17,000 declassified document pages to Defendants. However, the United States contends the "declassification process has now reached the point of diminishing returns" and asserts "continuing declassification imposes an undue burden and is not proportional to the needs of the case" given the September 2026 trial date. For that reason, the United States objects to the undersigned magistrate judge's order requiring it to persist in its efforts to review classified documents and to produce declassified documents through July 15, 2026. (Filing No. 487). While the United States' objection to that order is pending before Judge Buescher, the United States seeks a stay "to pause time-consuming efforts to transmit declassified documents from classified systems to non-classified systems, complete rolling productions, and submit status reports during the pendency of the Objections." The United States is "not asking to stay, and would not have the declassifying offices stop, the internal declassification review process if this Motion is granted." (Filing No. 489 at p. 8).

       The Court finds the United States has not demonstrated good cause to stay its obligation to continue production of classified documents and to file a status report every 45-days regarding that process. As evident from the docket in this matter and as outlined in more detail in General Dynamics' brief (Filing No. 513), the United States has been granted several extensions of deadlines to review and produce classified documents. That process was further delayed during the 40+ day long stay of the case during the lapse of appropriations affecting the Department of Justice attorneys. Staying the United States' obligations at this juncture will only further protract this litigation and prejudice the parties. The Court appreciates that the review of classified documents and declassification process is a burdensome undertaking. However, given that the facts underlying this case span decades dating back to World War II and involve government entities and military use of land, the nature of this litigation necessarily requires time consuming discovery concerning the parties' various claims and defenses. The United States government voluntarily initiated this litigation and has ample resources available to it. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

3

outweighs its likely benefit."); *United States v. Stabl Inc.*, No. 8:16CV233, 2018 WL 3758204, at *5 (D. Neb. Aug. 8, 2018) (quoting *S.E.C. v. Merkin*, 283 F.R.D. 689, 693-94 (S.D. Fla.), *objections overruled*, 283 F.R.D. 699 (S.D. Fla. 2012)) ("Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure. It is not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action."). Pausing the United States' discovery obligations now will only further delay this case and increase the risk that the September 2026 trial date will need to be continued. Under the circumstances, the Court finds the balance of factors do not weigh in favor of the requested stay. Accordingly,

**IT IS ORDERED:** The United States' Motion to Stay Portions of Order at Filing No. 451 (Filing No. 488) is denied.

Dated this 25th day of February, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge