IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| v. | ) | Case No. 8:23-cv-00416 |
| GENERAL DYNAMICS CORPORATION and DOW CHEMICAL COMPANY, | ) | Judge Brian C. Buescher |
| Defendants and Counterclaimants. | ) | |

## UNITED STATES' REPLY IN SUPPORT OF STATEMENT OF OBJECTIONS

Defendants' responses to the United States' Objections are notable mostly for what is absent: any clear-cut example of prejudice, any persuasive response to the United States' claims of undue burden or proportionality, and any evidence that the nearly 17,000 pages of declassified documents produced before the United States filed its Objections are paradigm-shifting in this matter. This is conspicuous since Defendants assert the vital importance of the classified documents but fail to identify any of the nearly 17,000 declassified pages produced before the United States filed its Objections that materially changed this litigation.

Defendants also obscure key mitigating factors. First, the classified documents represent a fraction of the documents in this litigation, and Defendants have otherwise taken extensive discovery of the United States—including production of more than 5 million pages of unclassified documents. Second, the United States continued the declassification review process for as long as possible to *reduce* any prejudice to Defendants, not compound it, and only sought relief when the assignment of the trial date altered the proportionality analysis. Third, the United

1

States was consistently transparent with the parties and the Court that it could not guarantee compliance with the production deadlines because of the declassification process mandated by statute and executive order (*See* ECF No. 484, Exs. A–C).  Fourth, it is still unclear what specific prejudice Defendants claim to have suffered since they have received rolling production of the documents and have been apprised throughout that there would be delays in production.

For these and the reasons set forth in its Objections, the United States requests that the Court sustain its Objections and halt any further declassification review and production, deeming the United States' discovery obligations fulfilled with respect to that discrete universe of documents.  In the alternative, if the United States is required to continue its good faith efforts to declassify and produce documents, including rolling productions, the United States requests that the Court order that the United States' discovery obligations will be deemed fulfilled on July 15, 2026, regardless of whether every document identified by agency counsel as responsive has been reviewed, declassified, and produced.

## BACKGROUND

The United States filed its Statement of Objections (ECF No. 486) in response to Magistrate Judge Nelson's Orders issued on December 11, 2025 (ECF No. 451) and January 14, 2026 (ECF No. 470) (hereinafter "Orders") which: a) obligated the United States to continue reviewing a subset of classified documents and producing to Defendants those documents, or portions thereof, that can be declassified until at least July 15, 2026, and to provide status reports at 45 day intervals; and b) precluded the United States from filing a motion for a protective order and submitting legal argument and factual evidence in support thereof.  The United States objected to ongoing declassification review and production because it is no longer proportional to the needs of this litigation and imposes an undue burden (*See* ECF No. 487).  The United

States further objected because Magistrate Judge Nelson foreclosed it from seeking a protective order and submitting legal argument and factual evidence in support. In tandem with its Objections, the United States also filed a Motion for Leave to Submit Evidence in Support of its Objections ("Motion for Leave") (ECF No. 482), to ensure the Court could consider declarations from the reviewing agencies as factual evidence in support of its Objections, and a Motion to Stay Portions of ECF No. 451 ("Motion to Stay") (ECF No. 488) seeking to halt the ancillary processes related to the declassification production without stopping the review itself.

Defendants responded separately. General Dynamics filed a Brief in Opposition to the United States' Objections, the Motion to Stay, and the Motion for Leave (ECF No. 513). Dow filed a Consolidated Response to the Objections (ECF No. 515), though it primarily incorporated by reference its arguments set forth in its Motion to Dismiss (ECF No. 505) and urged the Court to take up the dismissal motion before addressing the merits of the Objections.

The United States sought and secured leave to file this Reply (ECF No. 522). The United States will primarily address General Dynamics' arguments here and address Dow's arguments in a separate response to Dow's dismissal motion.

## ARGUMENT

1. <u>The documents being reviewed for declassification represent a fraction of the discovery in this litigation.</u>

Defendants construe the classified documents as the most important tranche of information in this litigation but overlook the broader context in which the dispute arises. As noted in the Objections, Defendants have taken extensive discovery of the United States. This includes the production of more than 300,000 unclassified documents totaling more than 5,000,000 pages (*See* ECF. No 487 at 4). The United States also answered 88 interrogatories, responded to 583 requests for admission, and participated in 37 fact depositions (including a

Rule 30(b)(6) deposition of a government agency) and took or defended 23 expert depositions. The United States has also declassified and produced more than 25,000 pages of declassified documents, including a recent production on February 19, 2026. The United States reiterates its good faith estimate that it can produce all, or substantially all, of any documents that can be declassified by the end of July.[1]

