BLANCHET

Buffalo | Chicago | New York City

**Re: *United States v. General Dynamics & Dow*—Dow's RFA Submission**

The Government's responses and objections to Dow's Third Set of Requests for Admission ("Dow's Requests") yet again demonstrate that the Government does not intend to meaningfully cooperate with Court-ordered discovery regarding its late-produced documents. Dow regretfully again requires the Court's intervention to enforce the Government's compliance with its disclosure obligations.

***First***, Dow's Requests generally seek admissions that certain facts occurred as described in Government documents. The Government's position is that ***all*** Requests to confirm facts described in documents are "duplicative of the documents from which the statements are drawn." June 5, 2026, DOJ Ltr to Dow at 1; Gov't Responses to Dow's Third Set of RFAs ("Gov't Responses"). To be clear, Dow's Requests do not ask the Government merely to confirm that words are written on a page; rather, they specifically target the substantive and factual accuracy of the events and information described in the Government's documents in order to narrow disputed facts and issues for trial. It appears that the Government recognizes this, as well, because it objected to conducting "additional investigation and review *to confirm the truth of a statement in a document*," which is exactly what Dow seeks. *See* Gov't Responses. **Dow requests that the Court overrule the Government's objections based on purported duplication.**

***Second***, the Government objects on *proportionality* grounds to "conduct[ing] additional investigation" to answer Requests, stating that its representatives "have no first-hand knowledge of the activities discussed" in the documents. Gov't Responses. The Government objected to the *scope* of almost all of the Requests on a similar basis—specifically, "because the request[s] would require the United States to investigate beyond the document quoted in th[e] request[s]." *Id.*

The Government's proportionality and scope objections are misplaced. Discovery is not objectionable simply because living witnesses do not exist and conducting "additional investigation" beyond looking at the face of a produced document is necessary.[1] The Government knew when it filed its lawsuit, and has known throughout the course of this litigation, that it would need to rely on historical documents for its claims, and the defendants would need to rely on historical documents to defend against them. Discovery conducted by all parties before the close of fact discovery involved the contents of historical documents. *See e.g.,* November 22, 2024, Gov't Third Set of Interrogatories to Dow Nos. 70-72 (asking Dow to "[d]escribe in detail the activities Dow engaged in to fulfil its contractual commitments or obligations" under its NOP subcontracts with H. K. Feguson and General Dynamics, citing to specific historic documents).

---

[1] *See* Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that it has made reasonable inquiry** and that the information it knows or can readily obtain is sufficient to enable it to admit or deny.") (emphasis added); *Kay v. Lamar Advert. of S. Dakota, Inc.*, No. CIV.07-5091-KES, 2008 WL 5221083, at *6 (D.S.D. Dec. 12, 2008) (a responding party has a "duty under Rule 36 to seek out information"); *Knowlton v. Atchison, T. & S. F. Ry. Co.*, 11 F.R.D. 62, 66 (W.D. Mo. 1951) ("Objection to the effect that some of the instant requests make call for matters not within the knowledge of defendant is wholly invalid. A party must make responses to requests for admissions under Rule 36(a) even though he has no personal knowledge thereof[.]") (internal quotation marks omitted); *Hanauer, for Use of Wogahn v. Siegel*, 29 F. Supp. 329, 329 (N.D. Ill. 1939) ("[W]here [a party] makes a request for admissions under Rule 36 . . . the [responding party] must answer even though he has no personal knowledge if the means of information are within his power. It is not sufficient that he does not know if he can obtain knowledge.").

**Jaran R. Moten**
Partner | Blanchet LLP
jaran.moten@blanchetllp.com | (312) 473-8110

The Government appears to believe that Dow's discovery rights and the Government's concomitant disclosure obligations somehow diminished when the Government failed to complete its document production in time (due to its ***willful*** discovery failures (Dkt. 689 at 21)). They did not. To accept the Government's position would only reward its misconduct.

Most critically, sustaining the Government's objections would render Court-ordered follow-up discovery illusory. The Court and the parties have always understood that Dow's right to "follow-up discovery" regarding the Government's late-produced documents entitles Dow to *more than the right to read the documents as they are produced*. That, of course, would not be follow-up discovery at all, yet that is what the Government's objections insist upon. **Dow requests that the Court overrule the Government's objections based on proportionality and scope.**

***Third***, the Government objected to allegedly "ambiguous" terms in Requests 66 through 91 quoted directly from the Government's declassified documents. Gov't Responses. For each of its ambiguity objections, the Government noted that the document from which the term was quoted "is a historical document, and the terms used therein may have differed, at the time and within the context that they were used in the cited document, from how they might be interpreted today within the context of this litigation." *Id.* However, in each instance, the Government purported to provide a qualified answer to the Request, admitting to the factual accuracy of each quoted statement from its documents, but only "as [the allegedly ambiguous] terms were used in" the document. *Id.*

As Dow has explained to the Government multiple times, its responses and objections are logically incompatible: Either it ***knows*** "how [the relevant] terms were used" in its documents and was required to provide an unqualified answer as to whether the facts and events described in its documents using those terms occurred, or it ***does not know*** "how [the] terms were used" in its documents and was required to provide answers that reflect its lack of knowledge.[2] Instead, the Government has steadfastly maintained its inconsistent responses and objections, which it has admitted amount to no more than admissions that the documents speak for themselves, and which would shield the Government from legitimate investigation to determine the factual accuracy of documented events and information at issue. *Dulansky*, 92 F. Supp. at 124 ("The rule requires absolute good faith and truthfulness in a response and any responses which seeks to evade or avoid, short of a frank statement that the party cannot truthfully respond, stating the reasons or grounds therefor, will not be countenanced."). **In light of the Government's repeated refusal to properly amend its answers, Dow requests that the Court deem Dow's Requests 66 through 91 unqualifiedly admitted.**

---

[2] *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F. Supp. 118, 124 (S.D. Iowa 1950) (holding that when a denial of a Request for Admission "is qualified by a statement that the responding party does not have knowledge or information upon which to form a belief, such a response is a nullity as the legal effect is to admit the facts contained in the request."); *Siegel*, 29 F. Supp. at 329 ("The purpose of the rule is to expedite trial, and to relieve parties of the cost of proving facts which will not be disputed on the trial and the truth of which can be ascertained by reasonable inquiry."). *See*, *also, e.g*., May 28, 2026, Dow Ltr to Gov't ("[I]f the Government is truly ignorant as to what the terms in its documents mean, then it appears the Government must state that it is unable to admit or deny the fact requested—which, of course, also requires the Government to make reasonable inquiry before responding."); June 12, 2026, Dow Ltr to Gov't ("Dow remains unclear how the Government can object that it does not know how certain terms were used in a declassified document quoted in a Request but still admit that a statement referenced in the Request is true 'as those terms were used[.]'"); June 23, 2026, Dow Ltr to Gov't ("We do not believe it is possible for you to confirm the accuracy of factual statements centered on language the Government claims not to understand.").

Respectfully submitted,

*/s/ Jaran R. Moten*

Jaran R. Moten
***Counsel for The Dow Chemical Company***