**U.S. Department of Justice**

Environment and Natural Resources Division

---

Hon. Michael D. Nelson
U.S. District Court, District of Nebraska
111 South 18th Plaza, Suite 2210
Omaha, NE 68102

Re: *United States v. General Dynamics Corp.*, No. 8:23-cv-00416
United States' Position Statement Regarding Request for Admission Dispute

Dow's request that the Court "overrule" the United States' duplicativeness, proportionality, or scope objections to specific requests is moot. The United States raised certain objections to state for the record its concerns and preserve its rights with respect to future requests that may suffer the same defects. Notwithstanding its objections, the United States answered each of Dow's requests in a good-faith effort to move toward completion of the discovery phase of this matter. The answers were not made "subject to" the objections. And in response to Dow's inquiry, the United States candidly confirmed that it "did not withhold or limit any of its Responses based on any objection, nor has the United States limited its investigation to provide responses to Dow's requests based on those objections." Ex. A (June 5, 2026, DOJ Letter to Dow). Dow demonstrated no prejudice by the objections. And overruling (or sustaining) the objections would otherwise have no legal effect. *Cf. O'Daniel v. Hartford Life Ins.*, No. 11-5088, 2013 WL 164225, at *3 (D.S.D. Jan. 15, 2013) (denying as moot motion to compel admissions where substantive responses to each request to admit were provided).

Dow tries to connect the United States' objections to Dow's requests with the Court's Order finding the United States' failure to produce declassified documents on time to be "willful." Dow Submission 2 (citing ECF No. 689). But the two are unrelated. Again, the United States did not limit its answers or investigation based on any objection. And raising a purported "dispute" to emphasize the Court's finding in an entirely separate context serves only to waste judicial and party resources.

Dow's only issue with the United States' *answers* has to do with ambiguous terminology that Dow quoted from historical documents in its requests. The quoted terms must be read in the context of the historical documents and may have different meanings in the context of today's legal scheme underlying CERCLA. The United States appropriately qualified its answers in accordance with Rule 36 and case law to account for this ambiguity.

For example, the quotation from Request No. 68 refers to "responsibility for the design, construction, installation and checkout" of certain facilities. That "responsibility" could mean performing day-to-day physical work, overseeing contractors that are performing the work, governmental program management for these program phases at various levels that differs at each level, or anything between. And the responsibility of any component of the U.S. government must be read in context of the authority of that component.

As another example, Request Nos. 66, 71, and several others refer to the United States' "control" over certain activities. Exercising "control" is relevant to whether and to what extent

an entity can be held liable as an "operator" under CERCLA, a disputed issue here. *See MRP Props. Co. v. United States*, 72 F.4th 166, 174 (6th Cir. 2023) ("[*United States v. Bestfoods*, 524 U.S. 51 (1998)] clarified that CERCLA requires control over activities specifically related to pollution . . . ." (citation modified)). The authors of the quoted historical documents could not have intended to use these terms with the legal meaning and significance they carry under a federal statute that was not even in effect at the time of recording.

Dow's contention that the United States must be "truly ignorant" of terms in "its documents" or else answered in bad faith is a false dichotomy. Dow Submission 2 & n.2. The documents are historical, and their authors are not available. Rather than refuse to answer based on ambiguous terms, the United States made a good-faith effort to respond to as much of each request as it could by qualifying its answers. *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

Dow's requests included limited quotations from historical documents, and, when possible, the United States admitted them with the qualification "as those terms were used in [the quoted document]." In many cases, the admitted portion of each answer is specific to the context or component referred to in the document, rather than something "the Government" did or was responsible for, as Dow phrased its requests. The United States denied the requests except as expressly admitted. The limited qualifications reasonably account for the known limitations of the United States' ability to admit based on the documents' context and the unknown nature of how certain terms were used in the historical documents that Dow quoted in its requests, while assuring Dow that the United States has not identified information that contradicts the admitted portion.

Dow is wrong to say the United States is trying to avoid the need to investigate by admitting the documents speak for themselves. The United States' inquiry was necessarily limited given the authors' unavailability. And the case that Dow cites, *Dulansky v. Iowa-Illinois Gas & Electric Co.*, affirms the propriety of the United States' responses. 92 F. Supp. 118, 123–24 (S.D. Iowa 1950) ("[A] denial shall fairly meet the substance of such requested admission and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.").

Finally, Dow failed to support its demand that the requests be "unqualifiedly admitted." If the Court finds the United States' ambiguity objections to be unjustified, the remedy is to "order that an answer be served." Fed. R. Civ. P. 36(a)(6). And should the Court agree with Dow that the United States' qualified answers do not comply with Rule 36, the Court "may order either that the matter is admitted or that an amended answer be served." *Id.* Deeming the requests admitted would be an unreasonably harsh sanction in this circumstance. Rather, if the Court agrees with Dow, the Court should order that the United States serve amended answers consistent with its opinion. *See Dulansky*, 92 F. Supp. at 125 ("I believe it to be in the interest of substantial justice and better practice to permit the plaintiffs additional time [so] that the responses may be made consistent with the import of this opinion.").

