BLANCHET

Buffalo | Chicago | New York City

**Re:** ***United States v. General Dynamics & Dow*****—Dow's Interrogatory Submission**

The Government's sole argument for relief is that Dow allegedly exceeded its 75-interrogatory limit (and did so when it served its first 30 interrogatories two years ago). A critical review of Dow's interrogatories will reveal that the Government's objection is without merit. It is also unequivocally waived. The fact of the matter is that the Government simply wants to avoid follow-up discovery necessitated due to its willful discovery failures at all costs.

***The Government waived its numerosity objections***. By answering interrogatories that, by the Government's claim, exceeded the permissible limit, the Government has waived its numerosity objections to the 32 interrogatories it previously answered.[1] On the basis of waiver—standing alone—Dow propounded a total of 32 interrogatories prior to issuing the Fourth Set that is the subject of this dispute. It would be patently unfair to allow litigants to raise numerosity objections but "answer" interrogatories "subject to" their objections only to opportunistically lie in wait to capitalize on such objections when future interrogatories are served which the litigant does not want to answer.[2] Waiver is independently dispositive and requires denial.

***Dow's interrogatories did not exceed the Discovery Order's limit.*** Waiver aside, the Government's argument that Dow exceeded the allowable number of interrogatories relies on an outdated version of Local Rule 33.1, and the Government makes no argument under current Rule 33.1 despite the fact that it applies to this dispute.[3] While the Government's submission suggests that the parties' negotiated the 75-interrogatory limit in the Discovery Order in *reliance* on the old Rule 33.1, that is simply not supported by any evidence whatsoever, and the Government declined to provide support for its assertion when asked. (Ex. A, Dow Email & Gov't Response.)

---

[1] *Davis v. Ak-Sar-Ben Vill., L.L.C.*, No. 8:18CV101, 2020 WL 1332288, at *2 (D. Neb. Mar. 23, 2020) (finding waiver: "Plaintiff answered and objected to the interrogatories without seeking a protective order or otherwise refusing to respond to requests she believed to be in excess of the allowable amount. Her objection is waived."). *See also, e.g.*, *AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 457 (2007) ("Several federal courts have held that if the responding party wishes to object to the number of interrogatories as excessive, the responding party must object to the court before responding to the interrogatories; otherwise, the objection is waived.") (collecting cases); *Hub Texas, LLC v. Arch Specialty Ins. Co.*, No. 5:21-CV-180-H-BQ, 2023 WL 11857614, at *9 (N.D. Tex. Feb. 7, 2023) (responding party waived objection "by substantively responding to the interrogatory, despite asserting that its answer is 'subject to' the numerosity objection"); *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104 (W.D.N.C. 1993) (finding waiver of numerosity objection: "The responding party must object (to the Court) to the number of interrogatories before responding in order to rely on this rule.").

[2] *E.g.*, *Gilbert v. Johnson*, No. 4:22CV3248, 2026 WL 1541787, at *5 (D. Neb. June 1, 2026) (allowing propounding party opportunity to withdraw objectionable interrogatory and prevent it from counting against total interrogatory limit to ensure litigant was not denied opportunity to have interrogatories of their choosing answered).

[3] *Albers v. Tri-State Implement, Inc.*, No. CR. 06-4242-KES, 2010 WL 960010 (D.S.D. Mar. 112, 2010) ("Amended rules should be given retroactive application to the maximum extent possible and should apply unless their application would work injustice.") (internal citations and quotations omitted); *Vanicek v. Kratt*, 8:21-CV-49, 2023 WL 5403292 (D. Neb. Aug. 22, 2023) (updated local rules in effect at time of a party's filing of motion apply to such motion). No "injustice" would result from the Government being compelled to answer Dow's interrogatories. To the contrary, sustaining the Government's objection would strip Dow of its right to discovery related to the Government's late document productions and reward the Government for producing documents after the close of fact discovery.

