**U.S. Department of Justice**

Environment and Natural Resources Division

---

**ENRD**
*P.O. Box 7611*
*Washington, DC  20044*

*Telephone (202) 598-3319*
*Johanna.Franzen@usdoj.gov*

August 14, 2026

Wade Thomson
Steve Siros
Jenner & Block
wthomson@jenner.com
ssiros@jenner.com

Jaran Moten
Joel Blanchet
Blanchet LLP
jaran.moten@blanchetllp.com
joel.blanchet@blanchetllp.com

Re: United States v. General Dynamics and Dow - DTIC Productions

Dear Counsel,

We write to notify you about a potential document discovery issue that we recently uncovered concerning the document repository maintained by the Defense Technical Information Center (DTIC). Contemporaneous with this letter, we are notifying the Court about this issue. We would like to confer with you to discuss this issue, after which we plan to provide a further update to the Court.

DTIC maintains public and non-public database indexes of the documents in its repository, some, but not all, of which have been digitized. To state the bottom line upfront, we understand that while the United States ran search terms in both the public and non-public facing DTIC database indices, the United States did not collect, review, or produce any documents from DTIC, except for two documents specifically requested by General Dynamics. *See* Letter from W. Thomson to F. Phillips dated Sept. 26, 2024 at 4-5; Letter from F. Phillips to W. Thomson dated Oct. 21, 2024 at 4; MA0019794 and MA0020291. Other DTIC documents were produced in this case via indirect collections and productions from other government repositories, including documents in the United States' July 10, 2026, supplemental production. Moreover, we believe that General Dynamics searched portions of DTIC and collected certain documents. *See, e.g.,* Letter from W. Thomson to F. Phillips dated Sept. 26, 2024, at 4-5; GDC_0085641.

We recently became aware of this potential issue as we prepared to respond to Dow's most recent Requests for Production (RFP) and General Dynamics' August 7, 2026, email request. Many of the documents in the United States' July 10, 2026, supplemental production from

FUDS-DOCS appear to have been held at some point by DTIC. And Dow's 4th Set of RFPs and GD's August 7, 2026, email regarding Rocketdyne Quarterly Program Progress reports identify documents by reference to some of these DTIC documents.

We have now confirmed that the United States searched the public and non-public DTIC database indices. However, to our current understanding, searching was not done within the classified environment.[1] And the United States did not produce documents from the DTIC repository except for the two specific documents referenced above.

Since we discovered this potential issue, we have been reviewing correspondence among the parties to understand what was agreed to as to the DTIC repository. There are several letters among the parties from the summer and fall of 2024 concerning DTIC on which our review has focused.

Two letters initially discussed producing documents based on searches and review of DTIC database indices. In an August 9, 2024, letter, counsel for the United States stated: "The public section of [the DTIC] database is equally accessible to GD. Nevertheless, we will run the search terms listed in Sections III.A, III.B, and III.C of your June 18 letter through the public and non-public sections of this database, and we will produce any responsive documents, subject to any necessary declassification." Letter from F. Phillips to W. Thomson dated Aug. 9, 2024, at 3.

In a September 5, 2024, letter to counsel for General Dynamics, counsel for the United States stated: "We have run all of your requested search terms through each of these indexes (public side of DTIC index only) to identify responsive documents, and the documents we obtain from those locations have been, are being, and will be produced." Letter from F. Phillips to W. Thomson dated Sept. 5, 2024, at 1.

Subsequent correspondence about DTIC documents focused on running General Dynamics' proposed search terms but is ambiguous about reviewing or producing documents from DTIC. In a September 26, 2024, letter, counsel for General Dynamics reiterated "its demand that the Government request and review currently classified documents at . . . the non-public side of the Defense Technical Information Center (DTIC)" and asked the United States to "also run GD's terms through the non-public side of DTIC, where it understands classified documents, among other materials, are housed," and to produce two documents that we believe General Dynamics identified as part of its own searches of the non-public side of DTIC. Letter from W. Thomson to F. Phillips dated Sept. 26, 2024 at 3-5.

