**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

UNITED STATES OF AMERICA,

Plaintiff and Counter-Defendant,

v.

GENERAL DYNAMICS CORPORATION AND DOW CHEMICAL COMPANY,

Defendants and Counterclaimants.

Civil Action No. 8:23-cv-00416

**UNITED STATES' STATUS REPORT**

Plaintiff, the United States of America, provides this status report, as required by the Court's minute entry (ECF No. 784). In 2024 the United States did not collect, review, or produce any documents from the Defense Technical Information Center (DTIC), except for the two documents specifically requested by General Dynamics, despite having sent correspondence to Defendants stating that it would run search terms through DTIC's public and non-public indexes and produce responsive documents. The United States provides the following update on its efforts.

DTIC Documents

DOJ counsel requested Department of War to assist in the search and collection of DTIC records, and it is doing so as described in the attached declaration. *See* Declaration of Michael D. Rowe (Rowe Decl.), attached hereto.

In 2024, at General Dynamics' request, the United States ran keyword searches over DTIC's electronic collections.[1] Many of the proposed keywords were overbroad and others

[1] As described in ECF No. 766 at 1, the United States did not search within the universe of classified documents that have a classified title or abstract.

would lead to overlapping results. In August 2026, the United States identified a smaller set of 80 keywords from the 2024 list that it believes are most likely to identify unique, responsive documents. The United States invited Defendants to confer on a tailored set of search terms.

At Magistrate Judge Nelson's request, the United States has attempted to estimate when it can begin and complete production from DTIC. The United States cannot reasonably estimate when production will be complete because so many variables are indeterminate now. That said, we are providing the following general timelines and the primary issues impacting timing in an effort to provide as much information as possible for the Court's consideration. The United States also asks the Court to consider whether a change to the Motion to Compel deadline (currently set for September 3, 2026) in the Amended Trial Setting Order (ECF No. 698 at ¶ 5) would be appropriate given that the United States expects to be making productions from DTIC as described below.

Counsel for the Department of War details that using the narrowed list of search terms provided by DOJ counsel, DTIC has identified two sets of documents[2] that it estimates that could be produced to Defendants within approximately seven weeks:

1. 1,146 digitized and public documents that can be delivered to Defendants in about two to three weeks; and
2. 1,685 digitized documents containing controlled unclassified information (CUI), which the Department of War estimates can likely be produced to DOJ in a second round that would take a few additional weeks following the production of

[2] Department of War Counsel reports that all document counts referenced herein are approximate and estimates that the number of documents would likely increase by no more than 10%. Rowe Decl. ¶ 9.

the public digitized documents, if the bulk of the material can be released with limited further review (provided they are produced subject to the protective order). Rowe Decl. ¶¶ 9, 11(b), 17–18.

Counsel for the Department of War has identified two further sets of documents, for which the production date is uncertain but should be resolved relatively quickly:

3. 27 public documents, not yet digitized, that would be scanned and delivered to DOJ as soon as a contractor can be hired to scan them; and
4. 236 CUI documents that have not yet been digitized. This category must be both scanned and analyzed to determine whether it can be released with limited further review (provided the documents are produced subject to the protective order). Rowe Decl. ¶¶ 9, 11(a), 11(b), 18.

The United States proposes for the Court's consideration that it make pass-through productions of documents in the four document categories above. These documents comprise those that hit upon a narrowed set of search terms, and therefore productions of collected documents would not be delayed by a responsiveness review beyond the initial keyword search.

Using the same keywords, DTIC has also identified 376 classified, digitized documents and 118 classified, non-digitized documents. Rowe Decl. ¶ 9. As the Court is aware, obstacles exist to declassifying documents quickly. *See id.* ¶¶ 12–13 (citing MacLeod Decl. (ECF No. 484-2)). At this time, the Department of War is seeking to have cleared personnel review the identified classified documents, in an effort to narrow the number of documents to potentially declassify. *Id.* ¶ 14. Department of War believes it is likely to be in a position to better predict a completion date within approximately 30 days. *Id.* ¶ 20.