   2. <u>The United States waited to seek a protective order to maximize the production of declassified documents.</u>

Only after the trial date was definitively established did the United States' proportionality argument—the crux of its argument in the Objections—crystallize. The United States tried to produce as many declassified documents as possible before seeking a protective order. Defendants declined to consider the United States' alternative proposal to request a trial date no earlier than the first quarter of 2027.[2] When the Court set the September 21, 2026, trial date, it became clear that even if the United States could review, declassify, and produce the remaining responsive documents by July, they would be of little utility to the Parties and the Court. Thus,

---

[1] *See* ECF No.484-2, Exhibit B (Declaration of Sarah K. Macleod, Air Force Declassification Office). As noted in its Objections, the United States needs additional time after declassification to finalize the redactions (if any), move the documents to non-classified system, and produce them to Defendants.

[2] *See* ECF No. 484 (Franzen Decl.) at Paragraph 8. *See also* ECF No. 436 (Dec. 5, 2025 Status Rep.) at 3 ("In the alternative, if the Court (and/or Defendants) are inclined to revisit the September 21, 2026 trial date, the United States would provide an alternative proposed schedule with a revised deadline to complete the declassification review process and any associated productions (estimated to be July 15, 2026) with appropriate follow-on dates that would make a trial feasible no earlier than the end of the first quarter of calendar year 2027."). *See also* ECF No. 457 (Dec. 11, 2025 Status Conf.) at 14:17–20 (Dow arguing that "indefinitely" continuing trial is untenable), 19:9–20 (United States offering the alternative of revisiting the trial date to schedule a trial no earlier than the end of the first quarter of calendar year 2027);15:4–6 (General Dynamics' "primary interest" is to preserve the September 2026 trial date).

further efforts to declassify and produce documents are unduly burdensome and disproportionate to the needs of this litigation.

The Defendants strain to infer something improper in the timing of the Objections and the request for a protective order, but it is their arguments that sound in gamesmanship. Despite being informed that the United States estimated in good faith that it could produce most or all the classified documents by July 2026, Defendants nevertheless declined to consider the United States' alternative proposal to request a trial date no earlier than the first quarter of 2027.[3] Defendants thus claim purported prejudice on the one hand, while refusing to entertain the obvious remedy on the other. There is also an inherent contradiction between Defendants' assertion that the classified documents are essential to their claims and defenses and that they have therefore suffered prejudice due to delayed production, while also admonishing the United States for not seeking a protective order earlier (ECF No. 513 at 15). Either the documents are essential and need to be produced as soon as possible, or the United States should have objected to their production earlier—it cannot be both. And, as Defendants point out, it was the United States' prerogative to assert a privilege over these documents though it ultimately declined to do so.

This record is at odds with General Dynamics assertion of "unlimited delay." And the case law it cites is distinguishable. For example, General Dynamics cites *Barre v. Obama*, 932 F. Supp. 2d 5 (D.D.C. 2013) for the proposition that the Government can quickly process mass volumes of documents. But *Barre* concerned the public return of a relatively limited universe of pleadings and other docketed information following the dismissal of a habeas proceeding against

---

[3] In its Brief in Support of its Motion to Dismiss (ECF No. 506) Dow argues in the alternative for the first time it would entertain a later trial date (postponed "indefinitely") but only if the United States bears "Dow's reasonable costs and attorneys' fees…."

a former Guantanamo Bay detainee. And the United States attributed *other* Guantanamo litigation and related Freedom of Information Act requests to the delay, the failure to use the internal "Prioritized Review Process," and the sensitive nature of the documents and information Barre sought to make public, some of which were already publicly docketed. More broadly, the release of docketed information from *criminal* military commission prosecutions is not a persuasive analogy to this civil litigation. General Dynamics is correct that the court in *ACLU v. Dep't of Def.*, 339 F. Supp. 2d 501 (S.D.N.Y. 2004) ordered expedited document production, but that case concerned the application of the Freedom of Information Act's *statutory* timelines, and the court held that rolling productions were an indication of compliance. *Id*. at 505 ("Should the government find that it is unable, for good and specific reasons, to comply fully with the ordered schedule, ongoing production of responsive documents as earlier promised by the government will be taken as an indication of good faith, and will be considered in relation to any request for a further enlargement by the government."). Applying that rationale here, the United States has shown just as much good faith.