Dow may be unhappy with the United States' answers. But Dow's recourse is to ask better questions, not raise inconsequential complaints about objections and strained argument over ambiguous terms.

Dated: July 16, 2026

Respectfully submitted,

*s/ Brandon N. Adkins*
BRANDON N. ADKINS (D.C. Bar No. 1010947)
Senior Trial Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-9562
Email: Brandon.Adkins@usdoj.gov

*Counsel for Plaintiff the United States of America*

cc: counsel of record

# Exhibit A

**U.S. Department of Justice**

Environment and Natural Resources Division

DJ# 90-11-6-22585
JML:bna

*Environmental Defense Section*
*P.O. Box 7611*
*Washington, DC 20044*

*Telephone (202) 514-2219*
*Facsimile (202) 514-8865*

June 5, 2026

**VIA EMAIL**

Frank G. Dylewski, Esq.
Phillips Lytle LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601-1726

**Re:** ***United States v. General Dynamics Corp. & Dow Chemical Co.*, Civil Action No. 8:23-cv-00416 (D. Neb.)**

Mr. Dylewski:

We write in response to your May 28, 2026, letter regarding the United States' Responses to Defendant Dow Chemical Company's Third Set of Requests for Admission ("Responses").

The United States objected to certain definitions and instructions in Dow's requests and to each numbered request. The United States raised certain objections to state for the record that the Requests exceed the limits of permissible discovery and to preserve its rights with respect to future requests that may suffer the same defects. While the United States could have stood on its objections without answering, the United States answered each request in a good-faith effort to move toward completion of the discovery phase of this matter. The United States did not withhold or limit any of its Responses based on any objection, nor has the United States limited its investigation to provide responses to Dow's requests based on those objections. We decline your invitation to withdraw objections that you believe were improperly raised. The objections do not prejudice Dow, and withdrawing them would be inconsequential to the United States' answers.

Your letter requested explanation for the United States' objections that the Requests are duplicative of other discovery and disproportionate to the needs of the case. Dow requested the United States to admit various statements quoted from historical documents that the United States produced. The United States explained the basis for its objections in its Responses. By way of further explanation, the Requests are duplicative of the documents from which the statements are drawn and that the United States already produced. We are available to discuss

stipulating to the genuineness of the quoted historical documents for trial. *Cf. Bachman v. Bachman*, No. 19-276, 2020 WL 6784194, at *6 (D. Neb. Nov. 18, 2020) ("The court further notes that given the volume of financial documents at issue, discussions aimed at stipulating to foundation and authenticity of the financial documents would be both the common practice in this forum, and the most expedient and inexpensive course of action."). But conducting additional investigation to confirm the truth of the quotations is disproportionate to the needs of the case, especially considering the unavailability of the author of the documents or others with first-hand knowledge of the activities discussed therein. *See, e.g.*, *Van Wagenen v. Consolidated Rail Corp.*, 170 F.R.D. 86, (N.D.N.Y. 1997) (holding that requests for admission that "simply restate sentences" from an authenticated document are "unreasonably duplicative and cumulative"). Your letter offers no explanation why the requests are necessary and proportional to the needs of the case, notwithstanding our objections. And again, the United States answered each request any way.

We disagree that the United States' ambiguity objections are "internally inconsistent" or "improper." Dow's contention that the United States must be "truly ignorant" of terms "from its own documents" or else answered in "bad faith" is a false dichotomy. As we explained, the documents are historical, and their authors are not available. The terms must be read in context and may have different meanings than how they might be interpreted today. For example, the quotation from Request No. 68 refers to "responsibility for the design, construction, installation and checkout" of certain facilities. That "responsibility" could mean performing day-to-day physical work, overseeing contractors that are performing the work, governmental program management for these program phases at various levels that differs at each level, or anything in between. And the responsibility of any component of the U.S. government must be read in context of the authority of that component. The United States could have refused to answer based on ambiguous terms, as Dow has done in responding to some of the United States' requests for admission. Instead, the United States made a good-faith effort to respond by qualifying its answers. *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). Those qualifications reasonably account for the unknown nature of how certain terms were used in the historical documents that Dow quoted in its Requests.

As should be no surprise, we disagree with your characterization of the parties' discussions relating to Dow's request for a Rule 30(b)(6) deposition. We have explained our position in other correspondence. And we look forward to working cooperatively with Dow on those issues at the appropriate time.

Sincerely,

Brandon N. Adkins

cc: counsel of record