**Jaran R. Moten**
Partner | Blanchet LLP
jaran.moten@blanchetllp.com | (312) 473-8110

Subparts of an interrogatory are counted as one "if they are logically or factually subsumed within and necessarily related to the primary question." NECivR 33.1(d)(1).[4] While Dow cannot address all supposedly compound interrogatories within the page limits of this submission, Dow submits that its interrogatories did not contain multitudes of "discrete subparts" as the Government alleges. Rather, the supposed "subparts" identified by the Government simply "clarify the scope of the statements requested." *See Duffie v. City of Lincoln*, No., 4:13CV3169, 2014 WL 3509893, at *1 (D. Neb. July 14, 2014). The handful of examples the Government provides are illustrative of the Government's creative counting. For example, Interrogatory Nos. 29 and 30, respectively, sought the identity of each entity with "authority to dispose of trichloroethylene" and "authority to direct Dow's work" at NOP, along with the bases of such authority. And Interrogatory Nos. 11-14 do not contain discrete subparts merely because they asked for details concerning ordnance plants the Government "owned or operated."[5] Comparison of Dow's interrogatories to those at issue in authority cited by the Government demonstrates how untenable the Government's counting exercise is.[6]

***Even if the Court were to conclude that Dow exceeded the 75-interrogatory limit, it should permit Dow to propound additional interrogatories under the circumstances.*** "Magistrate judges have the authority to permit leave for additional interrogatories and may alter the limits on the rules on the number of interrogatories by order." *Gilbert*, 2026 WL 1541787, at *5 (citations omitted). "The reason behind the numerical limit on interrogatories is to thwart potentially excessive use of interrogatories—not to prevent necessary discovery." *Venegas v. Amazon.com Inc.*, No. CV 3:21-03269, 2025 WL 4672480, at *5 (W.D. La. June 24, 2025). Courts determining whether to allow a party to exceed the limit look to Rule 26(b)(2)(C), including whether the discovery is unreasonably duplicative, the party seeking discovery has had ample opportunity to discover the information, and whether the burden outweighs the benefit. *Id.* (allowing party to serve additional interrogatories that were "neither duplicative nor excessive"). While Dow has not exceeded 75 allotted interrogatories, all relevant factors would weigh in favor of permitting additional interrogatories here anyway because the interrogatories at issue are crucial to address the Government's late document productions.[7] To hold otherwise would only reward the Government for its willful discovery failures by denying Dow discovery regarding the Government's late productions.

---

[4] *See also Cardenas v. Dorel Juv. Grp., Inc.*, 231 F.R.D. 616, 620 (D. Kan. 2005) (Interrogatories do not contain multiple subparts when they are "directed at eliciting details concerning a *common theme*.") (emphasis in original).

[5] *See Cardenas*, 231 F.R.D. at 620 (interrogatory seeking "information about multiple design defects [did] not turn it into multiple interrogatories").

[6] *See Duffie*, 2014 WL 3509893, at *1-3 (no discrete subparts within interrogatories seeking (separately): (1) all individuals "interviewed, deposed, or taken written, recorded, or oral statements from"; (2) "each and every physical or mental injury you claim to have suffered"; (3) information related to injuries "[e]xamined" or "treated"; (4) description of evidence supporting "claims of harassment, humiliation and ridicule.").

[7] *See Rhives v. Progressive Advanced Ins. Co.*, No 4:19-CV-0186-JAR, 2020 WL 491310, at *2 (E.D. Mo. Jan. 30, 2020) (granting leave to serve additional interrogatories that were "properly limited in scope, relevant to [the case], and a convenient means for obtaining information" while not being "overly burdensome or duplicative" nor imposing "undue expense" on the responding party). Dow also notes that the Government has provided no evidence of undue burden.