General Dynamics' September 26 letter also asked the United States to complete a table that included a column asking "Has (or will) the Govt. Review Docs (Y/N)" for various locations, including DTIC. *Id.* at App'x A. In an October 21, 2024, letter, counsel for the United States stated: "the United States has run all of GD's requested search terms through the restricted (i.e., non-public) side of the DTIC database" and that the United States would produce the two

---

[1] More specifically, DTIC's collections include three types of data: (1) unclassified and marked for public release; (2) unclassified and marked as controlled for distribution to varying groups within the federal government and its contractors; and (3) classified with access to only those with the appropriate clearance and a need to know. However, a portion of the classified documents have an unclassified title and abstract that is available and searchable on the unclassified/controlled distribution site.

documents we believe General Dynamics identified in its own searches. Letter from F. Phillips to W. Thomson dated Oct. 21, 2024, at 4. In the column of General Dynamics' table asking whether the Government "has (or will)" review documents for DTIC, the United States stated: "GD's search terms have been run over non-public database at DTIC." *Id.* at App'x A Sec. II, Line 021.

We understand counsel for the parties conferred on several issues after the October 21, 2024, letter, but we have found no confirmation that the parties discussed reviewing or producing documents from the DTIC repository. On November 14, 2024, the United States produced the two documents General Dynamics requested from DTIC. *See* Letter from F. Phillips dated Nov. 14, 2024. To our current knowledge, Defendants did not follow up thereafter related to the status of any collection or production from the DTIC repository.

Accordingly, it is possible that during this time frame the parties may have reached an understanding or the United States may have indicated that it would not collect from the DTIC repository. But we have been unable to locate a written record of any such understanding or disclosure.

If Defendants were unaware and did not agree that the United States would not collect, review, and produce documents from the DTIC repository (other than the two specifically identified by GD), please take this letter as disclosure, that, to our current understanding, the United States did not collect or produce documents from the DTIC repository, except for the two documents General Dynamics requested, as counsel for the United States represented it would in the August 9, and September 5, 2024, correspondence described above.

We are, concurrently with this letter, informing the Court of our current understanding of this matter. However, we ask that you review your records and let us know whether you are aware of any additional conferrals or correspondence among the parties regarding agreement or disclosure of the scope of the United States' searches of the DTIC database indices and the review and production of documents from the DTIC repository. We ask that you do this at the earliest opportunity, so that we can, as needed, evaluate any additional steps to be taken, provide a more fulsome update to the Court, and discuss the briefing schedule for Dow's Second Motion to Dismiss.

Finally, if, after hearing from you, we conclude that we have failed to meet our discovery obligation as to the DTIC repository, we intend to address that failure by collecting and producing responsive documents. We would begin that process by conferring with you about the scope of that collection and production.

We reserve all rights, including the right to update the information herein if we receive new or additional information.

/s/ *Johanna M. Franzen*
Johanna M. Franzen
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611

Washington, D.C. 20044
Telephone: (202) 598-3319
Johanna.Franzen@usdoj.gov


cc:    Rachel C. Foster (RFoster@jenner.com)
       Sarah L. Futernick (SFuternick@jenner.com)
       Anna Mitran Brennan (AMitranBrennan@jenner.com)
       Stephanie B. Sebor (SSebor@jenner.com)
       Hope H. Tone-O'Keefe (HToneOKeefe@jenner.com)
       Steven Davidson (Sdavidson@bairdholm.com)
       Lindsay Lundholm (Llundholm@bairdholm.com)

       Frank Dylewski (Frank.Dylewski@blanchetllp.com)
       Bridget Ruschak (Bridget.Ruschak@blanchetllp.com)
       John Worth (John.Worth@blanchetllp.com)

       Michael L. Moran (Mmoran@mcgrathnorth.com)
       Matthew Munro (MMunro@mcgrathnorth.com)

       Mae Bowen (Mae.Bowen@usdoj.gov)
       Mark Elmer (Mark.Elmer@usdoj.gov)
       David Gordon (David.L.Gordon@usdoj.gov)
       Brandon Adkins (Brandon.Adkins@usdoj.gov)
       Zachary Moor (Zachary.Moor@usdoj.gov)
       Vanessa Moore (Vanessa.Moore@usdoj.gov)
       Christopher Mitchell (Christopher.Mitchell@usdoj.gov)
       Matthew Carey (Matthew.Carey@usdoj.gov)
       Andrene Dabaghi (Andrene.Dabaghi@usdoj.gov)
       Laura Smythe (Laura.Smythe@usdoj.gov)

       Ann Wright (Ann.L.Wright@usace.army.mil)
       Jared Bustamante (Jared.D.Bustamante@usace.army.mil)

       Jared Pessetto (Pessetto.Jared@epa.gov)
       Catherine Chiccine (Chiccine.Catherine@epa.gov)

- 4 -