The Court also asked that the United States provide an update of discussions with Defendants on these matters. ECF No. 787 (Aug. 27, 2026 Tr.) at 47:12-14. The set of 80 search terms was provided to counsel for both Dow and General Dynamics on August 21, 2026, with a note that we remained open to conferring with Defendants about search terms. In an August 31, 2026, letter, counsel for Dow requested that the United States estimate the time it would take to use the longer list of search terms from 2024, employ additional means to identify responsive documents that are not electronically full-text searchable, identify and produce hard copy documents, and review and declassify classified documents.[3] The United States remains focused on using keywords to search electronic databases. Counsel for the United States today reached out to counsel for General Dynamics to clarify whether General Dynamics believes additional conferral could be productive.

[3] The August 31, 2026, letter from Dow Counsel states:

> Accordingly, the Government should incorporate the following assumptions into any projections provided in its forthcoming Status Report:
> (1) it will be required to use all of the search terms it agreed to use in 2024 to identify potentially responsive documents that are electronically full-text searchable;
> (2) it must employ additional means to identify responsive documents that are not electronically full-text searchable beyond relying on search terms (that is, the Government may not assume that a document that is not electronically full-text searchable is non-responsive solely because electronic search terms did not capture that document);
> (3) it must identify and produce responsive documents that are in hard copy with limited or no electronic search means; and
> (4) it must review and declassify responsive classified documents.
> To the extent the Government refuses to incorporate these assumptions into the projections and other information it provides in its forthcoming Status Report, Dow asks that the Government include in its Status Report that Dow demanded projections and information incorporating these assumptions but the Government refused to include them.

The United States will continue to undertake these efforts to collect and produce documents from DTIC and update the Court.

Investigation of Other Keyword Searches

On August 27, the United States notified the Court and counsel that it was investigating the use of keyword searches at other historical databases. ECF No. 787 at 10:23–11:3. As of September 1, 2026, counsel for the United States have been unable to confirm that the United States used keyword searches to identify responsive documents within the National Archives and Records Administration's (NARA's) public, digitized collection. As noted in the United States' September 1, 2026, letter to Defendants regarding NARA searches, the United States advised Defendants that NARA's public, digitized files were accessible to Defendants. Letter from J. Franzen to W. Thomson dated Sept. 1, 2026, attached hereto, at 1. The United States' September 1 letter further noted that Defendants' expert historian's staff performed targeted independent historical research to fill any gaps, including searching at NARA. *Id.* However, in a September 5, 2024, letter to General Dynamics counsel for the United States stated:

> NARA, DTIC, Library of Congress, and the Eisenhower Presidential Library have digitized indexes and have digitized portions of their collections, but mostly retain hard copy documents. We have run all of your requested search terms through each of these indexes (public side of DTIC index only) to identify responsive documents, and the documents we obtain from those locations have been, are being, and will be produced.

Letter from F. Phillips to W. Thomson dated Sept. 5, 2024, (ECF No. 781-11) at 1.

While the United States searched both unclassified and classified documents from NARA's collection and produced responsive documents, including declassified documents, the United States' current understanding is that the United States did not identify responsive documents from NARA's public, digitized collection using Defendants' requested search terms.

Instead, an expert consultant working for the United States searched using finding aids and discussions with NARA archivists to identify key record groups, entries, and ultimately boxes at NARA, and then reviewed those boxes to identify responsive documents. Brigham Dep. Tr. Vol. I (ECF No. 508-17) at 46:2-47:10. Furthermore, as detailed in prior status reports, reviewers with the appropriate security clearance reviewed classified records at NARA originating with the Office of the Secretary of the Air Force, and the responsive documents were reviewed for declassification and produced. *See* ECF No. 353 at 5.

Because there were searches and productions from NARA, and NARA's public, digitized records were also available to Defendants, the United States has further notified Defendants that it does not plan to conduct any further review or production from NARA at this time.

Dated: September 1, 2026

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*s/* Katherine L. Matthews______
KATHERINE L. MATTHEWS (CO Bar #53372)
United States Department of Justice
Environment & Natural Resources Division
999 18th St.
Suite 600, North Terrace
Denver, CO 80202
(303) 514-4192
Katherine.Matthews@usdoj.gov
*Counsel for Plaintiff the United States of America*

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I electronically filed the foregoing United States' Status Report and its attachments with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Katherine L. Matthews*____
KATHERINE L. MATTHEWS (CO Bar #53372)
United States Department of Justice
Environment & Natural Resources Division
999 18th St.
Suite 600, North Terrace
Denver, CO 80202
(303) 514-4192
Katherine.Matthews@usdoj.gov
*Counsel for Plaintiff the United States of America*