The United States also had no obligation to anticipate Defendants' discovery requests. Defendants argue that because the United States was aware there might be responsive, classified documents in this matter, it had a duty to proactively declassify documents based on then-hypothetical document requests. Defendants make much of earlier junctures in the litigation, several of which occurred years before filing, that purportedly should have alerted the United States to classified documents. It's unclear whether Defendants are conflating the duty to preserve with a party's obligations under Fed. R. Civ. P. 34, but in any event they point to no authority that compels the United States (or any litigant, for that matter) to anticipate a Defendants' document requests and preemptively declassify documents that may or may not be

6

requested in future litigation. *See* Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendment (discussing initial disclosures: "Unlike subparagraphs (C) and (D), subparagraph (B) does not require production of any documents."). *See also* Fed. R. Civ. P. 34(a)(1)(A) (Requiring a responding party to translate documents into "reasonably usable form" upon receipt of discovery requests, not sooner). If, as Defendants highlight, the United States is no different than a private litigant, it is subject to neither enhanced obligations nor foreclosed from seeking protection under the Federal Rules.

   3. <u>The United States consistently informed the Parties and the Court that it could not control whether productions of declassified documents would be completed by the assigned deadlines.</u>

The United States was consistently clear in its status reports[4] and during status conferences[5] that it could not control the pace of production for all the reasons set forth in the

---

[4] *See e.g.,* ECF No. 380 at 3 (noting that the United States, at that time, intended to move the Court to further extend the October 10, 2025, deadline, but was still trying to determine the extension needed); ECF No. 353 at 1–2 (noting that the United States, at that time, anticipated possibly moving to extend the October 10, 2026 declassification deadline, but was still assessing impacts of the unexpected death); ECF No. 311 at 5–7 (noting that United States' counsel has little ability to control the declassification process and cannot commit to deadlines); ECF No. 280 at 6 (noting that the United States has little ability to control the declassification process and cannot commit to deadlines); ECF No. 241 at 1–5 (acknowledging that responsiveness review was still ongoing and providing realistic estimates of the *limited* review and production progress expected before the next status report while also noting that the United States is "making every effort to collect, review, and seek declassification of the tens of thousands of pages of classified documents that GD believes may be responsive to discovery requests in this case.").

[5] *See e.g.,* ECF No. 480 (Jan. 14, 2026 Status Conf.) at 7:5–8 (requesting leave to move for protective order); ECF No. 457 (Dec. 11, 2025 Status Conf.) at 17:18–19:20 (explaining estimated completion date of July 15, 2026 and proportionality in light of trial date); ECF No. 441 (Apr. 23, 2025 Status Conf.) at 7:22–25, 9:15–18 (explaining that the United States cannot provide a specific estimated completion date or make a specific commitment to a deadline); 11:25–12:7 (noting that the 6-month proposed extension contemplates Defendants assisting with narrowing the set of documents in the queue for bucket 2); 17:15–18 (noting that the United States did not expect to complete process by May 10, 2025 deadline); 44:22–45:7 (noting that the United States could not guarantee completion within 6 month proposed extension); ECF No. 440 (Mar. 3, 2025 Status Conf.) at 6:5–7:5 (explaining that the United States could not commit to

Objections and the Declarations, and could not guarantee compliance with the production deadlines. Thus, while the Court assigned the various deadlines and the United States endeavored in good faith to review, declassify, and produce as many documents as possible in advance of those deadlines, the United States was always transparent and consistent about its limitations in complying with production deadlines.

    4. <u>General Dynamics fails to demonstrate actual prejudice or to rebut the United States' arguments on undue burden and proportionality.</u>

General Dynamics can only point to an amorphous prejudice it suspects it suffered or may yet suffer. General Dynamics claims it is "demonstrably incorrect" that the prejudice it has suffered is unclear (ECF No. 513 at 17), then proves the United States' point with the cursory assertion that the production delay "deprives GD of the very evidence needed to test the governments' narrative and its experts." Without more, the bare assertion of prejudice does not hold up to scrutiny. *See Chrysler Corp. v. Carey,* 186 F.3d 1016, 1022–23 (8th Cir. 1999) (finding that "speculation does not translate into prejudice sufficient to sustain the drastic sanction of a stricken answer."). First, it ignores the extensive discovery Defendants already took of the United States. Second, it assumes that the remaining classified documents, the substance of which is unknown to all case teams, can be declassified, and, if so, that those documents will inure to the benefit of General Dynamics rather than the United States (or neither party). Third, and most importantly, Defendants had already received more than 17,000 pages of