Respectfully submitted,

*/s/ Jaran R. Moten*

Jaran R. Moten
***Counsel for The Dow Chemical Company***

# Exhibit A

**Frank G. Dylewski**

| | |
|---|---|
| **From:** | Adkins, Brandon (ENRD) <Brandon.Adkins@usdoj.gov> |
| **Sent:** | Wednesday, July 15, 2026 1:37 PM |
| **To:** | Frank G. Dylewski |
| **Cc:** | Moore, Vanessa (ENRD); Franzen, Johanna (ENRD); Moor, Zachary (ENRD); Elmer, Mark (ENRD); Smythe, Laura (ENRD); Dabaghi, Andrene (ENRD); Bowen, Mae (ENRD); Mitchell, Christopher (ENRD); Warren, Jessica (ENRD); Moss, Karen (ENRD); D'Alessio, Stephen (ENRD); Jaran R. Moten; John R. Worth; Joel A. Blanchet; mmoran@mcgrathnorth.com; mmunro@mcgrathnorth.com; sdavidson_bairdholm.com; Lindsay Lundholm; Thomson, Wade A.; Siros, Steven M.; Mitran Brennan, Anna J.; Futernick, Sarah L.; Sebor, Stephanie B. |
| **Subject:** | RE: Time Sensitive -- US v. GD & Dow -- US's July 13, 2026 Submission to Court |

Frank,

We disagree with your characterization. Our statement speaks for itself.

Brandon

**Brandon N. Adkins**
Environment & Natural Resources Division
U.S. Department of Justice
Email: Brandon.Adkins@usdoj.gov
Phone: (202) 598-9562

---

**From:** Frank G. Dylewski <frank.dylewski@blanchetllp.com>
**Sent:** Tuesday, July 14, 2026 2:52 PM
**To:** Adkins, Brandon (ENRD) <Brandon.Adkins@usdoj.gov>
**Cc:** Franzen, Johanna (ENRD) <Johanna.Franzen@usdoj.gov>; Moor, Zachary (ENRD) <Zachary.Moor@usdoj.gov>; Elmer, Mark (ENRD) <Mark.Elmer@usdoj.gov>; Smythe, Laura (ENRD) <Laura.Smythe@usdoj.gov>; Dabaghi, Andrene (ENRD) <Andrene.Dabaghi@usdoj.gov>; Bowen, Mae (ENRD) <Mae.Bowen@usdoj.gov>; Mitchell, Christopher (ENRD) <Christopher.Mitchell@usdoj.gov>; Warren, Jessica (ENRD) <Jessica.Warren@usdoj.gov>; Moss, Karen (ENRD) <Karen.Moss@usdoj.gov>; D'Alessio, Stephen (ENRD) <Stephen.D'Alessio@usdoj.gov>; Jaran R. Moten <jaran.moten@blanchetllp.com>; John R. Worth <john.worth@blanchetllp.com>; Joel A. Blanchet <joel.blanchet@blanchetllp.com>; mmoran@mcgrathnorth.com; mmunro@mcgrathnorth.com; sdavidson_bairdholm.com <sdavidson@bairdholm.com>; Lindsay Lundholm <llundholm@bairdholm.com>; Thomson, Wade A. <WThomson@jenner.com>; Siros, Steven M. <SSiros@jenner.com>; Mitran Brennan, Anna J. <amitranbrennan@jenner.com>; Futernick, Sarah L. <sfuternick@jenner.com>; Sebor, Stephanie B. <ssebor@jenner.com>
**Subject:** [EXTERNAL] Time Sensitive -- US v. GD & Dow -- US's July 13, 2026 Submission to Court

Dear Brandon:

The Government's submission yesterday stated in part: "the parties stipulated to the interrogatory limit in the backdrop of rules in effect at that time." Your suggestion to the Court was, obviously, that the parties negotiated the 75-interrogatory limit *specifically as a result* of, and *relying upon*, the now-amended local rule that was previously in effect. If the Government is aware of any correspondence or other documentation supporting your representation to the Court as to the import of the former local rule

to the parties' agreement to a 75-interrogatory limit, please identify it with specificity no later than 2pm ET on Wednesday, July 15, 2026.

Dow reserves all rights to address this issue further in the regular course.

Best,
Frank

**FRANK G. DYLEWSKI**
PARTNER
(312) 473-8116 | frank.dylewski@blanchetllp.com | blanchetllp.com
Blanchet LLP | Buffalo | Chicago | New York City
This message may be privileged and confidential. If received in error, delete it and notify the sender.

**ATTENTION:** External email.