---

hard deadlines for production of declassified documents); ECF No. 439 (Feb. 5, 2025 Status Conf.) at 7:6–12 (describing United States' inability to meet March 10, 2025 production deadline); 13:10–12 (GD acknowledging that the United States couldn't provide any deadlines); ECF No. 438 (Dec. 5, 2024 Status Conf.) at 5:11–15 (United States counsel describing how the declassification process has "a ways to go"); 6:12–20, 7:20–24, 9:22–10:14 (explaining that the United States cannot commit to a date certain for completion of declassification efforts and productions and suggesting periodic status reports in the alternative).

declassified materials before the United States filed its Objections. If there were a paradigm-shifting document in that tranche, surely now would be the time to point to it as ironclad proof that the classified documents contain what Defendants hope they do. Tellingly, Defendants have not pointed to one.

5. *De novo* review remains the proper legal standard to apply here.

The United Stated acknowledged that the clear error standard is generally applicable in nondispositive matters but argued that *de novo* review is warranted here because it was foreclosed from making legal and factual arguments and creating a record (outside of the hearing transcripts and status report) on those issues and cited case law in support (*See* ECF No. 487 at 6–7). For the reasons set forth in the Objections, the unique facts of this dispute continue to justify the application of the *de novo* standard. *Id.*

General Dynamics' assertion that the United States "obfuscated" the proper standard of review is incorrect. In its Objections, the United States: (1) noted the distinction in the standards applicable under NECivR. 72.2(a) (dispositive orders) versus NECivR. 72.2(b)(1) (nondispositive orders); (2) cited to Fed. R. Civ. P. 72, which also makes the distinction; (3) conceded that the generally applicable standard of review for nondispositive maters is clear error, even as it argued that an exception is warranted here (*Id.* (citing *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) and NECivR. 72.2(a))); and (4) cited case law *contrary* to its position that *de novo* review was appropriate here to ensure the Court was apprised of competing views (*Id.* (citing *General Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1166 (D. Colo. 2015))).

General Dynamics' interpretation of the case law is also misguided. Its observation that the United States relies on out-of-circuit cases in support of its request for *de novo* review is

superficially persuasive except that the federal and local rules clearly prescribe the generally applicable standard of review for nondispositive matters in most instances; a scarcity of case law on the issue in this District is thus to be expected. In the United States' view, this is an admittedly uncommon situation where *de novo* review is appropriate and where out-of-circuit cases provide helpful guidance. The cases General Dynamics cites in support of its argument for clear error review reveal an obvious distinction with the facts here: In each, the magistrate judge issued a written opinion that contained factual and legal analysis of the issues in dispute. *See* Memorandum and Order in *Jim Daws Trucking, LLC v. Daws, Inc.*, No. 4:24CV3177, 2025 WL 3754412 (D. Neb. Dec. 29, 2025) (ECF No. 147); Order in *Wilkins v. Union Pac. R.R. Co.*, No. 8:22CV239, 2025 WL 3228986 (D. Neb. Nov. 19, 2025) (ECF No. 171). While the United States heartily concurs in recognizing the diligence, thoroughness, and patience of Magistrate Judge Nelson, it is indisputable that there is no such written order or opinion analyzing the United States' legal arguments and the detailed factual support in its declarations. Indeed, the inability to brief the merits of the protective order was the animating reason for the Objections. As such, *de novo* review remains appropriate here.

## CONCLUSION

For all these reasons, the United States respectfully requests that the Court sustain the Objections and halt any further declassification review and production, holding the United States' discovery obligations fulfilled as to that discrete universe of documents. This request is appropriate because continuing the declassification process imposes an undue burden on the United States and is not proportional to the needs of this litigation. In the alternative, if the United States is required to continue its good faith efforts to declassify and produce documents, including rolling productions, the United States requests that the Court order that the United

10

States' discovery obligations will be deemed fulfilled on July 15, 2026, regardless of whether every document identified by agency counsel as responsive has been reviewed, declassified, and produced.

Dated: February 26, 2026                    Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Zachary N. Moor*
ZACHARY N. MOOR (MA Bar No. 681469)
Senior Attorney
Environment and Natural Resources Division
U.S. Department of Justice
150 M Street, NE
Washington, DC  20002
(202) 532-3394
zachary.moor@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(1)(D), I certify that the foregoing Reply complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Word 365, this document contains 3,573 words. The word-count function was applied to all text, including the caption, heading, footnotes, and quotations.

<u>/s/ Zachary N. Moor</u>
Senior Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Zachary N. Moor*
Senior Attorney
U.S. Department of Justice